**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

| | |
|---|---|
| *In re:* | Chapter 11 |
| | |
| IVANKOVICH FAMILY LLC, | Case No.: 24-15755-LMI |
| A & O FAMILY LLC, | (Jointly Administered) |
| A & O FAMILY LLC (Illinois), | 24-15762-LMI |
| ATLAS P2 MANAGING MEMBER, LLC, | 24-15767-LMI |
| | 24-15770-LMI |
| _____ Debtors. _____ / | |

**DEBTORS' APPLICATION FOR AN ORDER (I) AUTHORIZING THE RETENTION
AND EMPLOYMENT OF COHNREZNICK LLP AS FINANCIAL ADVISOR TO THE
TO THE DEBTORS AND DEBTORS-IN-POSSESSION EFFECTIVE AS OF THE
PETITION DATE AND (II) GRANTING RELATED RELIEF**

Ivankovich Family LLC, A & O Family LLC, A & O Family LLC (Illinois), Atlas P2

Managing Member, LLC, the debtors and debtors in possession (collectively, the "**Debtors**") in

the above-captioned cases (the "**Chapter 11 Cases**"), by and through their undersigned general

bankruptcy counsel, Eyal Berger, Esq., Amanda Klopp, Esq., and the Law Firm of Akerman LLP,

submit this application (the "**Application**") seeking approval and authorizing the Debtors to retain

and employ CohnReznick LLP ("**CohnReznick**") as its financial advisor ("**Financial Advisor**")

in these jointly administered Chapter 11 Cases. The Application is made and based upon the

authorities herein, and in support of this Application, the Debtors rely upon the *Declaration of

Stuart Neiberg of CohnReznick*, a true and correct copy of which is attached hereto as **Exhibit A**

(the "**Neiberg Declaration**") [1] and in accordance with the terms and conditions set forth in that

---

[1] Capitalized terms used but not defined in this Application have the meaning given to them in the Engagement Letter, as applicable.

certain engagement letter dated July 29, 2024 (the "**Engagement Letter**"),[2] copy of which is attached hereto as **Exhibit B**, and granting related relief.  In further support of this Application, the Debtors respectfully represent as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this case and to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper for this proceeding and the Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    The statutory bases for the relief requested by the Application are sections 327, 328, 330 of title 11 of the United States Code, 11 U.S.C. §§101 *et seq*. (as amended, the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "**Bankruptcy Rules**"), and Rule 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (Miami) (the "**Local Rules**") effective as of the Petition Date (as defined below).

3.    The Debtors consent to the entry of a final order by this Court in connection with this Application to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection with this Application consistent with Article III of the United States Constitution.

## II.    BACKGROUND

4.    On June 10, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

---

[2]    Any references to, or summaries of, the Engagement Letter in this Application are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and the summaries provided herein.

5.    The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108 of the Bankruptcy Code.

6.    No request has been made for the appointment of a trustee or examiner, and no statutory creditors' committee has been appointed in these Chapter 11 Cases.

7.    On June 20, 2024, this Court entered an order granting the joint administration of these Chapter 11 Bankruptcy Cases for procedural purposes only under the above styled captioned lead case. *See* ECF No. 15.

## III.    RELIEF REQUESTED

8.    Pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and 6003, Bankruptcy Local Rules 2014-1, 2016-1 and 9013-1, the Debtors respectfully request entry of an Order (i) approving and authorizing the employment and retention of CohnReznick to serve as Financial Advisor for the Debtors effective as of June 10, 2024, and granting related relief.

## IV.    COHNREZNICK'S QUALIFICATIONS

9.    The Debtors seek to retain CohnReznick as their Financial Advisor because of its knowledge of the Debtors and extensive experience in providing financial and operational guidance to fiduciaries of and companies in distressed situations and in restructuring scenarios. CohnReznick offers a full complement of services, including, audit, tax, financial advisory, restructuring workouts, transactions, bankruptcy, expert testimony, fraud and forensic analysis, eDiscovery and computer forensics, special forensic audits, restructuring of accounting records, working with and providing financial guidance, both in and out of court and transactional advisory services to organizations across a multitude of industries.

77588361;1

10.    Further, CohnReznick forensic accounting professionals possess extensive understanding of business information and financial reporting systems, accounting and auditing standards and procedures, evidence gathering and investigative techniques, and litigation processes and procedures. CohnReznick' professionals experience in forensic accounting, financial analysis, and expert testimony are proven assets we have and continue to provide, both in and out of court.  Time and time again, our analysis, reports and/or testimony have resulted in favorable outcomes, both in and out of court.

11.    CohnReznick's forensic accountants apply sophisticated data analysis to help determine what happened, uncover financial deception and potential breach of contract, root out white collar crime, trace missing funds, and assess damages. CohnReznick's professionals provide confidence and comfort that the entirety of an issue is understood and deliver insight to prevent future situations.

12.    It should be noted that CohnReznick also has deep experience in disaster recovery services, which require CohnReznick to maintain and analyze vast amounts of data. To date, CohnReznick has administered, managed, monitored and overseen the distribution of over fifty billion of FEMA and other disaster recovery funds which were allocated to thousands of stakeholders. Further, CohnReznick regularly serve as an arbitrator in financial disputes and have been engaged in hundreds of bankruptcy matters wherein we have reconciled millions of claims amounting to billions of dollars.

13.    CohnReznick's forensic accountants have literally "seen it all," and are skilled in revealing what others have either intentionally or unintentionally hidden. CohnReznick's vast experience should give the Debtors' confidence that our forensic accounting services will be

thorough and will provide the insight necessary to achieve the objectives necessary should these services be required for the Debtors and counsel's administration of these Chapter 11 Cases.

14.     CohnReznick is headquartered in New York with additional offices throughout United States and is one of the largest financial advisory firms in the United States, with approximately 4,000 employees with a presence of 27 different cities.  In particular, CohnReznick has extensive experience in providing financial advisory services in comparable Chapter 7 and 11 cases across the nation. CohnReznick's professionals have provided financial advisory and accounting services to many fiduciaries, debtors, creditors, other constituents and government agencies in various capacities, in Chapter 7 and 11 cases, including the following: *Shamrock Finance LLC, KSC Corporation of Miami, Miami International Medical Center d/b/a The Miami Medical Center, AeroFarms, Inc., et. al., IPS Worldwide, LLC, Winc, Inc., et als., New England Motor Freight, Inc., et. al., SaveSolar Corporation, Inc., et. al., Preferred Care Inc, Agfeed USA, Inc., Allen Family Foods, Inc., Belle Foods LLC, Cagles Inc., Zacky Farms, Inc., Deb El Food Products, Nebraska Meat Corp., WorldCom, Inc., TOUSA, Inc., Fleming Companies, Inc., F&O Scarsdale LLC, et. al., RMP Harbor Services, Inc., Fargo Trucking Company, Inc., XPO Logistics; Interstate Waste Services, Geodis Wilson USA, Inc.; Doing It Right Technology, LLC; PrePrint Logistics Management; Commodity Trucking Acquisition LLC; Pacifica Trucks, LLC, Arabella Petroleum Company, LLC, Townsends, Inc., Allied Industries, Inc., Henry Mayo Newhall Memorial Hospital, Rubie's Costume Company, Inc., et al., Shapes/Arch Holdings, Inc., Shorebank Corporation, Infinia at Willmar, Inc., and Isaac Hazan & Co. Inc.*

15.     The Debtors believe that CohnReznick possesses the requisite resources and is highly qualified and uniquely able to assist the Debtors in these Chapter 11 Cases, and respectfully

submit that CohnReznick's retention is in the best interests of the Debtors, their estates and other parties in interest.

A. **SERVICES TO BE PROVIDED**

16.    The Debtors anticipate that CohnReznick will, in connection with these Chapter 11 Cases, subject to orders of this Court, and consistent with the Engagement Letter, render professional services to the Debtors, including, but not limited to include the following:

   a)  Assist the Debtors in preparing Monthly Operating Reports as required by the U.S. Trustee for the Southern District of Florida (Miami Division);

   b)  Assist the Debtors with information and analysis required pursuant to its cash collateral and debtor in possession ("DIP") financing arrangements;

   c)  Assist the Debtors in the preparation of financial statements and other reports as may be required by the Court or under the U.S. Trustee Guidelines;

   d)  Support the Debtors with the winddown of the bankruptcy estates, including any sale(s) or liquidation of assets;

   e)  Assist the Debtors in daily administrative financial advisory services; and

   f)  Render such other general services consulting or other such assistance as the Debtors and its counsel may deem necessary.

