## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

In re:

IVANKOVICH FAMILY LLC
A&O FAMILY LLC,
A & O FAMILY LLC,
ATLAS P2 MANAGING MEMBER, LLC,

Debtors.
_____/

Chapter 11

Case No. 24-15755-LMI
(Jointly Administered)
24-15762- LMI
24-15767- LMI
24-15770- LMI

### NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM
### FOR RULE 2004 EXAMINATION
### (Document Request Only)

Anthony & Olga Ivankovich ("Ivankoviches"), by the undersigned attorney, gives notice that such party, by and through undersigned counsel, intends on serving the attached *Subpoena Duces Tecum for Rule 2004 Examination* on October 1, 2024 or as soon as thereafter as service can be effected, and will examine a **JPMorgan Chase Bank N.A.** records custodian with most knowledge of records requested in the attached Subpoena, under oath, on **October 14, 2024 at 10:00 a.m.** at the law offices of Kozyak Tropin & Throckmorton, LLP, 2525 Ponce de Leon Boulevard, 9th Floor, Miami, FL 33134.  The examination may continue from day to day until completed.

**THE EXAMINEE MAY BE EXCUSED FROM APPEARANCE BY PROVIDING COPIES OF THE REQUESTED DOCUMENTATION AND INFORMATION TO THE ABOVE ADDRESS, TO THE ATTENTION OF ATTORNEY DAVID L. ROSENDORF, ESQ., PRIOR TO THE SCHEDULED DATE OF THE DEPOSITION.**

77801655;1

YOU MUST FIRST CONTACT THE ATTORNEY LISTED BELOW FOR ACCEPTANCE OF ANY COSTS IN PROVIDING COPIES BEFORE YOU WILL BE REIMBURSED FOR SAME.

PLEASE CONTACT THE UNDERSIGNED BEFOREHAND TO ADVISE US IF YOU ARE GOING TO HAND DELIVER DOCUMENTS SO THAT WE CAN MAKE ARRANGEMENTS TO ALLOW YOU TO ACCESS THE OFFICE WITH SECURITY.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order shall be necessary. The Subpoena for Rule 2004 Examination is included with this notice.

**Production**: The examinee or your representatives, must also bring with you to the examination the documents, electronically stored information, or objects described on the attached subpoena, and must permit inspection, copying, testing, or sampling of the materials.

**Production of Electronic Documents**: We would ask that any electronic documents be produced by email, on a flashdrive or CD in pdf format. Alternatively, contact the undersigned counsel at least one day before documents are due for us to send you an invitation to upload documents on a secure network.

All interested parties that plan on attending the examination should contact the undersigned counsel's office to confirm that the examination is going forward on the scheduled date and time before attending as the date and time may change.

77801655;1

Dated: September 30, 2024.    Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON LLP**
*Counsel for Anthony & Olga Ivankovich*
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
E-mail: dlr@kttlaw.com
E-mail: achinchilla@kttlaw.com

By: */s/ David L. Rosendorf*
    David L. Rosendorf
    FL Bar No. 996823
    Alexa G. Chinchilla
    Florida Bar No. 1038664

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and by other methods as listed in the attached service list.

By: */s/ David L. Rosendorf*
    David L. Rosendorf

## SERVICE LIST

**24-15755-LMI Notice will be electronically mailed to:**

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor A&O Family LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor Altas P2 Managing Member LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor Ivankovich Family LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party A&O Family LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party A&O Family LLC (Illiniois)
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Michael S Budwick, Esq on behalf of Interested Party Steven Ivankovich
mbudwick@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Dan L Gold on behalf of U.S. Trustee Office of the US Trustee
Dan.L.Gold@usdoj.gov

Gary A Goldstein on behalf of Debtor A & O Family LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor A&O Family LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor Altas P2 Managing Member LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor Ivankovich Family LLC
gagpa@aol.com, michael@rglawfirm.us

