UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

IVANKOVICH FAMILY LLC
A&O FAMILY LLC,
A & O FAMILY LLC,
ATLAS P2 MANAGING MEMBER, LLC,

    Debtors.
_____/

Chapter 11

Case No. 24-15755-LMI
(Jointly Administered)
24-15762- LMI
24-15767- LMI
24-15770- LMI

### APPLICATION TO EMPLOY VONN R. CHRISTENSON AND THE CHRISTENSON LAW FIRM LLP AS SPECIAL CALIFORNIA COUNSEL TO THE DEBTORS EFFECTIVE AS OF JUNE 10, 2024

IVANKOVICH FAMILY LLC, A&O FAMILY LLC, a Florida limited liability company, A & O FAMILY LLC, an Illinois limited liability company, and ATLAS P2 MANAGING MEMBER, LLC ("Atlas P2") (collectively, the "Debtors" or "Debtors-in-Possession"), pursuant to 11 U.S.C. § 327(e), requests the entry of an order, authorizing the employment of Vonn R. Christenson, Esq. ("Mr. Christenson") and the Christenson Law firm LLP ("Christenson") to represent the Debtor Atlas P2 as special California counsel in the pending action styled *Township Orlando LLC et al , v. Atlas P2 Managing Member, LLC et al.* Case No.19STCV00630 (the "California Action") effective as of the June 10, 2024 Petition Date and in support states as follows:

### I.    JURISDICTION

1. This Court has jurisdiction over these cases pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §1408. The statutory predicate for the relief requested herein is 11 U.S.C §§ 105, 327(e), 328(a), 330, and 331, and Fed. R. Bankr. P. 2014 and 2016.

77192280;2

## II. BACKGROUND AND BUSINESS OPERATIONS

2. On June 10, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11, title 11, United States Code, 11 U.S.C. § 101-1531 (the "Bankruptcy Code").

3. On June 20, 2024, this Court entered an order granting the joint administration of the Debtors Chapter 11 Bankruptcy Cases under the above styled lead case. *See* ECF No. 15.

4. The Debtors are operating their business and managing their affairs as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. As of the date hereof, no trustee or examiner has been appointed in this case and no official committee has been appointed pursuant to Section 1102 of the United States Bankruptcy Code.

## III. RELIEF REQUESTED

6. By this Application and subject to the terms and conditions set forth below, the Debtors-in-Possession seek to employ and retain Christenson as their special California counsel in the California Action. The California Action involves Debtor Atlas P2 and property of these estates, and therefore the Debtor Atlas P2 must defend the California action as part of these bankruptcy proceedings. Christenson is currently representing the Debtor Atlas P2 in the California Action, therefore making them the most knowledgeable and affordable option to the Debtors, in regards to this dispute.

### A. Services to be Provided

7. The services of Christenson are necessary to enable the Debtors-in-Possession to reorganize and continue operating under current management. Christenson will be tasked with defending the California Action on behalf of the Debtor Atlas P2.

B. **Terms of Retention**

8. Christenson intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in these Chapter 11 cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court. Christenson will seek compensation for the services of each professional and para-professional acting on behalf of the Debtors-in-Possession in these cases at the then-current rate charged for such services.

9. For the services set forth in this Application, including reasonable out of pocket expenses that would be required, the Debtors-in-Possession desire to pay Christenson at the following rates:

  a. Vonn R. Christenson: $400/hour
  b. Associates: $225/hour
  c. Paralegals: $150/hour

10. Other than as set forth herein and in the of Vonn R. Christenson Affidavit (defined below), no arrangement is proposed between the Debtors-in-Possession and Christenson for compensation to be paid in this case, and no agreement or understanding exists between Christenson and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case.

11. Christenson also represents Atlas Holdings Investments LLC, Consilient Holdings Investments, LLC, and Steven Ivankovich in the California Action. Christenson will bill the other parties that it represents in this action separately for services rendered to them and will not charge the Debtors or estates amounts for representing such other parties.

