UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>Ivankovich Family LLC,<br>A&O Family LLC (Florida),<br>A & O Family LLC (Illinois),<br>Atlas P2 Managing Member, LLC<br><br>       Debtors. | Chapter 11 Case<br><br>Jointly Administered<br><br>Case Nos. 24-15755-LMI<br>              24-15762-LMI<br>              24-15767-LMI<br>              24-15770-LMI |

**OBJECTION TO DEBTOR A&O FAMILY LLC'S
MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL**

Creditor, Jeanette Ivankovich ("Jeanette Ivankovich"), by and through undersigned counsel, files this Objection to Debtor A&O Family LLC's ("A&O Family") Motion for Order Authorizing Use of Cash Collateral ("Motion") [ECF 149], and states as follows:

**PRELIMINARY STATEMENT**

1. The Motion represents an attempt by the Debtors to circumvent the Preliminary Injunction entered by the Divorce Court in Illinois.

2. Specifically, the Motion seeks the extraordinary relief of allowing A&O Family to loan $5 million of Cash Collateral, as that term is defined in the Motion, to a non-debtor entity – Record Owners[1] – which, the Debtors assert, hold and own assets of $30 million free and clear of liens and encumbrances.

---

[1] Record Owners, as defined in the Motion, includes Pilgrim Warwick Owner LLC, Pilgrim Coulter Owner LLC, and Pilgrim Windtree Owner LLC – the record owners of The Warwick, Coulter Landing, and Windtree (i.e. the P-5 Properties).

1

3.   Additionally, the Motion fails to address adequate protection pursuant to 11 U.S.C. §§ 361 and 363(c)(2)(A) and (B) for Jeanette Ivankovich and other creditors. Without adequate protection or consent, A&O Family's use of Cash Collateral as proposed must be denied.

## BACKGROUND

In connection with an ongoing divorce proceeding in the State of Illinois brought by his estranged wife, Jeanette Ivankovich, the divorce court (the "Illinois Divorce Court") ordered Steven Ivankovich to pay Jeanette and their children retroactive and monthly maintenance and child support on or about November 6, 2023. Steven has refused to pay or comply with the court orders in any manner. Instead, Steven took affirmative steps to deprive Jeanette and the children of all financial resources necessary for basic living and doubled down by concealing, selling, or transferring marital assets.

On May 23, 2024[2], the Illinois Divorce Court entered a preliminary injunction against Steven Ivankovich finding, among other things, that Steven's companies, including A&O Family, are his alter ego and that Jeanette Ivankovich has a clear protectable right in any assets of the Debtors that constitute marital property. To preserve the martial property pending final adjudication and equitable distribution, the Illinois Divorce Court froze some of Debtors' investment accounts that were found to be marital property. The Debtors subsequently requested, and were denied, stays of relief at both the Illinois trial court and appellate court levels. One (1) day before their request for was denied, Debtors voluntarily initiated this bankruptcy seeking protection under Chapter 11 of Title 11 of the United States Code.

---

[2] Aforesaid Preliminary Injunction was circulated by the Circuit Court of Cook County on May 23, 2024 and was inadvertently stamped with the incorrect date of March 12, 2024. Pursuant to the Circuit Court of Cook County's May 23, 2024 Order, the Preliminary Injunction "shall be dated and is effective as of May 23, 2024."

2

**OBJECTION**

**A&O Family Cannot Use Debtor Money to Pay for
Expenses and Taxes of Non-Debtor Entities**

The Motion centers on multi-family properties known as the "P-5 Portfolio," within which exists the "P-5 Properties" – three apartment complexes (The Warwick, Coulter Landing, and Windtree) that are owned by non-Debtor entities, the Record Owners. For ease of reference, the following chart summarizes the chain of ownership over the P-5 Properties, as represented and described by A&O Family in the Motion:



To support its Motion, A&O Family argues that Overlook Managing Member LLC – an upstream owner of the Record Owners – is somehow an "affiliate" of Debtors Ivankovich Family LLC and A&O Illinois. Mot. at ¶6. However, the relationship between Overlook Managing Member LLC and those Debtors is simply too attenuated to authorize the payments to or use of

3

the Cash Collateral in the manner prescribed by A&O Family.[3] Importantly, the chain of ownership for the P-5 Properties, as described and summarized by A&O Family, confirms A&O Family's impermissible use of Debtor money to pay the expenses, taxes, and liens for non-Debtor entities. *See Matter of Plaza Family P'ship*, 95 B.R. 166, 172 (E.D. Cal. 1989) (reversing Bankruptcy Court order which previously authorized the debtor partnership to use cash collateral to pay tax liabilities of its individual non-debtor partners). Moreover, A&O Family's request raises the question of why non-debtor entities, which hold and own assets of $30 million free and clear of liens and encumbrances, require an additional $5 million of Cash Collateral from A&O Family.

