UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 24-15755-LMI |
| | Chapter 11 |
| IVANKOVICH FAMILY LLC | (Jointly Administered) |
| A&O FAMILY LLC (FL), | 24-15762-LMI |
| A&O FAMILY LLC (IL), | 24-15767-LMI |
| ATLAS P2 MANAGING MEMBER, LLC | 24-15770-LMI |
| | |
| Debtors. | |
| _____/ | |

**DEBTORS' AGREED MOTION TO LIFT THE AUTOMATIC
STAY TO LIQUIDATE THE TOWNSHIP ENTITIES' CLAIM**

Debtor Atlas P2 Managing Member, LLC ("Atlas P2"), and related entities, Ivankovich Family LLC, A&O Family LLC (FL) and A&O (IL) (collectively with Atlas P2, the "Debtors"), move this Court for entry of an order pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 4001-1 of the Local Rules for the Southern District of Florida (the "Local Rules") lifting the automatic stay to permit Township Capital, LLC, Township GP Fund II, LP, and Township Orlando, LLC (collectively, the "Township Entities") to liquidate the Remaining Township Entities Claim in the pending California Litigation (each as defined below).

**Background**

**A.     Bankruptcy Case**

1.     On June 10, 2024 (the "Petition Date"), Debtors filed petitions under Chapter 11 of the Bankruptcy Code.

2. Since the Petition Date, Debtors have operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

**B.      The California Litigation**

3. On January 8, 2019, the Township Entities commenced an action in the Superior Court of the State of California, County of Los Angeles, Central District (the "California State Court") against Atlas Holdings Investments LLC, Consilient Holdings Investments, LLC, and Atlas P2 Managing Member, LLC, Case No. 19STCV00630 (the "California Litigation").

4. On October 2, 2024, following an order by the California State Court granting the Township Entities motion for leave to file a second amended complaint, the Township Entities filed a Second Amended Complaint in the California Litigation against Atlas Holdings Investments LLC, Consilient Holdings Investments, LLC, Atlas P2 Managing Member, LLC, Atlas Apartment Homes, LLC dba Atlas Residential, LLC, Anthony Ivankovich and State Ivankovich and Does 2-10. A copy of the Second Amended Complaint (without exhibits) is attached hereto as **Exhibit 1**. On November 22, 2024, the California State Court entered an order granting the Township Entities' Motion to Compel certain discovery from various parties in the California Litigation (the "Discovery Order"). A true and correct copy of the Discovery Order is attached hereto as **Exhibit 2**.

5. A trial date in the California Litigation has been set for April 21, 2025.

**C.      The Township Entities Proofs of Claim**

6. As more fully described in *Debtors' Omnibus Objection to Claims of Township Entities* (D.I. 134) (the "Omnibus Claim Objection"), the Township Entities filed a multitude of claims in each of Debtors' chapter 11 cases.

7. Following Debtors' filing of the Omnibus Claim Objection, Debtors and the Township Parties agreed to partially resolve the Omnibus Claims Objection and the treatment of

2

the Township Entities claims, as set forth in that certain *Agreed Order Sustaining, In Part, Debtors' Omnibus Objection to Claims of Township Entities* (D.I. __) (the "Claims Order"), which provides, *inter alia*, as follows:

- Claim No. 2-1 asserted against the Atlas P2 Managing Member, LLC bankruptcy estate by Township Capital, LLC shall be deemed amended and modified as to be asserted by and on behalf of all Township Entities against Debtor Atlas P2 Managing Member, LLC in a disputed, contingent, and unliquidated amount of $40,000,000 (the "Remaining Township Entities Claim").

- The Debtors and the Township Entities shall submit a separate proposed order for the Court's consideration that consensually lifts the automatic stay to allow the Township Entities and Debtor Atlas P2 Managing Member, LLC to fully liquidate the Remaining Township Entities Claim in the California Litigation, including prosecuting any and all appeals necessary to fully liquidate the Remaining Township Entities Claim .

- In the event that the liquidation of the Remaining Township Entities Claim results in a judgment that makes Debtors Ivankovich Family, LLC, A&O Family, LLC (Illinois), or A&O Family, LLC (Florida) liable for any portion of the Remaining Township Entities Claim, the Township Entities shall have thirty (30) days from the entry of any judgment to file an amended proof of claim against any Debtor held liable on account of the Remaining Township Entities Claim.

*See* Claims Order at ¶¶ 5-7.

