# EXHIBIT 3

EFiled: Aug 10 2023 09:02AM EDT
Transaction ID 70602613
Case No. 2023-0765-LM

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

-----------------------------------------------------------X

P-5 GRA, LLC,                                          C.A. No. 2023-0765-LM

Plaintiff,

 v.


OVERLOOK MANAGING MEMBER, LLC

Defendant.

-----------------------------------------------------------X

## <u>VERIFIED AMENDED COMPLAINT</u>

Plaintiff, complaining of defendants, by and through his attorneys, alleges as follows:

## NATURE OF THE ACTION

This is an action under 6 *Del. C.* § 18-305 ("Section 18-305") and pursuant to the Operating Agreement dated January 27, 2014 (the "Operating Agreement") to compel Overlook Managing Member, LLC (the "Company" or "Overlook") to make its books and records available for inspection and copying by P-5 GRA, LLC in its capacity as a member of the Company. Appended as <u>Exhibit A</u> is P-5 GRA, LLC's April 2, 2023 inspection demand to the Company (the "Demand").

## PARTIES, JURSIDICTION & VENUE

1.      Plaintiff P-5 GRA, LLC ("Plaintiff") was and is a resident of the State of New York and has offices located at 200 Chambers Street, Unit 6D, New York, New York.

2.      Defendant Overlook is organized under the laws of the State of Delaware with a registered agent for service of process, in the State of Delaware, upon the Corporation Trust Company located at 1209 Orange Street, Wilmington, New Castle County, Delaware.

3.      At all relevant times. Plaintiff was a member of and has an ownership interest in Overlook.

## FACTUAL BACKGROUND

## OVERLOOK FORMED AS A DELAWARE LLC

4.      Overlook was formed pursuant to the provisions of the Delaware Limited Liability Company Act (the "Delaware LLC Act") through the filing of a Certificate of Formation on March 29, 2017.

## THE OVERLOOK OPERATING AGREEMENT

5.      On or about May 2, 2017, Plaintiff became a member in Overlook by executing the Operating Agreement.

6.      Overlook was and is to serve as the manager, member and/or managing member of each of PILGRIM Windtree LLC, PILGRIM Coulter LLC, PILGRIM

2

Warwick LLC, PILGRIM Caribbean Isel LLC and PILGRIM Forest Park, LLC (from time to time collectively the "PILGRIM Entities") and to enter into, execute, deliver and perform its rights, duties and obligations under the limited liability company agreement for each PILGRIM Entity.

7.      Section 8.02 of the Operating Agreement provides: "The Manager shall keep, or cause to be kept, accurate, full and complete books and accounts showing assets, liabilities, income, operations, transactions and the financial condition of the LLC.  Such books and accounts shall be prepared on the cash or accrual basis of accounting, as determined by the Manager to be appropriate.  Any Member, or its respective designee, shall have access thereto at any reasonable time during regular business hours and shall have the right to copy said records at its expense."

8.      Section 8.03 of the Operating Agreement provides: "The Manager shall cause to be prepared and distributed to the Members (at the expense of the LLC) such financial statements, reports and information concerning the business and affairs of the LLC, including Members' equity and changes in financial position, reports of the activities of the LLC, and statements of the amounts distributed to the Members, as the Manager determines to be appropriate, or as may be required by the Delaware LLC Act or by any other law or regulation of any regulatory body applicable to the LLC."

9.      Section 8.06 of the Operating Agreement requires that the Manager prepare and deliver to the Members, within 180 days of the end of the Fiscal Year, copies of all federal and state income tax returns.

**PLAINTIFF'S REQUEST FOR FINANCIAL INFORMATION**

10.     Plaintiff requested from Defendant Overlook but has not received copies of tax return(s), financial information and access to inspect Overlook's books and records (collectively the "Financial Information").

11.     Plaintiff sought from Defendant Overlook information under the above sections of the Operating Agreement.  See Exhibit A.

12.     Defendant Overlook has failed to respond or provide the requested information.

13.     On June 21, 2023, Defendant Overlook confirmed that information responsive to the Plaintiff's request is available but has failed and refused to permit Plaintiff to inspect and copy the same.  See Exhibit B.

14.     Defendant Overlook provided an excel spreadsheet and summary schedule and advised that tax returns were filed for the years 2020 and 2021 but refused to provide a copy to the Plaintiff.  See Exhibit C.

