UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

IVANKOVICH FAMILY LLC
A&O FAMILY LLC,
A & O FAMILY LLC,
ATLAS P2 MANAGING MEMBER, LLC,

Debtors.
_____/

Chapter 11

Case No. 24-15755-LMI
(Jointly Administered)
24-15762-LMI
24-15767-LMI
24-15770-LMI

### DEBTORS' OBJECTION TO NOTICE OF 2004 EXAMINATION

Debtors Ivankovich Family LLC, A&O Family LLC (FL), A&O Family LLC (IL), and Atlas P2 Managing Member, LLC (collectively "Debtors") object to serving any documents in response to *Notice of 2004 Examination* ("2004 Notice") served by P-5 GRA, LLC ("P-5 GRA"). In support of their objection, Debtors state as follows:

1. Although the Debtors dispute that any of the Debtors are obligated on a cognizable claim to P-5 GRA, LLC, the Debtors provided P-5 GRA with access to the Debtors' data room containing non-privileged documents related to or concerning the Debtors, their assets, and their liabilities well prior to being served with the 2004 Notice. Importantly, when the Debtors receive non-privileged documents from a discovery request made by a third party that concerns or relates to the Debtors, Debtors' assets, or Debtors' liabilities, the Debtors upload same into the data room and all parties previously provided access, including P-5 GRA, have the immediate ability to access the uploaded document(s).

2. The 2004 Notice, which requests financial documents, valuations, tax returns, ownership, and other information of non-Debtor entities from Debtors, is an improper and defective end-run around the requirement for P-5 GRA to pursue discovery in the pending

1

80382640;3

proceeding by P-5 GRA in Delaware Court of Chancery, *P-5 GRA, LLC v. Steven Ivankovich et al.*, Case No. 2023-1182 ("Delaware Litigation"), and an attempted shortcut to discovery against the actual non-Debtor entities in possession of the requested information.

3. The Delaware Litigation was commenced on November 21, 2023 by P-5 GRA against Steven Ivankovich, Overlook Managing Member LLC, Alliance HTFL GP, L.L.C., Pilgrim Caribbean Isle LLC, and Pilgrim Forest Park LLC, and concerns the operations and management of several non-Debtor entities involved in a real estate investment known as the "P-5 Portfolio." The action asserts various breaches of contract and fiduciary duties by the manager and operator of these entities. P-5 GRA is a minority (7%) owner of Overlook Managing Member, LLC, the indirect owner of these entities, and has been litigating with various downstream affiliates of Overlook in Delaware for years, and had filed (and resolved) a prior "books and records" action against these entities.

4. The Delaware Litigation, and all the issues in the Delaware Litigation, remains pending before the Delaware Court of Chancery. Now, with the 2004 Notice, P-5 GRA appears to be trying to obtain collateral discovery to use in the Delaware Litigation.

5. The requested discovery in the 2004 Notice is precluded as a violation of the "pending proceeding" rule and attempt to pursue evidence collaterally through discovery in a bankruptcy case for use in another court.

6. Under the "pending proceeding" rule, a party may not pursue evidence collaterally through discovery in a bankruptcy case, under Fed. R. Bankr. P. Rule 2004 or Rule 7026, for use in another proceeding. *See In re Sanomedics, Inc.*, No. 16-21659-RAM, 2018 WL 3816772, at *2 (Bankr. S.D. Fla. July 25, 2018). The "textbook" case for application of the pending proceeding rule is where the discovery sought to be obtained in the bankruptcy case are the "same documents"

2

that the party would seek to obtain in the other litigation. *Id*. Though the pending proceeding rule is often applied to parties' requests to use Rule 2004 discovery for other litigation, it applies equally to Rule 7026 requests in the main bankruptcy case. *Id*.

