UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Case |
| Ivankovich Family LLC, | Jointly Administered |
| A&O Family LLC (Florida), | |
| A & O Family LLC (Illinois), | Case Nos. 24-15755-LMI |
| Atlas P2 Managing Member, LLC | 24-15762-LMI |
| | 24-15767-LMI |
| Debtors. | 24-15770-LMI |

**JEANETTE IVANKOVICH AND SCHILLER DUCANTO & FLECK LLP'S OMNIBUS OBJECTION TO THE APPLICATIONS FOR FEES AND/OR EXPENSES FROM AKERMAN LLP [DOC. 291], COHNREZNICK LLP [DOC. 292], AND <u>CHRISTENSON LAW FIRM, LLP [DOC. 293]</u>**

Jeanette Ivankovich ("Jeanette Ivankovich") and Schiller Ducanto & Fleck LLP ("Schiller") (Jeanette Ivankovich and Schiller are collectively, "Creditors"), by and through their undersigned counsel, file this Omnibus Objection to: 1) the First Interim Application for Allowance and Payment of (I) Compensation and (II) Reimbursement of Expenses for Akerman LLP ("Akerman"), General Bankruptcy Counsel to the Debtors for Period of June 17, 2024 to February 28, 2025 ("Akerman Application") [Doc. 291]; 2) the First Interim Fee Application of CohnReznick LLP ("CohnReznick") as Financial Advisors for the Debtors and Debtors-in-Possession for Interim Allowance of Compensation and Reimbursement of Expenses and Services Rendered During the Period from July 29, 2024 through January 31, 2025 ("CohnReznick Application") [Doc. 292]; and 3) the First Interim Application for Compensation of Christenson Law Firm, LLP ("Christenson Law"), Special Counsel for the Debtor Atlas P2 ("Christenson Law

1

Application") [Doc. 293] (Akerman Application, CohnReznick Application, and Christenson Law Application are collectively "Applications"). In support thereof, Creditors state:

## INTRODUCTION

1. The Debtors' continue to try to reach assets prior to the court determining the estates' rights in those funds. Previously, the Illinois Family Court issued an order determining that some or all of the Debtors are Steven Ivankovich's alter ego and detailing Steven's control and transfer of millions of dollars through accounts in the names of the Debtors, all as part of a scheme to avoid paying child support and alimony. *See* Preliminary Injunction Order, dated March 12, 2024 (*Ivankovich v. Ivankovich*, Domestic Relations Division, Circuit Court of Cook County, Illinois). Instead of providing for payment of basic support obligations, Steven now is seeking to cause the Debtors to further dissipate more than $1.6 million dollars of available cash to pay exorbitant professional fees.

2. As set forth below, the CohnReznick fees should not be awarded now because CohnReznick has not disclosed even preliminary results of its months-long investigation into Debtors' financial statements, investments and financial holdings.[1] CohnReznick's fee application should be deferred until after this information is made fully available, even if a final report is not yet complete. Professional fees (for CohnReznick, Akerman and the Christenson Law Firm) should not be paid from the cash held in Debtor bank accounts, where those funds would be marital assets (if the Illinois Divorce Court's future rulings are consistent with the preliminary injunction), and those funds are only readily-available cash that has been disclosed by the Debtors.

3. The Akerman Application seeks payment from the estate for 1,044.60 hours billed for professional and paraprofessional services from June 17, 2024 to February 28, 2025 -

---

[1] Other than some very limited information that Debtors now claim may not be used other than for settlement purposes.

2

comprised of $619,672.50 in fees and $3,032.20 in expenses, together totaling $622,704.70 - on behalf of the Debtors, Ivankovich Family LLC, A&O Family LLC, and A & O Family LLC (Illinois), and Atlas P2 Managing Member, LLC (collectively, "Debtors").

4. The CohnReznick Application seeks payment from the estate for 1,756.3 hours billed for professional services and 146.9 hours billed for paraprofessional services from July 29, 2024 to January 31, 2025 - comprised of $998,950.50 in fees and $0.00 in expenses - on behalf of the Debtors.

5. The Christenson Application seeks payment from the estate for 47.3 hours billed for professional services from August 1, 2024 to February 10, 2025 - comprised of $18,920.00 in fees and $39.47 in expenses - on behalf of Atlas P2 Managing Member, LLC, in the California action styled *Township Orlando LLC et al. v. Atlas P2 Managing Member LLC et al.,* Case No. 19STCCV00630.