17.    Subject to this Court's approval of the relief requested in this Application, CohnReznick will provide the services to the Debtors.

18.    The services are necessary to enable the Debtors to maximize the value of their estates.  Should additional services be requested, the Debtors and CohnReznick will separately agree to the terms of the engagement by means of an addendum to the Engagement Letter or a separate engagement letter (collectively, "Expanded Retention Documents").  The Debtors will

file such Expanded Retention Documents with the Court (and serve the same upon the applicable notice parties) for its approval.

19.    The Debtors believe that the services to be rendered by CohnReznick are necessary and essential to the performance of the Debtors' duties and obligations and will not duplicate the services to be rendered by any other professionals in these Chapter 11 Cases.

20.    CohnReznick intends to work closely with the Debtors' representatives and the other professionals retained by the Debtors to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.  The Debtors intend to monitor and direct the services to be provided to maximize efficiencies and promote economy of efforts for the benefit of the estates.

21.    The Debtors submit that CohnReznick neither represents nor holds any interest adverse to the estates in the matter in which they are to be engaged.

B.    **TERMS OF RETENTION**

22.    The Debtors believe that CohnReznick should be employed and compensated at the rates reflected below and in the Neiberg Declaration filed contemporaneously herewith.  All charges for fees and expenses are subject to review by the Court, in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  Compensation will be payable to CohnReznick on an hourly basis, plus reimbursement of actual and necessary expenses incurred by CohnReznick.

23.     CohnReznick's normal hourly billing rates for financial advisory services of the nature to be rendered to the Debtors are as follows:

| Professional | Hourly Rate |
|---|---|
| Partners/Principals | $875 - $1,700 |
| Managing Directors/Directors | $650 - $1,650 |
| Senior Managers/Managers | $545 - $950 |
| Seniors/Associate Staff | $385 - $700 |
| Paraprofessionals | $245 - $375 |

24.     CohnReznick's hourly rates vary with the experience and seniority of the individuals assigned.  The hourly rates of CohnReznick are subject to periodic adjustments to reflect economic and other conditions and are revised in the normal course of business on February 1 of each year.  In addition, as a further accommodation, CohnReznick has agreed to a cap of $725 per hour for Partners/Principals, $715 for Managing Directors, $700 for Directors, $690 for Sr. Managers, $675 for Managers, and $550 for Seniors of the normal hourly billing rates referenced herein.

25.     The Debtors respectfully submit that such rates are reasonable in light of the quality and specialized nature of the services being provided and are consistent with the market.  The Debtors believe these rates, and the terms and conditions of CohnReznick's employment are reasonable.

26.     Prior to implementing any increases in CohnReznick's rates from those described in this Application, the Engagement Letter and Neiberg Declaration, CohnReznick shall file a supplemental declaration with the Court and provide ten (10) business days' notice which supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds

including, but not limited to, the reasonableness standard provided for in Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

27.    In addition, CohnReznick will also seek reimbursement for actual and necessary out-of-pocket expenses incurred in connection with its engagement with the Debtors in these Chapter 11 Cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging.  Consistent with local practice, nonworking travel time will be charged at half rates. Expenses for actual costs incurred will be charged in accordance with the applicable Bankruptcy Rules, Local Rules, the U.S. Trustee Guidelines and this Court's orders.

28.    The Debtors believe CohnReznick's fee and expense structure is consistent with and typical of compensation arrangements entered into by CohnReznick and other comparable firms in connection with the rendering of similar services under similar circumstances. The Debtors believe the fee structure requested by CohnReznick as compensation for the services is ordinary, fair and reasonable.

29.    CohnReznick will maintain detailed, contemporaneous time records in tenths of an hour (in 1/10th of an hour increments) and apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the U.S. Trustee and any additional procedures that may be established by the Court in these Chapter 11 Cases.

30.    CohnReznick has not received a retainer in these cases.  Additionally, no prepetition services were performed by CohnReznick as Financial Advisor.

31.     As set forth in the Neiberg Declaration, CohnReznick has not shared, nor agreed to share (i) any compensation it has received or may receive with any other party or person, other than with the Members of their respective firms, or (ii) any compensation another person or party has received or may receive.

32.     CohnReznick has provided financial advisory services to other committees, debtors and trustees in cases before the United States Bankruptcy Court for the Southern District of Florida.  Such prior representation in no way affects the proposed representation as provided for herein.

## V.     DISINTERESTEDNESS OF PROFESSIONALS

33.     CohnReznick has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest, the list of which was provided by the Debtors and/or its representatives.  To the best of the Debtors' knowledge, information and belief, and except as disclosed in the Neiberg Declaration, CohnReznick is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b) and as required by Bankruptcy Code section 327(a), and does not hold or represent an interest materially adverse to the Debtors' estates.

34.     CohnReznick is a "disinterested person" a person, that
   a) is not a creditor, an equity security holder, or an insider;

   b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

   c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

*See* 11 U.S.C. § 101(14).

35.     As set forth further in the Neiberg Declaration, CohnReznick believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest.  To the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise during the period of CohnReznick's retention, CohnReznick will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

36.     The Debtors are aware that, because CohnReznick is a large accounting and consulting firm with diverse clients, CohnReznick may represent, may have represented, or may have connections to certain creditors of the Debtors' estate or other parties-in-interest in matters unrelated to the Debtors or these Chapter 11 Cases.  Any such representations and connections are disclosed in the Neiberg Declaration in an abundance of caution.

## VI.    BASIS FOR RELIEF

37.     The Debtors seek to retain CohnReznick to serve as financial advisor for the Debtors pursuant to Bankruptcy Code section 327, which provides that a Debtor, subject to court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11  U.S.C. § 327(a).

38.     The Debtors submit that, pursuant to Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1, CohnReznick should be employed as the Debtors' Financial Advisor in these Chapter 11 Cases.

39.     Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name
> of the [firm] to be employed, the reasons for the selection, the
> professional services to be rendered, any proposed arrangement for
> compensation, and, to the best of the applicant's knowledge, all of
> the [firm's] connections with the debtor, creditors, any other party
> in interest, their respective attorneys and accountants, the United
> States trustee, or any person employed in the office of the United
> States trustee.

Fed. R. Bankr. P. 2014(a).

40.     The Debtors submit that, for all the reasons stated above and in the Neiberg

Declaration, the retention of CohnReznick as Financial Advisor is warranted.  Not granting the

relief requested herein would deprive the Debtors of the assistance of a highly qualified provider

of financial advisory services, to the detriment of the Debtors, their creditors and all other parties

in interest.

41.     The terms of this engagement were negotiated by the Debtors and CohnReznick at

arm's-length and in good-faith.  The Debtors and CohnReznick respectfully submit that the terms

of CohnReznick's retention are customary and reasonable for professionals' engagements, both

out-of-court and in comparable chapter 11 cases, and in the best interests of the Debtors' estate,

creditors and all parties-in-interest.

42.     Accordingly, for all of the foregoing reasons, the Debtors believe that the terms and

conditions of the Engagement Letter is fair, reasonable and market-based under the standards set

forth in the Bankruptcy Code.  Further, the Debtors respectfully submit that the services provided

by CohnReznick are critical, and request that the Court approve the Engagement Letter and the

employment of CohnReznick.

43.     Additionally, the Debtors seek approval of the employment of CohnReznick

effective as of the petition date, under the terms set forth in the Engagement Letter, including,

without limitation, the fees, expenses and other provisions contained therein (as may be modified in the order).

**NO PRIOR REQUEST**

44. No prior application for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order: (i) authorizing the Debtors' retention and employment of CohnReznick, LLP as Financial Advisor upon the terms outlined in this Application and the Neiberg Declaration effective as of the Petition Date; and (ii) granting such other and further relief as is just, proper.