Amanda Klopp on behalf of Debtor A & O Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor A&O Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor Altas P2 Managing Member LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor Ivankovich Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party A&O Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party A&O Family LLC (Illiniois)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party Altas P2 Managing Member LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Ari Newman, Esq. on behalf of Interested Party RBC Capital Markets, LLC and Royal Bank of Canada
newmanar@gtlaw.com, perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Patricia A Redmond on behalf of Creditor Schiller DuCanto & Fleck LLP
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;cgraver@stearnsweaver.com;jless@stearnsweaver.com;mfernandez@stearnsweaver.com

Patricia A Redmond on behalf of Creditor Jeanette Ivankovich
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;cgraver@stearnsweaver.com;jless@stearnsweaver.com;mfernandez@stearnsweaver.com

David L Rosendorf, Esq on behalf of Interested Party Anthony Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

Luis Salazar, Esq. on behalf of Interested Party Township Capital, LLC
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

Luis Salazar, Esq. on behalf of Interested Party Township GP Fund II, LP
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

Luis Salazar, Esq. on behalf of Interested Party Township Orlando, LLC
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

**VIA FEDEX AND CERTIFIED MAIL**

JPMorgan Chase N.A.
c/o Registered Agent CT CORPORATION SYSTEM
1200 S PINE ISLAND RD
PLANTATION, FL 33324

77801655;1

# UNITED STATES BANKRUPTCY COURT
Southern District of Florida
Miami Division

| | |
|---|---|
| In re: | Chapter 11 |
| IVANKOVICH FAMILY LLC<br>A&O FAMILY LLC,<br>A & O FAMILY LLC,<br>ATLAS P2 MANAGING MEMBER, LLC, | Case No.   24-15755-LMI<br>(Jointly Administered)<br>24-15762- LMI<br>24-15767- LMI<br>24-15770- LMI |
| Debtors.<br>_____/ | |

## SUBPOENA FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS

To:    JPMORGAN CHASE BANK N.A.
c/o Registered Agent CT CORPORATION SYSTEM
1200 S PINE ISLAND RD
PLANTATION, FL 33324

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| **PLACE** | **DATE AND TIME** |
|---|---|
| Kozyak Tropin & Throckmorton, LLP<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, FL 33134 | October 14, 2024 @10:00 a.m. |

The examination will be recorded by this method:  N/A

☑ Production: You, or your representatives, must also produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  **Any and all bank statements and Additional Documentation that JPMorgan Chase N.A. maintains with respect to accounts in the name of Ivankovich Family LLC (TIN: 87-4194590), A&O Family LLC(TIN: 36-4066789), A & O Family LLC (TIN: 61-1996865), Atlas P2 Managing Member, LLC (TIN: 47-1998311), Glencoe Family Dwelling LLC, and Premier Orlando Portfolio Two, LLC, <u>specifically including but not limited to</u> account 965067298 in the name of A & O Family LLC, account 930078261 in the name of Glencoe Family Dwelling LLC, and account 905986357 in the name of Premier Orlando Portfolio Two, LLC.  "Additional Documentation" means bank supporting documents that include but not limited to deposit slips with underlying support, complete copies of all canceled checks (front and bank), wire and transfer confirmations, debit memos and withdrawals with underlying support, credit memos with underlying support, and ACH settlement transaction history report containing complete beneficiary or originator, their account number, and the banking institution.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  September 30, 2024

CLERK OF COURT

_____      OR     /s/ David L. Rosendorf
Signature of Clerk or Deputy Clerk                  Attorney's signature

The name, address, email address, and telephone number of the attorney representing **Anthony & Olga Ivankovich**, who issues or requests this subpoena is : **David L. Rosendorf, Esq., Kozyak Tropin & Throckmorton, LLP, 2525 Ponce de Leon Blvd., 9th Floor, Miami, FL 33134,** <u>dlr@kttlaw.com</u>**, 305-372-1800.**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Page 1 of 3

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (name of individual and title, if any): _____
on (date) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them