12. No previous request for the relief sought in this Application has been made to this Court or any other Court.

13. Christenson's Retention Letter is attached hereto as **Exhibit A**.

### IV. BASIS FOR RELIEF REQUESTED

14. Section 327(e) of the Bankruptcy Code authorizes the Debtors to employ special counsel if such employment is in the best interest of the estate, and if such attorney does not hold or represent any interest adverse to the Debtors or to the estate with respect to the matter on which such attorney is to be employed. 11 U.S.C. § 327(e).

15. The Debtors-in-Possession believe that the employment of Christenson pursuant to the terms of this Application is in the best interest of the estates.

16. The Debtors-in-Possession submit that they require the services of a qualified California counsel to defend the California Action.

17. The Debtors-in-Possession believe that Christenson is eminently qualified to serve as special California counsel in the California Action and that the retention of Christenson is in the best interest of the Debtors-in-Possession and the estate, creditors and interest holders.

### V. LACK OF ADVERSE INTEREST OF PROPOSED SPECIAL COUNSEL

18. The Debtors-in-Possession have selected Christenson because of their experience and because Christenson has institutional knowledge in order to continue representing the Debtors in the California Action.

19. As set forth in the Affidavit of Vonn R. Christenson (the "Christenson Affidavit") attached hereto as Exhibit B, Christenson's prepetition employment by the Debtors resulted in a prepetition obligation of $41,950.03 that is still owed. Christenson does not represent or hold any interest adverse to the Debtors-in-Possession or to the estate with respect to the matters upon which it is to be engaged which would preclude its representation herein, and Christenson has no connections with any creditors of the Debtors-in-Possession, any other party in interest, its respective attorneys and accountants, the Office of the United States Trustee, or any person

employed in the Office of the United States Trustee. Christenson is disinterested as such term is defined by Section 1010(14) of the Bankruptcy Code.

20. Courts recognize that having claims against the estate for unpaid prepetition professional fees does not amount to an "interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed" for purposes of § 327(e), which is a different standard from that of § 327(a). *See, e.g., In re DeVlieg, Inc.*, 174 B.R. 497, 503 ("[S]ection 327(e) ...permit[s] counsel to have claims for prior fees."); *In re Potter*, No. 7–05–14071 MA, 2009 WL 2922850, at *1 (Bankr. D.N.M. June 12, 2009) ("A pre-petition claim for unpaid professional fees arising from proposed special counsel's pre-petition representation of the Debtor does not disqualify such counsel from representing the trustee under 11 U.S.C. § 327(e)."); *In re EBW Laser, Inc.*, 333 B.R. 351, 359, n.3 (Bankr. M.D.N.C. 2005) (same); *In re Henlar, Ltd.,* Civ. A. No. 96–2374, 1997 WL 4567 at *1, 3-4 (E.D. La. Jan. 6, 1997) (same); *In Re Mallinckrodt PLC*, No. BR 20-12522-JTD, 2022 WL 906462, at *6 (D. Del. Mar. 28, 2022) (same).

21. Christenson does not currently have on hand any retainer against which it may bill for services rendered to the estate.

**WHEREFORE**, the Debtors-in-Possession respectfully request that the Court enter an order: (i) authorizing the Debtors-in-Possession's retention of Christenson effective June 10, 2024 upon the terms outlined in this Application and (ii) granting such other and further relief as is just and proper.

|  |  |
|---|---|
| Dated: October 1, 2024 | By: */s/ Eyal Berger*<br>Eyal Berger, Esq.<br>Florida Bar No. 01106<br>eyal.berger@akerman.com<br>AKRMAN LLP<br>201 East Las Olas Boulevard, Suite 1800<br>Fort Lauderdale, FL 33301<br>Tel: (954) 463-2700<br>Fax: (954) 463-2224<br>- and -<br>Amanda Klopp, Esq.<br>Florida Bar No. 124156<br>amanda.klopp@akerman.com<br>**AKERMAN LLP**<br>777 South Flagler Drive<br>Suite 1100-West Tower<br>West Palm Beach, Florida 33401<br>Tel: (561) 653-5000<br>Fax: (561) 659-6316<br>*Counsel for Debtors* |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