### A&O Family's Motion Fails to Adequately Protect Jeanette Ivankovich

A&O Family also fails to meet its burden under Sections 361 and 363 of the Bankruptcy Code to adequately protect Jeanette Ivankovich's interest in the Cash Collateral. *See* 11. U.S.C. §§ 361, 363. In support of its Motion, A&O Family argues that the "Cash Collateral *may also be alleged* to be subject to contingent claims of Jeanette Ivankovich and Schiller Ducanto & Fleck LLP . . . by virtue of the entry of a preliminary injunction entered in the divorce case of Steven Ivankovich and Jeanette Ivankovich." Mot. at ¶33 (emphasis added). Moreover, A&O Family claims "at most, Jeanette Ivankovich and Schiller Ducanto & Fleck have a disputed interest in A&O Florida's Celadon account, by virtue of a non-final divorce court order that Debtors believe was improperly entered without due process, they do not have any lien on the Cash Collateral." *Id.* at ¶34. A&O Family finally claims that "[e]ven if Jeanette Ivankovich and Schiller Ducanto & Fleck were interested parties for purposes of this Motion with the right to object, the other assets

---

[3] Additionally, in 2023, Steven Ivankovich stated under penalty of perjury via a Verified Complaint that he was the 93% owner of Overlook Managing Member LLC. *See P-5 GRA, LLC v. Steven Ivankovich et al.*, Case No. 2023-1182, in the Court of Chancery of the State of Delaware.

4

of A&O Family," which purportedly include roughly $12.7 million in securities and bonds, "would be more than sufficient to satisfy their alleged interest." *Id.* at ¶35.

These proposed measures are illusory and fall well short of providing adequate protection for Jeanette Ivankovich which, as interpreted by various courts include, without limitation: (i) making cash payments, (ii) providing additional or replacement liens, or (iii) "granting such other relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." *See Desert Fire Protection, et al. v. In re Fontainebleau Las Vegas Holdings, LLC, (In re Fontainebleau Las Vegas Holdings, LLC),* 2010 WL 2774828, *25 (S.D. Fla., July 14, 2010) (citing 11 U.S.C. § 361(3)). Regardless of the form of adequate protection, to determine whether protection is adequate, the proposal "should nearly as possible under the circumstances of the case provide the creditor with the value of its bargained for rights." *The Resolution Trust Corp. v. Swedeland Development Group, Inc. (In re Swedeland Development Group, Inc.),* 16 F.3d 552, 564 (3d. Cir. 1994). The adequacy of the protection depends upon how effectively such protection compensates the secured creditor for the loss of value that will result from the use of its collateral. *Id.* Accordingly, as the District Court reasoned in *Fontainebleau LV*, adequate protection must be "completely compensatory." *Id.* at 25 (discussing adequate protection in the context of 11 U.S.C. § 364(d)).

Here, pursuant to that certain Citation to Discover Assets to a Third Party, served upon RBC and filed in the Illinois Divorce Court, on or about April 18, 2024, under Illinois law Jeanette Ivankovich has a secured interest in A&O Florida's RBC accounts and any accounts under Steven Ivankovich's control, possession, and signatory authority. Thus, A&O Family's request does not offer adequate protection in exchange for its continued use of Cash Collateral. Without consent or adequate protection, the Motion must be denied.

5

**CONCLUSION**

A&O Family cannot use its Motion to circumvent the Preliminary Injunction entered by the Divorce Court in Illinois and cannot justify using debtor funds for non-debtor obligations. Without the ability to adequately protect Jeanette Ivankovich's and other creditor's interests, the Motion must be denied.

**WHEREFORE**, Jeanette Ivankovich respectfully requests that this Court enter an order (i) denying Debtor A&O Family LLC's Motion for Order Authorizing Use of Cash Collateral [ECF 149]; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: November 11, 2024

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: /s/ *Patricia A. Redmond*
PATRICIA A. REDMOND
Florida Bar No. 303739
predmond@stearnsweaver.com

*Counsel for Jeanette Ivankovich*

6

## CERTIFICATE OF SERVICE

I CERTIFY that I caused this document to be filed electronically on November 11, 2024, via the Court's CM/ECF website. I further certify that the document is being furnished as it is entered on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF upon those counsel or parties who are authorized to receive NEF in this case as indicated on the attached Service List.

By: /s/ *Patricia A. Redmond*
PATRICIA A. REDMOND