### Relief Requested

8.      With Debtors and the Township Entities having reached an agreement to liquidate the Remaining Township Entities Claim in the pending California Litigation, by this Agreed Motion, Debtors, with the agreement of the Township Parties, respectfully request entry of an order pursuant to § 362(d)(1) of the Bankruptcy Code, Rule 4001 and Local Rule 4001-1, granting relief from the automatic stay to allow the Township Entities and Debtor Atlas P2 Managing Member, LLC to fully liquidate the Remaining Township Entities Claim in the California Litigation, including prosecuting any and all appeals necessary to fully liquidate the Remaining

Township Entities Claim . With the consent and acknowledgement of the Township Entities, such relief shall be limited to the liquidation of the Remaining Township Entities Claim and the parties agree that the automatic stay shall remain in full force and effect as to any legal right for the Township Entities to enforce or collect upon any ultimate money judgment against the Debtors or any assets of the Debtors; *provided*, *however*, that nothing shall prevent the Remaining Township Entities Claim being enforced and collected against any non-Debtor which shall proceed without interruption and irrespective of these Chapter 11 proceedings. The relief from stay shall be effective upon the entry of an Order by this Court granting the Motion and shall have no retroactive application. For the avoidance of doubt, the Debtors shall not be subject to any relief granted to the Township Entities pursuant to the Discovery Order and any discovery sought from the Debtors in the California Litigation shall be required to be obtained under the applicable discovery rules and due dates detailed in the applicable California Rules of Civil Procedure.

## Basis for Relief

9.      Pursuant to § 362(a) of the Bankruptcy Code, all actions against property of the Debtors' estates are stayed as of the Petition Date by the automatic stay. 11 U.S.C. § 362(a). The Bankruptcy Code permits a court to lift the automatic stay for "cause." 11 U.S.C. § 362(d)(1). The term "cause" is not defined by the Bankruptcy Code. *In re Paxson Elec. Co.*, 242 B.R. 67 (Bankr. M.D. Fla. 1999) ("The Bankruptcy Code does not define the term "cause", therefore, courts must determine when relief from stay is appropriate on a case by case basis.")

10.     The legislative history of § 362 provides that "cause" may exist solely due to "a desire to permit an action to proceed . . . in another forum." H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-44 (1977). The legislative history further explains:

>It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave to parties to their chosen forum, and to relieve the bankruptcy court from any duties that may be handled elsewhere.

11. "Bankruptcy Courts have the discretion 'to modify [a] stay and permit actions involving the [d]ebtor in other forums to proceed.'" *IAG Engine Center Corp. v. Cagney Global Logistics, Inc. (In re Cagney Global Logistics, Inc.)*, Case No. 1:17-cv-23271-KMM, WL 7905009, at *2 (S.D. Fla. May 1, 2019) (citing *In re Harris*, 7 B.R. 284, 286 (S.D. Fla. 1980); *In re BFW Liquidation, LLC*, No. 09–00634–BGC–11, 2009 WL 8003536, at *2 (Bankr. S.D. Ala. Sept. 14, 2009) ("Many courts have recognized that 'cause' for granting relief from the stay may exist if the equities in a particular case dictate that a lawsuit, or some other similar pending action, should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim on which the lawsuit is premised.")). Moreover, whether to lift a stay in this Court is within this Court's discretion. *Cagney Global*, WL 7905009, at *2 (citing *Mighty v. Miami-Dade Cty.*, Case Number: 14-23285-CIV-MORENO, 2016 WL 754772, at *2 (S.D. Fla. Feb. 24, 2016) (internal citation omitted)). "In exercising such discretion, the Court should consider the facts of [the] case and the public interest." *Id.*

12. Here, only one of the defendants (among many) in the California Litigation is a debtor (Atlas P2) and many of the defendants are not otherwise subject to the jurisdiction of this Court. Moreover, the issues raised in the California Litigation are governed by, and require an analysis of, state law. None of those issues arise under the Bankruptcy Code or in the bankruptcy case. The California State Court has expertise in determining these issues and familiarity with the California Litigation, which has been pending for almost six (6) years and is scheduled to go to trial in the early part of 2025. Allowing the California Litigation to proceed in the California State Court will avoid a burden on this Court and a waste of this Court's valuable resources for a matter

5

the California State Court is poised to address relatively quickly. For all these reasons, judicial economy dictates that the California Litigation proceed in the California State Court.

13. Moreover, given that the Township Parties have agreed that the stay will remain in place as to the enforcement or collection of any judgment against the Debtors or their assets, there is no great prejudice to Debtors' estates should the stay be lifted.