15.     Plaintiff's request for the Financial Information is for a purpose reasonably related to Plaintiff interest as a member of Overlook.

16.    Plaintiff's request is authorized under Section 18-305 of the Delaware Limited Liability Company Act.

17.    Defendant Overlook has not provided the Financial Information as requested which is deemed denied.

## COUNT I

### (Order Compelling Inspection of Books and Records)

18.    Plaintiff repeats and realleges the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

19.    Plaintiff has delivered the Demand to inspect books and records of the Company.  Plaintiff has fully complied with the provisions of Section 18-305 respecting the form and manner of demanding inspection of the Company's books and records.

20.    Plaintiff has stated a proper purpose for the Demand.

21.    Plaintiff has limited the Demand to materials that this Court has recognized as falling within the legitimate scope of a books and records demand under Section 18-305 for members of closely held businesses to evaluate their interests.

22.    Plaintiff is entitled to inspect books and records and receive certain information from the Company pursuant to the Operating Agreement.  Plaintiff's inspection rights under the Operating Agreement are contractual rights distinct from

and in addition to its rights under Section 18-305. The Company's failure to respond to the Demand ignores Plaintiff's contractual right to access the Company's books and records under the Operating Agreement.

23.     The Company has wrongfully failed to respond to Plaintiff's inspection of the materials under Section 18-305 and the Operating Agreement.

24.     In short, Plaintiff has stated proper purposes for the Demand, set forth sufficiently specific descriptions of the records sought for inspection, and the records sought are plainly within the scope necessary to serve the purpose for the Demand.

25.     The Company is therefore in violation of Section 18-305 and in breach of its contractual obligations under the Operating Agreement by refusing the Demand.

26.     By reason of the foregoing, Plaintiff is entitled to an order compelling the inspection and copying of all materials requested in the Demand.

27.     Plaintiff has no adequate remedy at law.

28.     Given the Company's failure to respond at all to the Demand, Plaintiff seeks recovery from the Company of all attorneys' fees and costs associated with enforcing its rights under the Operating Agreement and Section 18-305.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting the following relief:

A.    Summarily directing Overlook Managing Member, LLC, its officers, directors, agents, and employees forthwith to permit P-5 GRA, LLC to inspect and make copies of all the materials specified in this Complaint;

B.    Awarding P-5 GRA, LLC its costs and expenses incurred in bringing and prosecuting this action, including reasonable attorneys' fees; and

C.    Granting such other and further relief as may be just and equitable under the circumstances.

Dated: August 10, 2023          GELLERT SCALI BUSENKELL & BROWN, LLC

/s/ Michael Busenkell
Michael Busenkell (3933)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 416-3341
Email: mbusenkell@gsbblaw.com

and

MCKENNA LAW
Keith McKenna, Esq.
(Admitted *pro hac vice*)
101 Hudson Street, 21st Floor
Jersey City, NJ 07302
Telephone: 201-633-6550
Email: keith.mckenna@mcklaw.net

*Attorneys for Plaintiff P-5 GRA, LLC*

EFiled:  Aug 10 2023 09:02AM EDT
Transaction ID 70602613
Case No. 2023-0765-LM

# EXHIBIT A

# The McKenna Law Firm, LLC

NEW JERSEY

LAW OFFICES

NEW YORK

April 12, 2023

*Via Email and Overnight Mail*
Steven Ivankovich
Steven.ivankovich@atlasresidentialusa.com

Overlook Managing Member, LLC
c/o The Corporation Trust Company
1209 Orange Street                          55 E. Monroe, Suite 3610
Wilmington, Delaware 19801                  Chicago, IL 60603

Re:     Books and Records Request

Dear Mr. Ivankovich,

We are writing with the consent and authority of Mr. Gary A. Romaniello, a member of Overlook Managing Member LLC, and provide notice pursuant to Section 11.02 of the Operating Agreement.

Request is made pursuant to the Operating Agreement, Article 8, §8.02 for access to the books and records of the Company, §8.03 for the financial statements, reports and information concerning the business and affairs of the Company and §8.06 for the Federal and State Income Tax Returns prepared and filed on behalf of the Company since the execution of the Operating Agreement. The request for access includes the categories listed at §18-305 (a)(1-6) of the Delaware Code.

The purpose of the demand is to value Mr. Rominello's membership interest and your compliance with the terms and conditions of the Operating Agreement. A response is required within ten (10) days hereof.