7. The Delaware Litigation involves issues concerning operations and compliance with various operating agreements of the P-5 Portfolio entities, and disputes the propriety of distribution of sale proceeds of previously-sold P-5 properties. P-5 GRA's 2004 Notice requests the same documents that would be sought in the Delaware Litigation, namely, documents pertaining to the sale of properties that are the primary focus of the dispute in the Delaware Litigation (Request 8), tax returns filed by or on behalf of one or more of the P-5 Portfolio properties (Request 1), insurance proceeds for the P-5 Portfolio properties (Request 3), documents concerning the ownership interests of the P-5 Portfolio properties (Requests 5, 6, and 11), letters of intent relating to the potential sale of the P-5 Portfolio properties (Request 7), and documents concerning the operations of the P-5 Portfolio properties (Request 10).

8. It bears repeating: Debtors are not the owners or managers of the P-5 Portfolio properties. All of the information sought from Debtors in the 2004 Notice is more appropriately solicited from the actual owners or managers of the P-5 Portfolio properties. There is no reason that Debtors should be obligated to be the "middleman" to produce financials of entities, rather than discovery being solicited directly from those entities. P-5 GRA is free to solicit such discovery directly from the P-5 entities that own and operate the properties, or their asset managers, and not burden this bankruptcy estate with discovery relating to disputes between non-Debtors.

9. Moreover, production of the requested documents in accordance with the discovery procedure applicable to the pending proceeding is necessary to avoid due process issues related to

information of various third parties that would not otherwise realize the pendency of these requests in this Court due to the pending proceeding in Delaware.

10. Debtors have already voluntarily produced thousands of pages of documents to P-5 GRA through access to a data room containing bank statements and other relevant information concerning the assets that are proposed to fund the Plan and the use of the proceeds for the loan that A&O Family (FL) made to the P-5 entities. The documents on the data room include many of the requests in the 2004 Notice: appraisals of the P-5 properties (Request 2), documents concerning liens (Request 4), corporate ownership documents (Request 5 and 6), closing statements and bank statements reflecting the sale of two P-5 Properties (Request 8), and documents concerning the use and proceeds of the loan by A&O Family (FL) to fund the P-5 Properties (Request 9). All of these documents were obtained from third parties voluntarily in connection with the loan made by A&O Family (FL), and proactively produced to P-5 GRA and other creditors. Given the fact that the 2004 Notice solicits information that has *already been provided* by Debtors on the data room, and in public court filings, a discovery request soliciting even more documents from Debtors is burdensome and harassing. The fact that Debtors have already voluntarily produced many responsive documents in advance of the 2004 Notice further evidences that this objection is not intended to delay or deny discovery, but rather to not burden Debtors with extensive discovery requests that should appropriately be directed to non-debtor entities that Debtors do not own or control.

11. The 2004 Notice is squarely directed at attempting to obtain information, either because P-5 GRA is a minority owner of the P-5 Properties through non-Debtor Overlook, or as a prospective buyer for the P-5 Properties, given the number of documents that appear to focus on the valuation and offers made for the P-5 Properties. As an owner, P-5 GRA should solicit the

information through a books and records action. As a prospective buyer, P-5 GRA should solicit the discovery through the appropriate channels. But in either case, the appropriate party to request such discovery from is not through Debtors, who are not owners or managers of the P-5 Properties, and who are not in possession of the information requested.

12. Lastly, to the extent that the 2004 Notice seeks privileged documents, Debtors object to the production of same. For example, 2004 Notice solicits all documents Debtors "intend to rely upon" to contest P-5 GRA's proof of claim. Given the fact that there is no claim objection pending, the request effectively seeks work product and Debtors object to providing advance discovery on an as-yet-unfiled objection to claim.

13. For the foregoing reason, Debtors object to the production of any additional documents in response to the 2004 Notice.

14. Debtors intend to confer with P-5 GRA prior to any hearing on the 2004 Notice in order to come to a resolution as to any additional production in response to the 2004 Notice. The Debtors reserve the right to supplement these objections with additional objections, to the extent that a hearing becomes necessary.

Dated: March 7, 2025

By:   */s/ Eyal Berger*
Eyal Berger, Esq.
Florida Bar Number: 0011069
Email: eyal.berger@akerman.com
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-463-2700
Fax: 954-463-2224
*Counsel for Debtors*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case as listed in the below service list.

By: */s/ Eyal Berger*
Eyal Berger, Esq.