6. In sum, the Applications seek payment from the estate for $1,637,543.00 in fees and $3,071.67 in expenses, totaling $1,640,614.67.

## LEGAL ANALYSIS

7. *First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), is applicable in the Eleventh Circuit to determine the reasonableness of fees, and the twelve factors enumerated therein include:

    a. The time and labor required;
    b. The novelty and difficulty of the questions presented;
    c. The skill required to perform the legal services properly;
    d. The preclusion from other employment by the attorney due to acceptance of the case;
    e. The customary fee for similar work in the community;
    f. Whether the fee is fixed or contingent;
    g. The time limitations imposed by the client or circumstances;
    h. The amount involved and results obtained;
    i. The experience, reputation, and ability of the attorneys;

   j.  The undesirability of the case;
   k.  The nature and length of the professional relationship with the client; and
   l.  Awards in similar cases.

*First Colonial*, 544 F.2d at 1298-99.

  8.  Considering the twelve factors, the Court should sustain the Creditors' Omnibus Objections because the Applications seek unreasonably high fees for work product that is duplicative, that has never been disclosed or provided to creditors, or that has provided immaterial benefit to the estate.

## THE COHNREZNICK APPLICATION

  9.  As it relates to the CohnReznick Application, based on the standards set forth in sections 330 and 331 of the Bankruptcy Code and *First Colonial*, CohnReznick seeks unreasonable fees because it has not provided promised work product to creditors despite consistent representations that it has been investigating the Debtors' financial statements, investments, and financial holdings since September 2024. *See e.g.* Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest [Doc. 105], filed September 20, 2024, for A&O Family LLC re: Yacht Daddy, LLC ("9/20/24 Periodic Report") ("As of the time of filing this Periodic Report, the Debtor's accountants and financial advisors have not completed their review of the Debtor's financial statements, investments, and financial holdings.").

  10.  On September 5, 2024, the Court approved CohnReznick's employment to provide the Debtors with financial and accounting servings pursuant to the scope of work in their Engagement Letter..*See* [Doc. 98].

  11.  In particular, although the Debtors have repeatedly professed a commitment to be fully transparent, the Debtors have not produced any work product from CohnReznick providing details about the vast majority of the many non-debtor entities that have together received millions

of dollars from the Debtors. *See e.g.* Initial Schedules for A&O Family (FL) [Doc. 55] at pp. 9-10. Neither CohnReznich nor the Debtors have explained the nature of each of these entities, any contracts or agreements relating to management and control, any business plan, any financial statements, any K-1s, the reasons for transfers from Debtors' accounts to these entities, and the assets and value of these entities.[2] Further, Debtors now claim that the only draft reports provided were only produced for purposes of litigation and potential settlement and thus cannot be used for any other purpose under a settlement privilege.

12. Over the past 7 months, CohnReznick has billed almost $1 million dollars in fees for 1,756.3 hours for professional services and 146.9 hours billed for paraprofessional services for the Debtors, which purportedly includes an investigation into the Debtors' financial statements, investments, and financial holdings.

13. Critically, however, the Debtors' periodic reports repeatedly assert that CohnReznick has not yet completed their review of the Debtors' financials statements, investments, and financial holdings. *See* 9/20/24 Periodic Report [Doc. 105], filed September 20, 2024, for A&O Family LLC re: Yacht Daddy, LLC (accountants and financial advisors have not completed review of the Debtor's financial statements, investments, and financial holdings"); Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest [Doc. 106], filed September 20, 2024, for Atlas P2 Managing Member, LLC re: P2 Portfolio Managing Member, LLC (same); Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a

---

[2] The Yacht Daddy entity is the exception that proves the rule. It appears that Steven Ivankovich used this entity to assume title to a luxury yacht, which is now to be sold to help fund the Debtors' reorganization plan. Before using available cash to dissipate the estate's liquid assets, the Debtors should fully disclose other available assets that could potentially pay the Debtors' huge professional fees and expenses. The disclosures about Yacht Daddy demonstrate that information about all of the other related non-debtor entities is easily available and is almost certainly in the possession of CohnReznick, based on Debtors' representations about the analysis of Debtors' investments and financial holdings.