Dated: August 9, 2024

Respectfully submitted,
IVANKOVICH FAMILY LLC
A & O FAMILY LLC (ILLINOIS)
ATLAS P2 MANAGING MEMBER, LLC

_____
Steven Ivankovich, Manager

-and-

A & O FAMILY LLC

/s/    _nancy webber_
_____
Nancy Webber, Authorized Person

## **CERTIFICATE OF SERVICE**

**I HERBY CERTIFY** that on August 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in these cases.

By: */s/ Eyal Berger*
Eyal Berger, Esq.
Florida Bar No. 11069
eyal.berger@akerman.com
**AKERMAN LLP**
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954)563-2700
Fax: (954)463-2224
*Counsel to the Debtors*

77588361;1

Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| *In re:* | Chapter 11 |
| | |
| IVANKOVICH FAMILY LLC, | Case No.: 24-15755-LMI |
| A & O FAMILY LLC, | (Jointly Administered) |
| A & O FAMILY LLC (Illinois), | 24-15762-LMI |
| ATLAS P2 MANAGING MEMBER, LLC, | 24-15767-LMI |
| | 24-15770-LMI |
| _____Debtors._____ / | |

**DECLARATION OF STUART NEIBERG IN SUPPORT OF DEBTORS' APPLICATION**
**FOR AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**COHNREZNICK LLP AS FINANCIAL ADVISORS TO THE TO THE DEBTORS AND**
**DEBTORS-IN-POSSESSION EFFECTIVE AS OF THE PETITION DATE AND**
**(II) GRANTING RELATED RELIEF**

I, Stuart Neiberg, declare the following under penalty of perjury:

1.      I am a Partner of CohnReznick LLP ("**CohnReznick**") and am duly authorized to

make this Declaration (the "**Declaration**").  The facts set forth in this Declaration are personally

known to me and, if called as a witness, I could and would testify thereto.

2.      This Declaration is submitted in support of the application (the "**Application**")[1] of

Ivankovich Family LLC, A & O Family LLC, A & O Family LLC (Illinois), Atlas P2 Managing

Member, LLC, the debtors and debtors in possession (collectively, the "**Debtors**") in the above-

captioned chapter 11 cases (the "**Chapter 11 Cases**") for the entry of an order, pursuant to sections

327, 328 and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Application and/or the Initial Declaration.

2

2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Florida (the "**Local Rules**"), (i) authorizing the Debtors to retain and employ CohnReznick as their Financial Advisors, effective as of the Petition Date and to provide the disclosures required under section 327 of the Bankruptcy code and Bankruptcy Rule 2014(a).

3.     The Debtors seek to retain CohnReznick as their Financial Advisor because CohnReznick is a financial advisory firm with extensive experience in restructuring and providing financial and operational guidance to fiduciaries of and companies in distressed situations and restructuring scenarios.  CohnReznick offers a full complement of services, including, audit, tax, financial advisory, restructuring workouts, transactions, bankruptcy, expert testimony, fraud and forensic analysis, eDiscovery and computer forensics, special forensic audits, restructuring of accounting records, working with and providing financial guidance, both in and out of court and transactional advisory services to organizations across a multitude of industries.

4.     Further, CohnReznick forensic accounting professionals possess extensive understanding of business information and financial reporting systems, accounting and auditing standards and procedures, evidence gathering and investigative techniques, and litigation processes and procedures. CohnReznick' professionals experience in forensic accounting, financial analysis, and expert testimony are proven assets we have and continue to provide, both in and out of court.  Time and time again, our analysis, reports and/or testimony have resulted in favorable outcomes, both in and out of court.

5.     CohnReznick's forensic accountants apply sophisticated data analysis to help determine what happened, uncover financial deception and potential breach of contract, root out white collar crime, trace missing funds, and assess damages. CohnReznick's professionals provide

3

confidence and comfort that the entirety of an issue is understood and deliver insight to prevent future situations.

6.    It should be noted that CohnReznick also has deep experience in disaster recovery services, which require CohnReznick to maintain and analyze vast amounts of data. To date, CohnReznick has administered, managed, monitored and overseen the distribution of over fifty billion of FEMA and other disaster recovery funds which were allocated to thousands of stakeholders. Further, CohnReznick regularly serve as an arbitrator in financial disputes and have been engaged in hundreds of bankruptcy matters wherein we have reconciled millions of claims amounting to billions of dollars.

7.    CohnReznick's forensic accountants have literally "seen it all," and are skilled in revealing what others have either intentionally or unintentionally hidden. CohnReznick's vast experience should give the Debtors' confidence that our forensic accounting services will be thorough and will provide the insight necessary to achieve the objectives necessary should these services be required for the Debtors and counsel's administration of these Chapter 11 Cases.

8.    CohnReznick is headquartered in New York with additional offices throughout United States and is one of the largest financial advisory firms in the United States, with approximately 4,000 employees with a presence of 27 different cities.

9.    In particular, CohnReznick has extensive experience in providing financial advisory services to troubled companies in the Debtor's specific industry.  CohnReznick's professionals have advised debtors, creditors and other constituents in many similar Chapter 11 cases.  The current partners, managers, senior managers, directors, and other professional staff of CohnReznick have extensive experience working with financially troubled companies in complex financial restructurings in and out-of-court and in Chapter 11 proceedings.  CohnReznick and its

principals have been involved as financial advisors to debtors, creditors, equity constituencies and government agencies in many Chapter 11 cases, including, among others: *Shamrock Finance LLC, KSC Corporation of Miami, Miami International Medical Center d/b/a The Miami Medical Center, AeroFarms, Inc., et. al., IPS Worldwide, LLC, Winc, Inc., et als., New England Motor Freight, Inc., et. al., SaveSolar Corporation, Inc., et. al., Preferred Care Inc, Agfeed USA, Inc., Allen Family Foods, Inc., Belle Foods LLC, Cagles Inc., Zacky Farms, Inc., Deb El Food Products, Nebraska Meat Corp., WorldCom, Inc., TOUSA, Inc., Fleming Companies, Inc., F&O Scarsdale LLC, et. al., RMP Harbor Services, Inc., Fargo Trucking Company, Inc., XPO Logistics; Interstate Waste Services, Geodis Wilson USA, Inc.; Doing It Right Technology, LLC; PrePrint Logistics Management; Commodity Trucking Acquisition LLC; Pacifica Trucks, LLC, Arabella Petroleum Company, LLC, Townsends, Inc., Allied Industries, Inc., Henry Mayo Newhall Memorial Hospital, Rubie's Costume Company, Inc., et al., Shapes/Arch Holdings, Inc., Shorebank Corporation, Infinia at Willmar, Inc., and Isaac Hazan & Co. Inc.*

## Services to be Provided

10.    In connection with the above-captioned Chapter 11 Cases, the Debtors have requested authorization to retain CohnReznick to act as their Financial Advisor in these Chapter 11 Cases pursuant to the Engagement Letter.

11.    Consistent with the terms of the Engagement Letter and subject to further order of this Court, CohnReznick will, in connection with these Chapter 11 Cases, render professional services to the Debtors, including but not limited to the following:

    a.    Assist the Debtors in preparing Monthly Operating Reports as required by the United States Trustee for the Southern District of Florida (Miami Division);

b. Assist the Debtors with information and analysis required pursuant to its cash collateral and debtor in possession ("DIP") financing arrangements;

c. Assist the Debtors in the preparation of financial statements and other reports as may be required by the Court or under the U.S. Trustee Guidelines;

d. Support the Debtors with the winddown of the bankruptcy estates, including any sale(s) or liquidation of assets;

e. Assist the Debtors in daily administrative financial advisory services; and

f. Render such other general services consulting or other such assistance as the Debtors and its counsel may deem necessary.

12. Subject to this Court's approval of the relief requested in the Application, CohnReznick will render professional services to the Debtors. CohnReznick will coordinate with the Debtors' representatives and the other retained professionals by the Debtors to avoid unnecessary duplication of services.

13. Should additional services be requested, CohnReznick will separately agree to the terms of the engagement by mean of an addendum to the Engagement Letter or a separate engagement letter.