By: /s/ *Eyal Berger*
Eyal Berger, Esq.
Florida Bar No. 11069
eyal.berger@akerman.com
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-463-2700
Fax: 954-463-2224
*Counsel to the Debtors*

# EXHIBIT A

**[Retention Letter]**

## **AGREEMENT FOR LEGAL SERVICES**

This Agreement is the written fee contract that California law requires lawyers to have with their clients.  It is between on the one hand Christenson Law Firm, LLP ("CLF"); and on the other hand ATLAS HOLDINGS INVESTMENTS LLC, a Delaware limited liability company; CONSILIENT HOLDINGS INVESTMENTS, LLC, a Delaware limited liability company; ATLAS P2 MANAGING MEMBER, LLC, a Delaware limited liability company; and STEVEN IVANKOVICH, an individual (collectively "Client").

1. **Conditions:**  This Agreement will not take effect, and CLF will have no obligation to provide legal services, until you return a signed copy of this Agreement and pay the retainer called for in paragraph 4.

2. **Scope of Services:**  You are hiring CLF as your attorneys (limited local counsel) to represent you in a breach of contract action.  CLF will provide those legal services reasonably required to represent you.  CLF will take reasonable steps to keep you informed of progress, will respond to your inquiries and will represent you in Court.  You should not hesitate to contact CLF whenever you have questions or comments of any kind.  This Agreement will terminate once an Order or Judgment is filed, or a settlement or resolution is otherwise attained.  This Agreement specifically does not extend to any appeals or enforcement proceedings, and a new agreement for such legal services will be required.

3. **Client's Duties:**  You agree to be truthful with CLF, to cooperate, to keep CLF informed of developments, to promptly produce documents when requested, to appear at all Court proceedings, to pay your bills on time and to keep CLF advised of your address, telephone number and whereabouts.  You are reminded that discussions between or among employees without an attorney present, or with people who are not parties to the case, may be discoverable and that you should exercise caution accordingly when discussing this case without counsel present.

4. **Retainer:**  You agree upon the execution of this Agreement to pay us a refundable retainer in the sum of $7,500.00.  The retainer will be placed in a trust account from which we will be authorized to pay ourselves without further authorization from you as fees are earned and/or as costs are incurred.  The payment in full of our billings will continually restore the retainer to its full amount.  When the retainer is exhausted, we reserve the right to demand future deposits.  Alternatively, CLF may elect not to draw on the retainer as long as you pay our monthly billings promptly.  At the conclusion of this matter, any remaining balance in the retainer account will be returned to you.  You understand and agree that your legal fees, costs, expenses and disbursements could substantially exceed the amount of this retainer, and that the retainer should not be viewed as a quota or limitation on monthly fees because the amount of legal work is subject to many factors outside of our control.  Any unused and unearned future deposits will be refunded at the conclusion of our services.  CLF shall have the right to cease legal work and keep all funds previously deposited if the Client does not furnish CLF with necessary, complete and truthful information and documents, if the Client does not cooperate fully with CLF in the handling of this matter, and/or if the Client does not keep the fee and costs account current.

5. **Legal Fees and Billing Practices:**  You agree to pay CLF for its services at the rate of $370/hour for partners, $225/hour for associates, and $150/hour for paralegals.  CLF reserves the right to increase the hourly rate at its option and the Client agrees to pay such

1

increased rate, but only after receiving at least sixty (60) days' written notice of any proposed increase in the hourly rate. It is understood that work completed to date, prior to this formal Agreement, will be paid.