14. Finally, the fact that Debtors and the Township Parties agree that the underlying California Litigation should proceed in the California State Court also serves as cause to lift the stay. *See*, *e.g.. Cagney Global*, WL 7905009, at *2 ("Given the Bankruptcy Court's modification of the automatic stay, the intertwined nature of the claims at issue, as well as the agreement among the parties that the underlying litigation should proceed, the Court finds good cause to lift its stay as to Plaintiff's claim against Cagney, and Cagney's third party claim against Nolan and AJS").

## Conclusion

15. For all of these reasons, Debtors respectfully submit that cause exists to lift the automatic stay under § 362(d)(1) to allow the Township Entities and Debtor Atlas P2 Managing Member, LLC to fully liquidate the Remaining Township Entities Claim in the California Litigation, including prosecuting any and all appeals necessary to fully liquidate the Remaining Township Entities Claim .

**WHEREFORE**, Debtors respectfully request that the Court enter the Agreed Order, substantially in the form annexed hereto as **Exhibit 3,** and granting such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: December 4, 2024 | By: /s/ *Eyal Berger*<br>Eyal Berger, Esq.<br>Florida Bar Number: 0011069<br>Email: eyal.berger@akerman.com<br>**AKERMAN LLP**<br>201 East Las Olas Boulevard, Suite 1800<br>Fort Lauderdale, FL 33301<br>Tel: 954-463-2700<br>Fax: 954-463-2224<br>*Counsel for Debtors* |

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case as listed in the attached service list.

By: /s *Eyal Berger*
Eyal Berger, Esq.

79023712;1

## **SERVICE LIST**

**24-15755-LMI Notice will be electronically mailed to:**

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor A&O Family LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor Altas P2 Managing Member LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor Ivankovich Family LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party A&O Family LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party A&O Family LLC (Illiniois)
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Michael S Budwick, Esq on behalf of Interested Party Steven Ivankovich
mbudwick@melandbudwick.com, ltannenbaum@melandbudwick.com; mrbnefs@yahoo.com; mbudwick@ecf.courtdrive.com; ltannenbaum@ecf.courtdrive.com; phornia@ecf.courtdrive.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Dan L Gold on behalf of U.S. Trustee Office of the US Trustee
Dan.L.Gold@usdoj.gov

Gary A Goldstein on behalf of Debtor A & O Family LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor A&O Family LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor Altas P2 Managing Member LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor Ivankovich Family LLC
gagpa@aol.com, michael@rglawfirm.us

Amanda Klopp on behalf of Debtor A & O Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor A&O Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor Altas P2 Managing Member LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor Ivankovich Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party A&O Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party A&O Family LLC (Illiniois)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party Altas P2 Managing Member LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

79023712;1

Ari Newman, Esq. on behalf of Interested Party RBC Capital Markets, LLC and Royal Bank of Canada
newmanar@gtlaw.com, perezan@gtlaw.com; mialitdock@gtlaw.com; miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Patricia A Redmond on behalf of Creditor Schiller DuCanto & Fleck LLP
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com; cgraver@stearnsweaver.com; jless@stearnsweaver.com; mfernandez@stearnsweaver.com

Patricia A Redmond on behalf of Creditor Jeanette Ivankovich
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com; cgraver@stearnsweaver.com; jless@stearnsweaver.com; mfernandez@stearnsweaver.com

David L Rosendorf, Esq on behalf of Interested Party Anthony Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com; ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com; ycc@kttlaw.com

Luis Salazar, Esq. on behalf of Interested Party Township Capital, LLC
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com; Ceide@salazar.law; Lee-Sin@Salazar.Law; Suarez@Salazar.Law; Lorenzo@Salazar.Law; MSalazar@Salazar.Law

Luis Salazar, Esq. on behalf of Interested Party Township GP Fund II, LP
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com; Ceide@salazar.law; Lee-Sin@Salazar.Law; Suarez@Salazar.Law; Lorenzo@Salazar.Law; MSalazar@Salazar.Law

Luis Salazar, Esq. on behalf of Interested Party Township Orlando, LLC
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com; Ceide@salazar.law; Lee-Sin@Salazar.Law; Suarez@Salazar.Law; Lorenzo@Salazar.Law; MSalazar@Salazar.Law

**24-15755-LMI Notice will not be electronically mailed to:**

David M Bass
25 Main St
Hackensack, NJ 07601

Andrew Hahm
Mandell Hahm Advisory Group, Ltd.
1033 Skokie Blvd., Suite 330
Northbrook, IL 60062

Michael D Sirota
25 Main St
Court Plaza North
Hackensack, NJ 07601

79023712;1