Very truly yours,

/s Keith A. McKenna
Keith A. McKenna
Keith.mckenna@mcklaw.net

I hereby authorize this Request to be
made on my behalf.

By _____
        Gary A. Romaniello

EFiled:  Aug 10 2023 09:02AM EDT
Transaction ID 70602613
Case No. 2023-0765-LM

# EXHIBIT B

**From:**        Gary Goldstein
**To:**          Keith Mckenna
**Subject:**     Re Ovrlook
**Date:**        Wednesday, June 21, 2023 2:29:30 PM
**Attachments:** TEXAS EXTENSION OVERLOOK 2022.PDF

Keith:
I reached out to Andrew Hamm about the 2020 and 2021 tax returns. Waiting to hear. Attached in the file extension for 2022.

Gary

EFiled:  Aug 10 2023 09:02AM EDT
Transaction ID 70602613
Case No. 2023-0765-LM

# EXHIBIT C

| | |
|---|---|
| **From:** | Gary Goldstein |
| **To:** | Keith Mckenna |
| **Cc:** | Seth Ginsberg |
| **Subject:** | RE: Re Ovrlook |
| **Date:** | Wednesday, June 21, 2023 2:44:01 PM |
| **Attachments:** | P5 01.21 T12P5 2021 in excel.xlsx |
| | trial_balance-20230515.pdf |

Keith:

    I am really trying to provide the documents showing the current financial status of the Pilgrim entities. Attached is the 12 month detailed financial in excel for 2021 broken down by property. Also attached in the six - month  statement for 2022.

    We will provide the  income tax returns when they are filed.  If this is not acceptable file a complaint. The LLCs will respond in a timely  manner once served.

    Gary

-----Original Message-----
From: Keith Mckenna
Sent: Wednesday, June 21, 2023 2:32 PM
To: Gary Goldstein <gary@gagpa.com>
Subject: RE: Re Ovrlook

Gary,

There is no reason that the copies of tax returns that have already been filed with the Government cannot now be sent.  This response is not acceptable.  The originally filed returns should now be sent and the amended returns forwarded at the time of their filing.

Further, I requested that you resend the shared drop box containing "all the financial operating reports for the P-5 properties".  This is not a big ask since I do not have the link that you claim, and I take you at your word, to have previously sent.  Please resend.

Keith

-----Original Message-----

From: Gary Goldstein <gary@gagpa.com>
Sent: Wednesday, June 21, 2023 2:29 PM
To: Keith Mckenna <keith.mckenna@mcklaw.net>
Subject: Re Ovrlook

Keith:
I reached out to Andrew Hamm about the 2020 and 2021 tax returns. Waiting to hear. Attached in the file extension for 2022.

Gary

EFiled:  Aug 10 2023 09:02AM EDT
Transaction ID 70602613
Case No. 2023-0765-LM

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

```
-------------------------------------------------------X
```

P-5 GRA, LLC,                                              C.A. No.: 2023-0765-LM

                                    Plaintiff,

              -against-


OVERLOOK MANAGING MEMBER, LLC


                                    Defendant.
```
-------------------------------------------------------X
```

## VERIFICATION

I, Gary A. Romaniello, am a member of Plaintiff P-5 GRA, LLC, in this case
and hereby certify that I have reviewed the Verified Amended Complaint and
believe that all representations, admissions, and denials set forth therein are true
and correct to the best of my knowledge, information, and belief.


                          P-5 GRA, LLC

                          By: _____
                          Gary A. Romaniello, Member



Sworn to and subscribed before me this 16th day of August, 2023

_____
Notary Public
My commission expires: 7/20/28

JEFFREY SCOTT BEVINS-SPITLER
Notary Public Official Seal
State of West Virginia
My Comm. Expires Jul 20, 2028
BJBS Partners, LLC
338 1st Street Huntington WV 25705

EFiled:  Aug 10 2023 09:02AM EDT
Transaction ID 70602613
Case No. 2023-0765-LM

### IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

-----------------------------------------------------------X

P-5 GRA, LLC,                                        C.A. No. 2023-0765-LM

Plaintiff,

 v.

OVERLOOK MANAGING ~~MEMBERS~~MEMBER, LLC

Defendant.