# SERVICE LIST

**24-15755-LMI Notice will be electronically mailed to:**

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor A&O Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor Altas P2 Managing Member LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor Ivankovich Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party A&O Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party A&O Family LLC (Illiniois)
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff A & O Family LLC (IL)
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff A&O Family LLC (FL)
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Atlas P2 Managing Member, LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Ivankovich Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Anthony Ivankovich
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Olga Ivankovich
eyal.berger@akerman.com,

jeanette.martinezgoldberg@akerman.com

Steven J Brotman on behalf of Interested Party P-5 GRA LLC
steven.brotman@troutman.com, Irene.rabba@lockelord.com;AutoDocket@lockelord.com

Michael S Budwick, Esq on behalf of Defendant Steven Ivankovich
mbudwick@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Michael S Budwick, Esq on behalf of Interested Party Steven Ivankovich
mbudwick@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Michael G Busenkell on behalf of Interested Party P-5 GRA LLC
mbusenkell@gsbblaw.com, blehman@gsbblaw.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Alexa Garcia Chinchilla on behalf of Interested Party Anthony Ivankovich
achinchilla@kttlaw.com

Alexa Garcia Chinchilla on behalf of Interested Party Olga Ivankovich
achinchilla@kttlaw.com

Alexa Garcia Chinchilla on behalf of Plaintiff Anthony Ivankovich
achinchilla@kttlaw.com

Alexa Garcia Chinchilla on behalf of Plaintiff Olga Ivankovich
achinchilla@kttlaw.com

Dan L Gold on behalf of U.S. Trustee Office of the US Trustee
Dan.L.Gold@usdoj.gov

Gary A Goldstein on behalf of Debtor A & O Family LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor A&O Family LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor Altas P2 Managing Member LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor Ivankovich Family LLC
gagpa@aol.com, michael@rglawfirm.us

Amanda Klopp on behalf of Debtor A & O Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor A&O Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor Altas P2 Managing Member LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor Ivankovich Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party A&O Family LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party A&O Family LLC (Illiniois)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party Altas P2 Managing Member LLC
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff A & O Family LLC (IL)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff A&O Family LLC (FL)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff Atlas P2

7

80382640;3

Managing Member, LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff Ivankovich Family LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Ari Newman, Esq. on behalf of Interested Party RBC Capital Markets, LLC and Royal Bank of Canada
newmanar@gtlaw.com,
perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Darrell Winston Payne on behalf of Creditor Schiller DuCanto & Fleck LLP
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

Darrell Winston Payne on behalf of Creditor Jeanette Ivankovich
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

Darrell Winston Payne on behalf of Defendant Schiller Ducanto & Fleck, LLP
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

Darrell Winston Payne on behalf of Defendant Jeanette Ivankovich
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

Patricia A Redmond on behalf of Creditor Schiller DuCanto & Fleck LLP
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;cgraver@stearnsweaver.com;jless@stearnsweaver.com;mfernandez@stearnsweaver.com

Patricia A Redmond on behalf of Creditor Jeanette Ivankovich
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;cgraver@stearnsweaver.com;jless@stearnsweaver.com;mfernandez@stearnsweaver.com

Patricia A Redmond on behalf of Defendant Schiller Ducanto & Fleck, LLP
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;cgraver@stearnsweaver.com;jless@stearnsweaver.com;mfernandez@stearnsweaver.com

Patricia A Redmond on behalf of Defendant Jeanette Ivankovich
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;cgraver@stearnsweaver.com;jless@stearnsweaver.com;mfernandez@stearnsweaver.com

David L Rosendorf, Esq on behalf of Interested Party Anthony Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff A & O Family LLC (IL)
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff A&O Family LLC (FL)
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Atlas P2 Managing Member, LLC
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Ivankovich Family LLC
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Anthony Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

Luis Salazar, Esq. on behalf of Interested Party Township Capital, LLC
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

Luis Salazar, Esq. on behalf of Interested Party Township GP Fund II, LP
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

80382640;3

Luis Salazar, Esq. on behalf of Interested Party Township Orlando, LLC
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

9

80382640;3