Substantial or Controlling Interest [Doc. 107], filed September 20, 2024, for Ivankovich Family LLC re: KJI Marine Boats Manufacturing L.L.C. (same); Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest [Doc. 261], filed January 31, 2025, for Atlas P2 Managing Member, LLC re: P2 Portfolio Managing Member, LLC (same); Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest [Doc. 262], filed January 31, 2025, for A&O Family LLC re: Yacht Daddy, LLC (same).

14. Likewise, in the Global Notes to Monthly Operating Report, for Debtor A&O Family, LLC (Florida), filed January 21, 2025, A&O Family states that the amounts due and received from related investment entities will be fully disclosed after the completion of the accounts' work:

> 7. The Debtor's interests in the entities and/or projects listed in Question 76 of the Debtor's Schedules A/B have not been appraised or valued as of the Petition Date and therefore the asset values in the attached financial statements are not represented as fair market value, rather are book/tax basis. Additionally, the MOR and attached financial statements may not report passive income for some of the equitable interests that Debtor directly or indirectly owns in a special purpose entity holding an investment asset or characterize certain amounts due from investment vehicles as accounts receivable. The reporting and characterization of amounts due and received from the related investment entities is subject to further amendment upon further review and the completion of work by the Debtor's accountants and will be fully disclosed in MORs and periodic reports, upon completion of review.
>
> 8. After the Debtor's accounting professionals complete their analysis of the Debtor's investment holdings, the Debtor may make one or more revisions to the MORs and financial statements as necessary based upon the advice of the Debtor's accounting professionals.

15. Although these are critical entities where Steven Ivankovich has transferred millions of dollars, unfortunately, there have been no disclosures, yet.

16. The Debtors' latest Monthly Operating Reports fare no better and reiterate that CohnReznick has "not completed their review of the Debtor's financial statements, investments, and financial holdings." *See* Monthly Operating Report for Ivankovich Family LLC, filed March 26, 2025 [Doc. 299] at 14; Monthly Operating Report for A&O Family LLC, filed March 26, 2025 [Doc. 300] at 15; Monthly Operating Report for Atlas P2 Managing Member, LLC, filed March 26, 2025 [Doc. 301] at 14.

17. It is hard to ascertain what exactly CohnReznick accomplished despite having billed so many hours at significantly above-market rates, and it is confusing why the Debtors needed two firms to evaluate its financial statements, investments, and financial holdings.

18. The lack of tangible work provided by CohnReznick further calls into question its "discounted" rates ($725 per hour for Partners/Principals, $715 for Managing Directors, $700 for Directors, $690 for Sr. Managers, $675 for Managers, and $550 for Seniors), which either match or exceed the hourly rates of the Debtors' primary counsel from Akerman LLP.

19. For reference, CohnReznick's 1,903.2 hours billed far outweigh - by *nearly 900 hours* - the 1,044.60 hours billed by Akerman LLP for professional and paraprofessional services.

20. If CohnReznick spent over 1,900 hours for work on behalf of the Debtors, then it should easily be able to identify, disclose, and provide creditors with further information about any sources or uses of funds transferred to certain entities, as well as the value of these entities and available cash to fund professional fees or a reorganization plan.
CohnReznick must disclose work product, to date, including any reports (drafts or otherwise); identify who they spoke with on behalf of the Debtors; and make available for review all financial documents that reviewed or obtained. At this time, the Court should not approve payment to CohnReznick.

## THE AKERMAN AND CHRISTENSON LAW APPLICATIONS

21. To the extent the Court is inclined to award some payment of fees, for Akerman, such payment should be limited to the original retainer amounts already paid. Cash assets held by Debtors should not be dissipated, particularly where: there is no demonstration of benefit to the estate, there has already been a finding that Steven Ivankovich is using corporate entities as alter egos (in part to hide and dissipate marital assets), and no child support or alimony has been paid to Jeanette Ivankovich.