## Professional Compensation

14. CohnReznick's normal billing rates for the financial advisory services of the nature to be rendered to the Debtors are as follows:

| Professional | Hourly Rate |
|---|---|
| Partners/Principals | $875 - $1,700 |
| Managing Directors/Directors | $650 - $1,650 |
| Senior Managers/Managers | $545 - $950 |
| Seniors/Associate Staff | $385 - $700 |
| Paraprofessionals | $245 - $375 |

CohnReznick's hourly rates vary with the experience and seniority of the individuals assigned. The hourly rates of CohnReznick are subject to periodic adjustments to reflect economic and other conditions. In the normal course of business, CohnReznick revises its hourly rates February 1 of each year. In addition, as a further accommodation, CohnReznick has agreed to a cap of $725 per hour for Partners/Principals, $715 for Managing Directors, $700 for Directors, $690 for Sr. Managers, $675 for Managers, and $550 for Seniors of the normal hourly billing rates referenced herein.

15.     The Debtors and CohnReznick respectfully submit that such rates are reasonable in light of the quality and specialized nature of the services being provided and are consistent with the market.

16.     The Debtors and CohnReznick understand that any compensation paid to CohnReznick must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules or further Order of this Court. In addition, CohnReznick will also seek reimbursement for actual and necessary out-of-pocket expenses incurred in connection with its engagement with the Debtors in the Chapter 11 Cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging. Consistent with local practice, nonworking travel time will be charged at half of actual time incurred. Expenses for actual costs incurred will be charged in accordance with the applicable Rules and Guidelines of this Court.

17.     CohnReznick did not receive a retainer with respect to its proposed representation of the Debtors in these Chapter 11 Cases. Additionally, no prepetition services were performed by CohnReznick as Financial Advisors.

18.     CohnReznick will maintain detailed, contemporaneous time records in tenths of an hour (in 1/10th of an hour increments) and apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the U.S. Trustee and any additional procedures that may be established by the Court in these Chapter 11 Cases.

**CohnReznick's Disinterestedness**

19.     In connection with its proposed retention by the Debtors in these Chapter 11 Cases, CohnReznick undertook a lengthy conflicts analysis process to determine whether it had any conflicts or other relationships that might cause it to hold or represent an interest adverse to the Debtors or might cause it to not be disinterested.  Specifically, CohnReznick obtained from the Debtors and/or its representatives the names of individuals and entities that may be parties-in-interest in these Chapter 11 Cases that were reasonably made known to CohnReznick by the Debtors.  Such parties are listed on **Schedule 1** attached hereto (the "Potential Parties in Interest").  CohnReznick's review, completed under my supervision, consisted of a query of the Schedule 1 parties within an internal computer database containing names of individuals and entities that are present or former clients of CohnReznick.  Only individuals and entities that are a party to active matters and matters that have been inactive within a five-year period are considered in determining conflicts. In addition, an email is sent to all CohnReznick's professionals inquiring of any potential connections with the Potential Parties-in-Interest.

20.     If additional potential parties in interest are reasonably made known to CohnReznick, it will review its connection with such parties and supplement this Declaration if additional information requiring disclosure is discovered.

21.     The results of CohnReznick's inquiry into the Potential Parties in Interest (or any of their known or apparent affiliates) are listed on **Schedule 2** annexed hereto.  The parties listed on **Schedule 2** include current and former clients as well as professionals with which CohnReznick has worked with in the past.  To the best of my knowledge and belief, any representation by CohnReznick of an entity listed on **Schedule 2** (or its known or apparent affiliates) was or is only on matters that are unrelated to the Debtors and the Chapter 11 cases.  To the extent that CohnReznick discovers or enters into any new, material relationship with Potential Parties-in-Interest, it will supplement this Declaration.  To the best of my knowledge and belief, CohnReznick has not represented any Potential Parties in Interest in connection with matters relating to the Debtors, its estates, assets or businesses and will not represent other entities which are creditors of, or have other relationships to, the Debtors in matters relating to these Chapter 11 cases.

22.     CohnReznick, and its affiliates are advisors and crisis managers providing services and advice in many areas, including restructuring and distressed debt.  As part of its diverse practice, CohnReznick appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants, investment bankers and financial consultants, some of  whom may represent claimants and parties-in-interest in the Debtors' Chapter 11 cases.  Also, CohnReznick has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings.  In addition, CohnReznick has in the past, may currently and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtors or these Chapter 11 cases.  Likewise, certain such professionals who are retained in these Chapter 11 cases might have referred work to CohnReznick.  Based on my current knowledge of the professionals involved,

and to the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, none of these relationships constitute interests adverse to the Debtors in matters upon which CohnReznick is to be employed, and none are in connection with these cases.

23.     From time to time, CohnReznick may have provided services, and CohnReznick currently and likely in the future will continue to provide services, to certain creditors of the Debtors and various other parties adverse to the Debtors in matters wholly unrelated to these Chapter 11 cases.  As described herein, however, CohnReznick has undertaken a detailed search to determine, and to disclose, whether it either is providing or has provided services to any significant creditor, equity security holder, insider or other Potential Parties-in-Interest in such unrelated matters.

24.     In addition, CohnReznick has  previously appeared, currently appears and expects to appear in the future in cases unrelated to these Chapter 11 cases before each of the judges of the United States Bankruptcy Court for the Southern District of Florida and in which the attorneys, professionals and staff of the Office of the United States Trustee may be involved.

25.     It is possible that certain CohnReznick Personnel or CohnReznick employees, principals, managing directors, board members, equity holders, or affiliates of any of the foregoing, may own interests in mutual funds or other investment vehicles (including various types of private funds) that own debt, equity securities, or other financial instruments, including bank loans and other obligations, of certain parties-in-interest in this matter.  Typically, the holders of such interests have no control over investment decisions related to such investment funds or financial instruments.  CohnReznick's policy prohibits its employees from personally trading in the Debtors' securities.

10

26.     Insofar as I have been able to ascertain through diligent inquiry, except as set forth below, neither I, CohnReznick, nor any principal or professional employee of CohnReznick have any connection with the Debtor, its creditors, any other party-in-interest, their current respective attorneys or professionals, the United States Trustee or any person employed in the office of the United States Trustee, nor do we hold or represent any entity having, an adverse interest in connection with the Debtors' Chapter 11 cases, and is a disinterested person, as that term is defined in Bankruptcy Code section 101(14), except as follows:

| Interested Party | Category | Disclosure |
|---|---|---|
| Busey Bank | Schedule A/B Assets | CohnReznick has provided assurance services in matters unrelated to the Debtors' Chapter 11 Cases.  Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/23. |
| Township Capital LLC | Potential Claims | CohnReznick has provided consulting services in matters unrelated to the Debtors' Chapter 11 Cases.  Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/23. |
| Wells Fargo | Schedule A/B Assets | CohnReznick has provided tax, consulting and assurance services in matters unrelated to the Debtors' Chapter 11 Cases.  Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/23. |

27.     Neither I, CohnReznick, nor any professional employee of CohnReznick is related professionally to the Debtors, its creditors or any other party in interest herein or their respective attorneys in the matters for which CohnReznick is proposed to be retained.

28.     Neither I, CohnReznick, nor any professional employee of CohnReznick is currently providing or has previously provided services and/or work for the Debtors, Steven Ivankovich, Dr. Anthony Ivankovich, and/or Dr. Olga Ivankovich.

29.     CohnReznick has in the past worked with, continue to work with, and have mutual clients with certain law firms who may represent parties-in-interest in the cases.  None of these engagements or relationships relate to these cases.

30.     CohnReznick has had, may currently have, and may in the future have commercial or professional relationships directly or indirectly with customers, competitors, and creditors of the Debtors.  CohnReznick has undertaken a detailed search to determine, and to disclose, whether it is performing or has performed services for parties in matters related to these cases.

31.     CohnReznick maintains a computer client database (the "Database") containing the names of all of the firm's current and former clients, and where practicable, known affiliates of and connections to those clients.  The Database is systematically updated in the firm's ordinary course of business and as the firm receives new matters.  In connection with the preparation of this Declaration,  I caused checks against the Database to be performed for the Potential Parties in Interest list.