6. **Costs and Other Charges:**
   A. <u>In General:</u>  In addition to legal fees, CLF will incur various costs and expenses in performing legal services under this Agreement. You agree to pay for those costs and expenses in addition to legal fees. The costs and expenses commonly include parking and mileage (at the current I.R.S. rates), filing fees, the cost of outside research databases, the cost of court reporters and transcripts, postage and courier costs, long distance calls, travel expenses, food and lodging, and fees fixed by law or assessed by Courts and other agencies. At CLF's election, such costs and expenses may not appear on our billings until a month or two after they are paid or incurred, or until after the matter is resolved. All costs and expenses will be charged at cost.
   B. <u>Experts, Consultants and Investigators:</u>  To aid in the preparation or presentation of your case, it may become necessary to hire expert witnesses, consultants or investigators. CLF will not hire such person unless you agree to pay their fees and charges. CLF will select any expert witnesses, consultants or investigators to be hired and you will pay for their costs and expenses.

7. **Billing Statements:**  CLF will send you monthly statements for fees and costs incurred. Each statement will be due within fifteen (15) days of its date. If not paid within fifteen (15) days of the date of the statement, then said charges will incur interest at the rate of 1% per month. Please contact us promptly if there is ever any question or concern of any kind about any of our billings. If no question is promptly raised, it will be assumed that our billings are satisfactory.

8. **Liens:**  You hereby grant CLF a lien on any and all claims or causes of action that are the subject of our representation under this Agreement. Our lien will be for any sums owing to us at the conclusion of CLF's services. The lien will attach to any recovery you may obtain, whether by judgment, settlement or otherwise.

9. **Negotiation of Fees:**  CLF's fees set forth above are not set by law but are negotiable between you and CLF.

10. **Approval Necessary for Settlement:**  No settlement of any nature will be made for you without your complete approval.

11. **Discharge and Withdrawal:**  You may discharge CLF at any time. CLF may withdraw without your consent for good cause. Good cause includes your breach of this Agreement, including for nonpayment of fees or costs, your refusal to cooperate with CLF or to follow legal advice on a material matter, and/or any fact or circumstances that would render continuing representation unlawful or unethical. When CLF's services conclude, all unpaid charges will immediately become due and payable. After services conclude, CLF will upon your request deliver your file to you, along with any funds or property belonging to you in our possession. If it becomes necessary for CLF to file a Motion to Withdraw as counsel of record of the Client, the Client agrees to pay all CLF's fees and costs associated with the preparation, filing and court appearances associated therewith, as well as all time, at the current hourly rate, necessary to collect the Client's fee and cost obligation to CLF,

including fees and costs to collect CLF's fees and costs ordered to be paid by the other party for the underlying litigation.

12. **Errors and Omissions Insurance:** CLF does carry Errors and Omissions Insurance which meets the criteria set forth in California Business and Professions Code Section 6148.

13. **Disclaimer of Guarantee:** Nothing in this Agreement and nothing in CLF's statements to you will be construed as a promise or guarantee about the outcome of your matter. CLF makes no such promises or guarantees.

14. **Effective Date:** This Agreement will take effect on the date on which it is signed by the parties hereto or payment of the required retainer.

15. **Complete Agreement:** This Agreement reflects all the terms of our engagement. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of the provision and of the entire Agreement will be severable and remain in effect.

16. **Receipt of Copy:** By executing this Agreement, you do hereby acknowledge receipt of a copy of this Agreement.

17. **Client's File:** CLF will retain your file and documents for 5 years, after which time you authorize CLF to destroy your file.

DATED: 9/12/22

CHRISTENSON LAW FIRM, LLP

By: _____
VONN R. CHRISTENSON

I have read and understood the foregoing terms. I agree to them and I agree to be bound by this Agreement and to pay all sums as set forth in this Agreement.