-----------------------------------------------------------X

### VERIFIED AMENDED COMPLAINT

Plaintiff, complaining of defendants, by and through his attorneys, alleges as follows:

### NATURE OF THE ACTION

This is an action under 6 *Del. C.* § 18-305 ("Section 18-305") and pursuant to the Operating Agreement dated January 27, 2014 (the "Operating Agreement") to compel Overlook Managing ~~Members~~Member, LLC (the "Company" or "Overlook") to make its books and records available for inspection and copying by P-5 GRA, LLC in its capacity as a member of the Company. Appended as Exhibit A is P-5 GRA, LLC's April 2, 2023 inspection demand to the Company (the "Demand").

1

**PARTIES, JURSIDICTION & VENUE**

1.    Plaintiff P-5 GRA, LLC ("Plaintiff") was and is a resident of the State of New York and has offices located at 200 Chambers Street, Unit 6D, New York, New York.

2.    Defendant Overlook is organized under the laws of the State of Delaware with a registered agent for service of process, in the State of Delaware, upon the Corporation Trust Company located at 1209 Orange Street, Wilmington, New Castle County, Delaware.

3.    At all relevant times. Plaintiff was a member of and has an ownership interest in Overlook.

## FACTUAL BACKGROUND

**OVERLOOK FORMED AS A DELAWARE LLC**

4.    Overlook was formed pursuant to the provisions of the Delaware Limited Liability Company Act (the "Delaware LLC Act") through the filing of a Certificate of Formation on March 29, 2017.

**THE OVERLOOK OPERATING AGREEMENT**

5.    On or about May 2, 2017, Plaintiff became a member in Overlook by executing the Operating Agreement.

6.    Overlook was and is to serve as the manager, member and/or managing member of each of PILGRIM Windtree LLC, PILGRIM Coulter LLC, PILGRIM

2

Warwick LLC, PILGRIM Caribbean Isel LLC and PILGRIM Forest Park, LLC (from time to time collectively the "PILGRIM Entities") and to enter into, execute, deliver and perform its rights, duties and obligations under the limited liability company agreement for each PILGRIM Entity.

7.     Section 8.02 of the Operating Agreement provides: "The Manager shall keep, or cause to be kept, accurate, full and complete books and accounts showing assets, liabilities, income, operations, transactions and the financial condition of the LLC.  Such books and accounts shall be prepared on the cash or accrual basis of accounting, as determined by the Manager to be appropriate.  Any Member, or its respective designee, shall have access thereto at any reasonable time during regular business hours and shall have the right to copy said records at its expense."

8.     Section 8.03 of the Operating Agreement provides: "The Manager shall cause to be prepared and distributed to the Members (at the expense of the LLC) such financial statements, reports and information concerning the business and affairs of the LLC, including Members' equity and changes in financial position, reports of the activities of the LLC, and statements of the amounts distributed to the Members, as the Manager determines to be appropriate, or as may be required by the Delaware LLC Act or by any other law or regulation of any regulatory body applicable to the LLC."

3

9.    Section 8.06 of the Operating Agreement requires that the Manager prepare and deliver to the Members, within 180 days of the end of the Fiscal Year, copies of all federal and state income tax returns.

**PLAINTIFF'S REQUEST FOR FINANCIAL INFORMATION**

10.    Plaintiff requested from Defendant Overlook but has not received copies of tax return(s), financial information and access to inspect Overlook's books and records (collectively the "Financial Information").

11.    Plaintiff sought from Defendant Overlook information under the above sections of the Operating Agreement.  See Exhibit A.

12.    Defendant Overlook has failed to respond or provide the requested information.

13.    On June 21, 2023, Defendant Overlook confirmed that information responsive to the Plaintiff's request is available but has failed and refused to permit Plaintiff to inspect and copy the same.  See Exhibit B.

14.    Defendant Overlook provided an excel spreadsheet and summary schedule and advised that tax returns were filed for the years 2020 and 2021 but refused to provide a copy to the Plaintiff.  See Exhibit C.

15.    Plaintiff's request for the Financial Information is for a purpose reasonably related to Plaintiff interest as a member of Overlook.

4

16.    Plaintiff's request is authorized under Section 18-305 of the Delaware Limited Liability Company Act.

17.    Defendant Overlook has not provided the Financial Information as requested which is deemed denied.

### COUNT I

### (Order Compelling Inspection of Books and Records)

18.    Plaintiff repeats and realleges the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

19.    Plaintiff has delivered the Demand to inspect books and records of the Company.  Plaintiff has fully complied with the provisions of Section 18-305 respecting the form and manner of demanding inspection of the Company's books and records.