22. The Creditors are also unable to fully and adequately analyze the scope of work and services performed by Akerman and Christenson Law because, among other reasons, multiple of their billing records and time entries are redacted. It is important to note that Christenson Law represents multiple defendants in the California action where it also represents Atlas P2 Managing Member, LLC, including Atlas Holdings Investments LLC, Consilient Holdings Investments, LLC, and Steven Ivankovich, individually. Although Christenson Law has represented that it will not charge the Debtors or estates amounts for representing other parties, Christenson Law's redacted records impedes Creditors' analysis. At the time of the Christenson firm's engagement, it promised to account separately for debtor and non-debtor defendants.

23. Without full transparency, the Court should withhold any amounts for unverified or unsupported work performed on behalf of the estate.

24. Finally, Creditors object globally to the Applications' requests for payment from the estate, as those amounts should be paid by Steven Ivankovich personally and not to the detriment of the estate's creditors. Likewise, Akerman and Christenson Law should draw against and use any applicable retainers. For example, the Akerman Application states that its $200,000 retainer, funded by Steven Ivankovich's father - Anthony Ivankovich - is fully available. *See*

Akerman Application at 2. It is also equally concerning that CohnReznick and Akerman seek exorbitant fees while their billing records do not show any conversations with the parents of Steven Ivankovich - Anthony and Olga Ivankovich. Therefore, the Court should withhold any amounts for which any fees or expenses could have been mitigated.

25. The case is not progressing. The first day of the case, the Debtors represented that their objective was to provide fully transparent financial information to all creditors, to then settle with each creditor and pay 100% of the claims. None of these objectives has been achieved. Thus, the interim applications are premature.

26. Accordingly, the Creditors hereby object to the Applications and reserve all rights to supplement this objection as necessary.

**CONCLUSION**

Jeanette Ivankovich and Schiller Ducanto & Fleck LLP respectfully request that the Court enter an Order: (i) sustaining this Omnibus Objection to the Akerman Application [Doc. 291], the CohnReznick Application [Doc. 292]; and Christenson Law Application [Doc. 293] and (ii) grant such other relief that the Court deems appropriate under the circumstances.

---

**Pursuant to Local Rule 9073-1 (D)**

The undersigned met and conferred with counsel Akerman, CohnReznick, and Christenson Law and asked for a substantial reduction in the amounts sought. However, the undersigned was not able to resolve matters with that pre-objection meet and confer.

---

Dated: April 21, 2025

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: /s/ *Patricia A. Redmond*
    PATRICIA A. REDMOND
    Florida Bar No. 303739
    predmond@stearnsweaver.com

*Counsel for Jeanette Ivankovich*

## CERTIFICATE OF SERVICE

I CERTIFY that I caused this document to be filed electronically on April 21, 2025, via the Court's CM/ECF website. I further certify that the document is being furnished as it is entered on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF upon those counsel or parties who are authorized to receive NEF in this case as indicated on the attached Service List.

By: /s/ *Patricia A. Redmond*
    PATRICIA A. REDMOND

**SERVICE LIST**
**United States Bankruptcy Court, Southern District of Florida**
**Case No. 24-15755-lMI**

The following parties are registered to receive NEF and will be served electronically through the Court's CM/ECF system:

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illiniois)
Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Michael S Budwick, Esq on behalf of Interested Party Steven Ivankovich
mbudwick@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Dan L Gold on behalf of U.S. Trustee Office of the US Trustee
Dan.L.Gold@usdoj.gov

Gary A Goldstein on behalf of Debtor A & O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
gagpa@aol.com, michael@rglawfirm.us

Amanda Klopp on behalf of Debtor A & O Family LLC
A&O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illiniois)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Ari Newman, Esq.
On behalf of Interested Party RBC Capital Markets, LLC and Royal Bank of Canada
newmanar@gtlaw.com, perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David L Rosendorf, Esq on behalf of Interested Party Anthony Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

Luis Salazar, Esq. on behalf of Interested Party Township Capital, LLC
Interested Party Township GP Fund II, LP
Interested Party Township Orlando, LLC
Luis@Salazar.Law,luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

Alexa Garcia Chinchilla on behalf of Interested Party Anthony Ivankovich and Interested Party Olga Ivankovich
achinchilla@kttlaw.com

Darrell Winston Payne on behalf of Creditor Schiller DuCanto & Fleck LLP
Creditor Jeanette Ivankovich
Defendant Schiller Ducanto & Fleck, LLP
Defendant Jeanette Ivankovich
dpayne@stearnsweaver.com, cveguilla@stearnsweaver.com