32.     Despite the efforts described above to identify and disclose CohnReznick's connections with parties-in-interest in the cases, and because the Debtors have numerous creditors and other relationships, CohnReznick is unable to state with certainty that every client representation or other connection has been disclosed.  If it discovers additional information that requires disclosure, CohnReznick will file supplemental disclosures with the Court as promptly as possible. CohnReznick reserves the right to supplement this Declaration in the event that CohnReznick discovers any facts bearing on matters described in this Declaration regarding

CohnReznick's employment by the Debtors.

33.     To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, except as set forth herein, CohnReznick has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, these Chapter 11 cases.  If this Court approves the proposed employment of CohnReznick as financial advisors to the Debtors, it will not accept any engagement or perform any services in the cases for any entity or person other than the Debtors.  CohnReznick may, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the Debtors or parties-in-interest in these Chapter 11 Cases; *provided* such services do not and will not relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.

34.     To the best of my knowledge, CohnReznick is a disinterested person within the meaning of Bankruptcy Code section 101(14) in that its members and associates (a) are not creditors, equity security holders or insiders of either Debtors, (b) are not and were not within two years before the Filing Date a director, officer or employee of either Debtors, (c) do not have an interest materially adverse to the interest of either estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in either Debtors, or for any other reason.

35.     CohnReznick is not aware of any past or present relationship that would disqualify CohnReznick from representing the Debtors.

36.     If any contested matter, adversary proceeding, other litigation, or other matter arising in the Debtors,' Chapter 11 cases create an actual conflict between the Debtors and any of

the parties that CohnReznick may represent in matters unrelated to these Chapter 11 cases, the Debtors will not be represented by CohnReznick with respect to such matter.

37.     I am not related or connected to, and, to the best of my knowledge and information, no other professional of CohnReznick is related or connected to (a) any judge of the United States Bankruptcy Court for the Southern District of Florida or any of the District Judges for the Southern District of Florida, or (b) the U.S. Trustee, or to any employee in the office thereof.

38.     I understand there is a continuing duty to disclose any adverse interest and change of disinterestedness.

39.     I understand that the Court's approval of the application is not approval of any proposed terms of compensation and under § 328(a), the Court may allow compensation on terms different from those proposed.

40.     No promises have been received by CohnReznick, or by an employee thereof, as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

41.     CohnReznick further states pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedures that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners of CohnReznick as permitted by Bankruptcy Code section 504, or (b) any compensation another person or party has received or may receive.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  Boca Raton, Florida
August 9, 2024

_____
Stuart Neiberg

## **Schedule 1**

**Potential Parties in Interest List**

# **SCHEDULE 1**

IVANKOVICH FAMILY LLC,
A & O FAMILY LLC,
A & O FAMILY LLC (Illinois),
ATLAS P2 MANAGING MEMBER, LLC,

### **List of Potential Parties in Interest**[1]

| Category | Parties |
|---|---|
| Debtor | Atlas P2 Managing Member LLC |
| Non-Debtor | P2 Portfolio Managing Member LLC |
| Potential Claims | Jeanette Ivankovich |
| Potential Claims | Schiller Ducanot and Fleck |
| Potential Claims | Township Capital LLC |
| Potential Claims | Township Orlando LLC |
| Schedule E/F | Delaware Taxing Authority, Division of Revenue |
| Schedule E/F | Internal Revenue Service |
| Schedule E/F | Chuchak & Tescon PC |
| Schedule E/F | Schoenberg Finkel Law Firm |
| Schedule E/F | P-5 GRA LLC |
| Schedule E/F | Pami Grand Too LLC |
| Schedule E/F | Township GP Fund II LP |
| Equity Security Holder | Atlas Holdings Investmnt LLC |
| Equity Security Holder | Atlas Township Orland LLC |
| Debtor | A&O Family LLC |
| Schedule A/B: Assets | Celadon Financial Group LLC |
| Schedule A/B: Assets | Royal Bank of Canada |
| Schedule A/B: Assets | Busey Bank |
| Schedule A/B: Assets | Wells Fargo |
| Schedule A/B: Assets | Stifel Bank |
| Schedule A/B: Assets | Landmark Equity Partners SVI ASP Fund |

---

[1]      This list (and the categories contained herein) are for purposes of a conflicts check only and should not be relied upon by any party as a list of creditors or for any other purpose.  As listing a party once allows our conflicts specialists to run a check on such party, we have attempted to remove duplicate entries where possible.  Accordingly, a party that otherwise would fall under multiple categories is likely to be listed under only one category.

| Category | Parties |
|---|---|
| Schedule A/B: Assets | PA Direct Credit Opportunities Fund II LP |
| Schedule A/B: Assets | PB Landmark XV Feeder Fund |
| Schedule A/B: Assets | PB Strategic Partners Feeder VI, LP |
| Schedule A/B: Assets | AD Astra Secured Corporate Convertible Bond |
| Schedule A/B: Assets | Commercial Mortgage-Backed Security |
| Potential Claims | Zhu Zhai Holdings Limited |
| Potential Claims | Peter Pui Tak Lee |
| Potential Claims | Webush Securities |
| Other Corporate Entities/Investment Owners | Pilgrim Warwick LLC |
| Other Corporate Entities/Investment Owners | Pilgrim Windtree LLC |
| Other Corporate Entities/Investment Owners | Pilgrim Coulter LLC |
| Other Corporate Entities/Investment Owners | Lombard Capital LLC |
| Other Corporate Entities/Investment Owners | Scranton Investments Holdings Corp. II, Ltd |
| Other Corporate Entities/Investment Owners | Mat Realty Ventures, LLC |
| Other Corporate Entities/Investment Owners | 941 W Lawrence Ventures LLC |
| Other Corporate Entities/Investment Owners | Contessa Properties, LLC |
| Other Corporate Entities/Investment Owners | Anthony and Olga Ivankovich |
| Other Corporate Entities/Investment Owners | Hoffman Estates Development Venture, Inc. |
| Other Corporate Entities/Investment Owners | A&O Family LLC (Florida) |
| Other Corporate Entities/Investment Owners | Atlas Birchwood, LLC |
| Other Corporate Entities/Investment Owners | Contessa Marine Research, LLC |
| Other Corporate Entities/Investment Owners | IMG Marine, LLC |
| Other Corporate Entities/Investment Owners | Yacht Daddy LLC |
| Other Corporate Entities/Investment Owners | Saucer Sled LLC |
| Other Corporate Entities/Investment Owners | Steven and Anthony Ivankovich |
| Other Corporate Entities/Investment Owners | Anthony Ivankovich |
| Other Corporate Entities/Investment Owners | Downtown Property Ventures LLC |
| Other Corporate Entities/Investment Owners | Contessa Realty LLC |
| Other Corporate Entities/Investment Owners | Turtle Way LLC |
| Schedule E/F Creditors | Florida Department of Revenue |
| Other | Rodney Balais |
| Other | Mandell Hahm Advisory Group, Ltd. |
| Other | Nancy Webber |
| Other | Olga D. Ivankovich Estate Trust |
| Debtor | Ivankovich Family LLC |
| Investments | PHMMF - Phamra Mar SAU |

| **Category** | **Parties** |
|---|---|
| Investments | SYRA Health |
| Investments | William Scherr |
| Investments | Stifel Nicolaus & Company |
| Investments | JP Morgan Chase, N.A. |
| Investments | KJI Marine Manufacturing LLC |
| Investments | Bequia Fast Ferry Ltd |
| Investments | Skosk Ltd |
| Investments | PTCG Ptd Ltd |
| Investments | Zus Tennis LLC |
| Potential Claims | Atlas Apartment Acquisitions |
| Potential Claims | Akerman LP |
| Shareholder | North American Property Ventures Ltd. |
| Other | Conyers Trust Company Limited |
| Affiliate | Premier Orland Portfolio Two, LLC |
| Other | A & O Family LLC |
| Investments | AGNC Investment Corp |
| Investments | EFCPRC - Ellington F Pfd |
| Investments | Panbela |
| Investments | 60 Degrees |
| Investments | UR Energy I |
| Schedule E/F Creditors | Illinois Department of Revenue |
| Other | Bloomberg |
| Affiliate | Glencoe Family Dwelling LLC |
| other | Shana Willis |
| other | R.A. Corporate Creations Network, Inc. |
| other | Consilient Holdings Investments LLC |