DATED: 9/12/22

By Gary Gotitein His Counsel
_____
Steven Ivankovich, individually

SIGNATURES CONTINUED ON NEXT PAGE

3

DATED: 9/12/22

by Gary Goldstein
Counsel with authority

_____
Steven Ivankovich, Manager for
ATLAS HOLDINGS INVESTMENTS LLC,
a Delaware limited liability company

DATED: 9/12/22

by Gary Goldstein Counsel

_____
Steven Ivankovich, Manager for
CONSILIENT HOLDINGS INVESTMENTS, LLC,
a Delaware limited liability company

DATED: 9/12/22

by Gary Goldstein Counsel

_____
Steven Ivankovich, Manager for
ATLAS P2 MANAGING MEMBER, LLC,
a Delaware limited liability company

4

# EXHIBIT B

**[Declaration]**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

In re:

IVANKOVICH FAMILY LLC
A&O FAMILY LLC,
A & O FAMILY LLC,
ATLAS P2 MANAGING MEMBER, LLC,

Debtors.
_____/

Chapter 11

Case No. 24-15755-LMI
(Jointly Administered)
24-15762- LMI
24-15767- LMI
24-15770- LMI

## DECLARATION OF VONN R. CHRISTENSON

Vonn R. Christenson, Esq. makes this Declaration pursuant to 28 U.S.C. § 1746, and states:

1. My name is Vonn R. Christenson. I am an attorney admitted to practice in the state of California.

2. I am a partner at the Christenson Law Firm LLP ("Christenson "), with offices located at 472 West Putnam Ave. Porterville, CA 93257. I am familiar with the matters set forth herein and make this Affidavit in support of the *Application to Employ Vonn R. Christenson, Esq. and Christenson Law Firm LLP as Special California Counsel to the Debtor Effective as of June 10, 2024* (the "Application") filed by IVANKOVICH FAMILY LLC, A&O FAMILY LLC, a Florida limited liability company, A & O FAMILY LLC, an Illinois limited liability company, and ATLAS P2 MANAGING MEMBER, LLC ("Atlas P2") (collectively, the "Debtors" or "Debtors-in-Possession").

3. Unless it otherwise states, this Declaration is based upon facts of which I have personal knowledge.

4. The professional fees and costs incurred by Christenson, incurred in the course of its representation of the Debtors, shall be subject in all respects to the application and notice

77192280;2

requirements of 11 U.S.C. § 330 and 331 and Rules 2014 and 2016 of Federal Rules of Bankruptcy Procedure.

5. The hourly rates for the attorneys at Christenson range from $300/hr to $400/hr. I will be special counsel on this case and my hourly rate is $400/hr. The hourly rate of paralegals at Christenson are $150/hr. The hourly rates discussed above are mine and Christenson's standard hourly rates charged to all clients. These rates are subject to adjustment, generally on an annual basis to reflect, among other things, experience and seniority.

6. Prepetition, Christenson served as counsel for Debtor Atlas P2 Managing Member, LLC, who is a defendant in the pending action styled *Township Orlando LLC et al , v. Atlas P2 Managing Member, LLC et al.* Case No.19STCV00630 (the "California Action").

7. Christenson also represents Atlas Holdings Investments LLC, Consilient Holdings Investments, LLC, and Steven Ivankovich in the California Action. Christenson will bill the other parties that it represents in the California Action separately for services rendered to them and will not charge the Debtors or estates amounts for representing such other parties.

8. Debtor Atlas P2 owes Christianson a total of $41,950.03 for prepetition services rendered.

9. Christenson does not currently have on hand any retainer against which it may bill for services rendered to the estate.

10. Neither I or Christenson represent or hold any interest adverse to the Debtors-in-Possession or the estates with respect to the matters on which it is to be employed as required by 11 U.S.C. § 327(e). I believe my representation of the other defendants in the California Action is not adverse to the Debtors-in-Possession, or to the estates.

11. This concludes my declaration.

**28 U.S.C. § 1746 Declaration**

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 1, 2024.

_____
Vonn R. Christenson
Christenson Law Firm LLP
(559) 784-4934 MAIN
(559) 784-3431 FAX
E-MAIL: vrc@christensonlaw.com

3