20.    Plaintiff has stated a proper purpose for the Demand.

21.    Plaintiff has limited the Demand to materials that this Court has recognized as falling within the legitimate scope of a books and records demand under Section 18-305 for members of closely held businesses to evaluate their interests.

22.    Plaintiff is entitled to inspect books and records and receive certain information from the Company pursuant to the Operating Agreement.  Plaintiff's inspection rights under the Operating Agreement are contractual rights distinct from

5

and in addition to its rights under Section 18-305. The Company's failure to respond to the Demand ignores Plaintiff's contractual right to access the Company's books and records under the Operating Agreement.

23.     The Company has wrongfully failed to respond to Plaintiff's inspection of the materials under Section 18-305 and the Operating Agreement.

24.     In short, Plaintiff has stated proper purposes for the Demand, set forth sufficiently specific descriptions of the records sought for inspection, and the records sought are plainly within the scope necessary to serve the purpose for the Demand.

25.     The Company is therefore in violation of Section 18-305 and in breach of its contractual obligations under the Operating Agreement by refusing the Demand.

26.     By reason of the foregoing, Plaintiff is entitled to an order compelling the inspection and copying of all materials requested in the Demand.

27.     Plaintiff has no adequate remedy at law.

28.     Given the Company's failure to respond at all to the Demand, Plaintiff seeks recovery from the Company of all attorneys' fees and costs associated with enforcing its rights under the Operating Agreement and Section 18-305.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting the following relief:

A.  Summarily directing Overlook Managing ~~Members~~Member, LLC, its officers, directors, agents, and employees forthwith to permit P-5 GRA, LLC to inspect and make copies of all the materials specified in this Complaint;

B.  Awarding P-5 GRA, LLC its costs and expenses incurred in bringing and prosecuting this action, including reasonable attorneys' fees; and

C.  Granting such other and further relief as may be just and equitable under the circumstances.

Dated: August 10, 2023          GELLERT SCALI BUSENKELL & BROWN, LLC

                                /s/ Michael Busenkell
                                Michael Busenkell (3933)
                                1201 N. Orange Street, Suite 300
                                Wilmington, DE 19801
                                Telephone: (302) 416-3341
                                Email: mbusenkell@gsbblaw.com

                                and

                                MCKENNA LAW
                                Keith McKenna, Esq.
                                (~~To be admitted~~(Admitted *pro hac vice*)
                                101 Hudson Street, 21st Floor
                                Jersey City, NJ 07302
                                Telephone: 201-633-6550
                                Email: keith.mckenna@mcklaw.net

7

*Attorneys for Plaintiff P-5 GRA, LLC*

---

**Formatted:** Font: 14 pt

**Formatted:** Space After:  0 pt, Line spacing:  Double



**GELLERT**
**SCALI**
**BUSENKELL**
**& BROWN, LLC**

EFiled: Aug 10 2023 09:02AM EDT
Transaction ID 70602613
Case No. 2023-0765-LM

August 10, 2023

**Via LexisNexis File & Serve**
Magistrate Loren Mitchell
Court of Chancery of the State of Delaware
New Castle County Courthouse
500 North King Street
Wilmington, DE 19801

RE:    *P-5 GRA, LLC v. Overlook Managing Member, LLC*
       *C.A. No. 2023-0765-LM*

Dear Magistrate Mitchell:

I am writing on behalf of Plaintiff P-5 GRA, LLC ("Plaintiff"). Plaintiff is

filing an Amended Verified Complaint to correct a typographical error. The correct

Defendant in this matter is Overlook Managing Member, LLC.

If the Court has any questions or concerns, I am available at the Court's

convenience.

Respectfully,

*/s/ Michael Busenkell*
Michael Busenkell (No. 3393)

**Words: 52**

Encl.

Cc:   Overlook Managing Member, LLC (via first class mail)
      Gary Goldstein, Esq., (via e-mail)

1201 N. ORANGE STREET
SUITE 300
WILMINGTON, DELAWARE 19801
P: 302. 425. 5800 | F: 302. 425. 5814

8 PENN CENTER
1628 JOHN F. KENNEDY BLVD, SUITE 1901
PHILADELPHIA, PENNSYLVANIA 19103
P: 215. 238. 0010 | F: 215. 238. 0016

www.GSBBLAW.com