**Schedule 2**

**Disclosures in Connection with the Potential Parties in Interest List**

CohnReznick LLP has worked on wholly unrelated matters in the past, may currently work on wholly unrelated matters and may work on wholly unrelated matters in the future with or on behalf of the following parties:

| Interested Party | Category | Disclosure |
|---|---|---|
| Busey Bank | Schedule A/B Assets | CohnReznick has provided assurance services in matters unrelated to the Debtors' Chapter 11 Cases. Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/23. |
| Township Capital LLC | Potential Claims | CohnReznick has provided consulting services in matters unrelated to the Debtors' Chapter 11 Cases. Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/23. |
| Wells Fargo | Schedule A/B Assets | CohnReznick has provided tax, consulting and assurance services in matters unrelated to the Debtors' Chapter 11 Cases. Revenues in connection with these services are less than 1% of CohnReznick's total revenues for the fiscal year ending 1/31/23. |

Exhibit B



July 29, 2024

**Ivankovich Family, LLC**
**A & O Family LLC**
**A & O Family LLC (Illinois)**
**Atlas P2 Managing Member, LLC**
c/o Steven Ivankovich
791 Crandon Boulevard, Penthouse 6
Key Biscayne, FL 33149

Re:   Ivankovich Family, LLC, A & O Family LLC, A & O Family LLC (Illinois),
       Atlas P2 Management Member, LLC
       United States Bankruptcy Court, Southern District of Florida (Miami Division), Ch. 11
       Bank. Case No.: 24-15755-LMI (Jointly Administered)
                    24-15762-LMI, 24-15767-LMI, 24-15770-LMI

Dear Mr. Ivankovich:

Thank you for choosing CohnReznick LLP ("CohnReznick" and/or "we") to perform consulting services for **Ivankovich Family, LLC, A & O Family LLC, A & O Family LLC (Illinois), Atlas P2 Management Member, LLC** (collectively referred to herein as the "Client" and/or "A & O" and/or "you"). This letter will confirm, subject to Bankruptcy Court approval, the engagement of CohnReznick as Financial Advisor to A & O during the chapter 11 proceedings. This engagement letter and the attached General Terms and Conditions (collectively, the "Agreement") shall confirm our understanding of the services we are to provide.

**Description of Services**

Our services will be limited to those requested by you. As of the date of this letter, you have requested that we perform the following services:

**<u>Scope of Services</u>**

CohnReznick will provide various services, including but not limited to:

1.  Assisting A & O in preparing Monthly Operating Reports as required by the United States Trustee for the Southern District of Florida (Miami Division);
2.  Assisting A & O with information and analysis required pursuant to its cash collateral and Debtor in Possession ("DIP") financing arrangements;
3.  Assisting A & O in the preparation of financial statements and other reports as may be required by the Court or under the United States Trustee Guidelines;
4.  Supporting A & O with the winddown of the bankruptcy estates, including any sale(s) or liquidation of assets;
5.  Assisting A & O in daily administrative financial advisory services; and
6.  Rendering such other general services consulting or other such assistance as A & O or its counsel may deem necessary.





**Ivankovich Family, LLC, A & O Family LLC**
**A & O Family LLC (Illinois), Atlas P2 Managing Member, LLC**
c/o Steven Ivankovich
July 29, 2024


**Engagement Administration**

In performing our services, we will be relying on the accuracy and reliability of information provided by the Client. Our services will not constitute an audit, review, compilation or any other form of assurance of the information provided; and, accordingly, we will not express an opinion or conclusion or provide any other form of assurance on the completeness or accuracy of the information.

Our work, in connection with the performance of these services, does not include any procedures designed to discover defalcations or other irregularities, should any exist. You are responsible for the safeguarding of assets, the proper recording of transactions in the books of accounts, the substantial accuracy of the financial records, and the full and accurate disclosure of all relevant facts affecting the services to us.

The Client is responsible for assuming all management responsibilities and for overseeing the services we are providing and shall designate an individual, preferably from senior management, who possesses suitable skill, knowledge, and experience, to oversee such services.  In addition, the Client is responsible for evaluating the adequacy and results of any services performed hereunder and accepting responsibility for the results of such services.

The services in no way include investment advice, as CohnReznick does not, and will not, provide investment advice. Client acknowledges that any advice received from CohnReznick will not be understood or used by Client as investment advice. CohnReznick is not a registered investment adviser and, therefore, will not give advice with respect to investments made or maintained by Client, or otherwise.

This Agreement does not constitute an engagement to perform any services other than those described in this Agreement, and only for the entities referred to as Client herein. Should additional services be requested, we will separately agree to the terms of the engagement by means of an addendum to this Agreement or a separate engagement letter.

**Fees and Expenses**

The Client agrees to pay CohnReznick fees for its services based upon the amount of time expended in performing the services at CohnReznick's hourly rates in effect for the various levels of responsibility plus out-of-pocket costs and expenses. Our current hourly rates by staff level are as follows:

| | |
|---|---|
| Partners/Principals | $875 - $1,700 |
| Managing Directors/Directors | $650 - $1,650 |
| Senior Managers/Managers | $545 - $950 |
| Senior/Associate Staff | $385 - $700 |
| Paraprofessionals | $245 - $375 |



**Ivankovich Family, LLC, A & O Family LLC**
**A & O Family LLC (Illinois), Atlas P2 Managing Member, LLC**
c/o Steven Ivankovich
July 29, 2024

CohnReznick revises its hourly rates on February 1 of each year. In addition, the Client will be invoiced for an administrative and technology fee (as set forth in the attached General Terms and Conditions). In addition, as a further accommodation, CohnReznick has agreed to a cap of $725 per hour for Partners/Principals, $715 for Managing Directors, $700 for Directors, $690 for Sr. Managers, $675 for Managers, and $550 for Seniors of the normal hourly billing rates referenced herein.

In the event any payment set forth above is not received on or before the date when payment becomes due, CohnReznick shall have the right to terminate this Agreement or suspend the services until such payment is received by CohnReznick.

The fee is based on anticipated cooperation from the Client's personnel and the assumption that unexpected circumstances will not be encountered during this engagement. Our access to relevant books and records, the condition of that information, and the cooperation of the parties involved in this matter will affect our time on this engagement and accordingly our fees. This Agreement and our fee estimate assume that the underlying information to be utilized to perform our services is readily available and in a format acceptable to CohnReznick.

**Payments, Compensation and Out of Pocket Expense Reimbursement**

Requests for payment and reimbursement of expenses will be made in accordance with its customary practices and in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in the United States Bankruptcy Court for the Southern District of Florida (Miami Division). During the chapter 11 cases, CohnReznick will apply to the Court for allowance of compensation and reimbursement of actual and necessary out-of-pocket expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules, and any other procedures as may be fixed by order of the Court.

Wire instructions are as follows:

KeyBank National Association
ABA # 021300077
Account:  CohnReznick LLP
Account #: 328612942990

*[Remainder of Page Left Intentionally Blank]*



**Ivankovich Family, LLC, A & O Family LLC**
**A & O Family LLC (Illinois), Atlas P2 Managing Member, LLC**
c/o Steven Ivankovich
July 29, 2024

By your execution of this Agreement, the undersigned represent and warrant that he or she is authorized on behalf of the entity, or entities listed to bind and are in fact binding each such entity to the terms and conditions of this Agreement.

We appreciate the opportunity to be of service to you.  If you have any questions, please let us know.  If you agree with the terms of our engagement as described in this Agreement, please sign the enclosed copy and return it to us.

Very truly yours,

Stuart Neiberg, CPA/ABV, CFA
Partner

Attachment: General Terms and Conditions (v. 10/2023 Value360 Advisory)

**ACKNOWLEDGED, ACCEPTED AND AGREED BY:**

**IVANKOVICH FAMILY LLC**

By: _____
    Authorized signature
Print Name:  Steven Ivankovich
Title:  Authorized Signatory
Date:  Aug 9, 2024

**ATLAS P2 MANAGING MEMBER, LLC**

By: _____
    Authorized signature
Print Name:  Steven Ivankovich
Title:  Authorized Signatory
Date:  Aug 9, 2024

**A & O FAMILY LLC**

By: _____
    Authorized signature
Print Name: _____
Title: _____
Date: _____

**A & O FAMILY LLC (ILLINOIS)**

By: _____
    Authorized signature
Print Name:  Steven Ivankovich
Title:  Authorized Signatory
Date:  Aug 9, 2024

GENERAL TERMS AND CONDITIONS

References to Client in these General Terms and Conditions refers to "you", "Company", "Client" or other term used in the engagement letter to refer to the individual(s) or entity(ies) for whom the services are being performed and the individual(s) or entity(ies) who signed the engagement letter.

Client Representations: Client agrees to the best of Client's knowledge and belief to be truthful, accurate and complete in making oral or written representations to CohnReznick during the engagement and in any written representations at the conclusion of the engagement. Because of the importance of management's representations to the services, Client shall be responsible for any and all liabilities, losses, damages and costs (including attorneys' fees) incurred or suffered by CohnReznick arising out of or caused by any misrepresentations by Client or its representative(s).

Invoicing: An administrative and technology charge of 7% of fees will be added to each invoice to cover costs such as technology usage, software licensing, research databases, word processing, telecommunications, etc. Invoices not paid in full within thirty (30) days of receipt will accrue interest of 1% per month (12% annually) from the date of the invoice until paid.

Client shall reimburse CohnReznick for reasonable costs and attorneys' fees incurred by CohnReznick should it prevail in proceedings to collect unpaid fees and expenses.

Confidentiality: CohnReznick agrees that any confidential information received from Client ("Client information") will be kept confidential and CohnReznick will not disclose any Client information to any third party except as permitted in this Agreement including, but not limited to, the Use of Third Parties, Third-Party Requests and Electronic Signatures, Transmissions & Storage sections, or with Client's prior written consent.

Personal Data: Client agrees not to provide CohnReznick with Protected Health Information, Personal Identifiable Information or other information regulated by data protection laws except to the extent necessary for CohnReznick's performance of the services.

Use of Third Parties: Client agrees that CohnReznick may use service providers, affiliated entities and/or subcontractors, some of which may be located outside the United States (collectively, "service providers") in connection with the services. Such use may require the service provider to access Client information. CohnReznick will remain responsible for any work performed by such service provider.

Third-Party Requests: If CohnReznick is required by law, regulation, subpoena or applicable professional standards and/or rules to produce Client information or CohnReznick's personnel as witnesses (collectively, a "Demand"), CohnReznick shall, to the extent legally permissible, notify Client promptly of the Demand to allow Client to seek a protective order or other relief, unless the Demand is made pursuant to regulatory oversight. Client shall reimburse CohnReznick for its professional time, expenses (including reasonable attorneys' fees), costs and/or losses incurred in connection with a Demand or any other production of Client information authorized or requested by the Client, provided CohnReznick is not a party to the proceeding or the subject of the investigation in which the information is sought.

Record Retention: CohnReznick's working papers and other file materials are CohnReznick's property and are not a substitute for Client's own records. It is Client's responsibility to retain copies of its own records and any deliverables. CohnReznick shall not store any Client information or deliverables for Client, including documents contained in any CohnReznick portal. Client agrees that CohnReznick shall not be liable for the destruction of CohnReznick's files including any Client information.

Non-Solicitation: During the performance of the services and for one (1) year thereafter, in the event Client hires a CohnReznick employee/partner, Client will pay a fee equal to one times that individual's total annual compensation (which shall be payable at the time of employment), provided however, that such fee shall not apply when the individual is hired with CohnReznick's express written consent.

LIMITATIONS: CLIENT AGREES THAT COHNREZNICK'S AND ITS PERSONNEL'S MAXIMUM LIABILITY TO CLIENT AND CLIENT'S PERSONNEL FOR ANY ACTS OR OMISSIONS (INCLUDING NEGLIGENT ACTS AND OMISSIONS) BY COHNREZNICK (INCLUDING ITS AFFILIATES AND SUBCONTRACTORS) AND THEIR PERSONNEL ARISING OUT OF OR RELATED TO THIS AGREEMENT OR ANY SERVICES PROVIDED TO CLIENT WILL BE LIMITED TO THE AMOUNT PAID FOR THE SERVICES THAT GIVE RISE TO THE LIABILITY, EXCEPT TO THE EXTENT IT IS DETERMINED THAT THE LOSS WAS CAUSED BY COHNREZNICK'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.

EXCEPT FOR THE INDEMNIFICATION OBLIGATIONS SET FORTH HEREIN, IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER PARTY OR ITS PERSONNEL FOR ANY CONSEQUENTIAL, INCIDENTAL, INDIRECT, PUNITIVE OR SPECIAL DAMAGES, INCLUDING ANY AMOUNT FOR LOSS OF PROFIT, DATA OR GOODWILL, WHETHER OR NOT THE LIKELIHOOD OF SUCH LOSS OR DAMAGE WAS CONTEMPLATED.

ANY CLAIM OR PROCEEDING, REGARDLESS OF ITS FORM, ARISING OUT OF OR RELATED TO THIS AGREEMENT OR ANY SERVICES PROVIDED TO CLIENT (COLLECTIVELY, "CLAIM") MUST BE

ASSERTED BY CLIENT WITHIN ONE (1) YEAR OF THE COMPLETION OF THE PARTICULAR SERVICES GIVING RISE TO THE ALLEGED CLAIM. ANY CLAIM NOT BROUGHT BY CLIENT WITHIN THAT TIME PERIOD SHALL BE BARRED WITHOUT REGARD TO ANY OTHER LIMITATIONS PERIOD SET FORTH BY LAW OR STATUTE.

USE & INDEMNIFICATION: THE SERVICES, WORK PRODUCT, DELIVERABLES AND ADVICE (COLLECTIVELY, "DELIVERABLES") UNDER THIS AGREEMENT ARE FOR THE USE AND BENEFIT OF CLIENT ONLY. ACCORDINGLY, CLIENT SHALL INDEMNIFY AND HOLD HARMLESS COHNREZNICK, ITS AFFILIATES AND THEIR PERSONNEL FROM AND AGAINST ANY AND ALL CLAIMS (INCLUDING CLAIMS BY CLIENT'S AFFILIATES, MEMBERS AND/OR PARTNERS), DAMAGES, LIABILITIES AND LOSSES (INCLUDING COSTS AND LEGAL FEES) ARISING OUT OF OR RELATED TO A THIRD PARTY'S USE OR RELIANCE ON THE DELIVERABLES OR THE SERVICES PROVIDED TO THE CLIENT.

Electronic Signatures, Transmissions & Storage: An electronic, digital or electronically transmitted signature will be deemed an enforceable original. Client agrees that the parties may use CohnReznick portal(s) ("CR Portals") or third-party systems (including portals, data rooms or services/websites hosted by a third party) or other electronic means to communicate, transmit, share and store documents under this Agreement. Each party accepts the associated risks and CohnReznick shall not be responsible for the security thereof. CR Portals are subject to their terms of use and are intended solely for the Client (and Client alone will be given access).

Data Privacy: CohnReznick's Client Data Privacy Notice can be accessed at https://www.cohnreznick.com/insights/client-data-privacy-notice. It is incorporated herein by reference to the extent CohnReznick processes personal data that is subject to the data protection laws as set forth therein.

Choice of Law: This Agreement, and any claims arising out of or related to this Agreement or any services provided to the Client (including but not limited to claims arising in contract, tort, fraud, statute or otherwise) shall be governed by and construed in accordance with the laws of the State of New York without giving effect to any choice of law provisions.

Dispute Resolution: Any dispute, controversy or claim arising out of or relating to the services or the performance or breach of this Agreement (including disputes regarding the termination, validity, interpretation or enforceability of this provision) or any prior services or agreements between the parties shall be finally resolved by arbitration in accordance with the International Institute for Conflict Prevention and Resolution ("IICPR") Rules for Non-Administered

Arbitrations in effect on the date of this Agreement (unless those rules are inconsistent with this clause in which case this clause shall govern) by a panel of three arbitrators selected in accordance with the screened selection process provided, however, the two party-appointed arbitrators shall select the third arbitrator who shall be a retired Judge and does not need to be on the IICPR's list of arbitrators. The arbitration shall take place in New York, New York and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. The arbitration shall be confidential, and any award shall be binding and final. In agreeing to arbitration, the parties acknowledge that in the event of any dispute (including a dispute over fees) the parties are giving up the right to have the dispute decided in a court of law before a judge or jury and instead are accepting the use of arbitration for resolution.

The arbitration panel shall have no authority to award punitive damages, damages that are not allowable under this Agreement, or a remedy that could not be made or imposed by a court deciding the matter under applicable law.

All fees and expenses for the arbitrators, meeting and hearing facilities and hearing transcripts shall be split evenly 50% by the claimant(s) and 50% by the respondent(s), with any division among claimants or respondents to be decided by each side respectively as the case may be. No neutral experts shall be appointed by the arbitration panel.

At the initial pre-hearing conference, the arbitrators shall (a) require that the parties exchange (i) a good faith calculation of any claimed damages, (ii) the name and, if known, address and telephone number of each person likely to have knowledge of relevant information, and (iii) non-privileged documents that are relevant to the issues raised by any claim, defense or counterclaim; and (b) determine the number of depositions to be permitted, taking into consideration the nature of claims and damages sought. Third-party subpoenas seeking documents and/or testimony shall be permitted. Absent extraordinary circumstances, the arbitration hearing shall be held on consecutive hearing days. In the event it is necessary to confirm the arbitration award in court, the costs of such confirmation proceedings, including attorneys' fees, incurred by the party seeking confirmation shall be borne entirely by the party against whom enforcement is sought.

Term & Termination: This Agreement applies to all services performed at any time (including before the date of this Agreement) arising out of or related to the subject matter of this Agreement.

This Agreement and the services may be terminated upon (i) either party's written termination effective upon 30 days written notice or (ii) CohnReznick's termination, effective immediately upon written notice to Client (a) if CohnReznick determines in its professional judgment that it is unable to complete the

GENERAL TERMS AND CONDITIONS

services in accordance with applicable law or professional standards, (b) for reasonable cause (including failure to provide the information or cooperation necessary for successful performance of the services) or (c) if Client's account becomes overdue.

Client will be obligated to compensate CohnReznick for the time expended and all expenses and out-of-pocket costs through the date of termination.

<u>Miscellaneous</u>: The provisions of this Agreement that give either of the parties rights or obligations beyond its termination shall survive termination of this Agreement.

This Agreement is the complete and exclusive statement of agreement between the parties, and it replaces and supersedes all prior proposals, communications and agreements between the parties, whether written or oral, related to the subject matter of this Agreement, including any confidentiality agreements.

No terms and/or conditions contained in any "shrink-wrap," "click-wrap" or "click-through" license or agreement of the Client, or similar electronic Client notification, shall be of any force or effect (even if accepted), nor shall any terms and conditions contained on Client's website, invoice, purchase order, billing, payment or similar transactional documentation be deemed to amend or supplement this Agreement.

If any provision of this Agreement is found to be invalid, then such provision will be modified to reflect the parties' intention as closely as possible without being unenforceable, and all remaining provisions of this Agreement shall remain in full force and effect.

<u>Assignment</u>:  Either Party may assign its rights under this Agreement in the event of a merger, acquisition, corporate reorganization or sale of all or substantially all of its assets or voting shares, provided that any such assignment by Client shall be subject to CohnReznick's standard client acceptance procedures.  Any assignment in contravention of the foregoing shall be deemed void. Any assignment permitted hereunder shall bind and inure to the benefit of the Parties, their respective successors and assigns.

7

Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*                                                    Chapter 11

IVANKOVICH FAMILY LLC,                   Case No.: 24-15755-LMI
A & O FAMILY LLC,                               (Jointly Administered)
A & O FAMILY LLC (Illinois),                              24-15762-LMI
ATLAS P2 MANAGING MEMBER, LLC,                   24-15767-LMI
                                                                     24-15770-LMI

_____Debtors._____/


**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**COHNREZNICK LLP AS FINANCIAL ADVISOR TO THE TO THE DEBTORS AND**
**DEBTORS-IN-POSSESSION EFFECTIVE AS OF THE PETITION DATE**
**AND (II) GRANTING RELATED RELIEF**

      **THIS MATTER** came before the Court for hearing on August ___, 2024 at ____a.m./p.m.

upon the application (the "**Application**")[1] of the debtors and debtors in possession (collectively,

the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for entry of an

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

order (this "**Order**") (i) authorizing the Debtors to retain and employ CohnReznick LLP ("**CohnReznick**") as its financial advisors ("**Financial Advisors**") in these Chapter 11 Cases, effective as of the petition date ("**Petition Date**"), in accordance with the terms and conditions set forth in that certain engagement letter dated July 29, 2024 (the "**Engagement Letter**"), copy of which is annexed to the Application, and upon consideration of the Declaration of Stuart Neiberg (the "**Neiberg Declaration**") in support of the Application, and (ii) granting related relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and due and proper notice of the Application having been provided to the necessary parties, and it appearing that no other or further notice need be provided; and it appearing that CohnReznick neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that CohnReznick is "disinterested person," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors and other parties in interest; and as required by Section 327(a) of the Bankruptcy Code; and notice of the Application having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1.    The Application is GRANTED to the extent provided herein.

2.    The Debtors are authorized to retain and employ CohnReznick LLP as its Financial Advisor effective as of the Petition Date and in accordance with the terms and conditions set forth in the Application and in the Engagement Letter, except as limited or modified herein.

3.    CohnReznick is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter and set forth below:

   a.   Assist the Debtors in preparing Monthly Operating Reports as required by the United States Trustee for the Southern District of Florida (Miami Division);

   b.   Assist the Debtors with information and analysis required pursuant to its cash collateral and debtor in possession ("DIP") financing arrangements;

   c.   Assist the Debtors in the preparation of financial statements and other reports as may be required by the Court or under the U.S. Trustee Guidelines;

   d.   Support the Debtors with the winddown of the bankruptcy estates, including any sale(s) or liquidation of assets;

   e.   Assist the Debtors in daily administrative financial advisory services; and

   f.   Render such other general services consulting or other such assistance as the Debtors and its counsel may deem necessary.

4.    CohnReznick shall apply for compensation for the services rendered and may also seek reimbursement for actual and necessary out-of-pocket expenses incurred in connection with the Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders or procedures of this Court.

5.    To the extent the Debtors and CohnReznick enter into a new addendum to the Engagement Letter or additional engagement letters for services not otherwise contemplated by the Engagement Letter or this Order (collectively, "**Expanded Retention Document**"), the Debtors will file such Expanded Retention Documents with the Court and serve such Expanded Retention Documents upon the U.S. Trustee and any official committee appointed in these Chapter 11 Cases. If no objection is filed and served on the Debtors within ten (10) days after such Expanded

Retention Documents are served, the Court may enter an order approving CohnReznick's retention under such Expanded Retention Documents. To the extent any such party objects, within ten (10) days of such Expanded Retention Documents being served, the Debtors will promptly schedule a hearing before the Court on such matter. All additional services shall be subject to the provisions of this Order.

6.    Prior to any increases in CohnReznick's  rates for any individual employed or employed by CohnReznick and providing services in these cases, CohnReznick (as applicable) shall file a supplemental affidavit with the Court and provide ten (10) business days' prior notice to the Debtors, the United States Trustee, and the Debtors of such increase. The supplemental affidavit shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review under section 330 of the Bankruptcy Code and rate increase.

7.    The Debtors and CohnReznick are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.    To the extent the Application, the Neiberg Declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

9.    Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a), if applicable, and the Local Rules are satisfied by such notice.

10.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Final Order.

**Submitted by:**

Eyal Berger, Esq.
**AKERMAN LLP**
*Counsel for the Debtors*
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (945)463-2700
Fax: (954)463-2224
Email: eyal.berger@akerman.com

Eyal Berger is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.