**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-15755-LMI |
| IVANKOVICH FAMILY LLC, | (Jointly Administered) |
| A&O FAMILY LLC (FL), | 24-15762- LMI |
| A & O FAMILY LLC (IL), | 24-15767- LMI |
| ATLAS P2 MANAGING MEMBER, LLC, | 24-15770- LMI |
| Debtors.[1] | |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**FROM PILGRIM ENTITIES**

P-5 GRA, LLC ("GRA"), as creditor and interested party in the above captioned jointly administered cases (the "Chapter 11 Cases"), by its undersigned counsel, hereby files this *Motion to Compel Production of Documents from Pilgrim Entities* (the "Motion") from Pilgrim Coulter LLC, Pilgrim Warwick LLC, and Pilgrim Windtree LLC (the "Pilgrim Entities"). In support of this Motion, GRA respectfully states as follows:

**INTRODUCTION**

1. GRA has been engaged in a months-long struggle to collect essential information from the Pilgrim Entities and the Debtors. In an initial attempt to move toward a potential settlement with the Debtors, GRA requested certain documents from each of the Pilgrim Entities, including tax returns and other financial-related information. After weeks of back-and-forth requests for information with counsel for the Debtors, GRA filed and personally served certain Subpoenas (as defined below) on the registered agents for each of the Pilgrim Entities.

---

[1] The cases are jointly administered. The last four digits of each Debtor's EIN are as follows: Ivankovich Family LLC (4590), A&O Family LLC, a Florida limited liability company (6789), A&O Family LLC, an Illinois limited liability company (6865), and Atlas P2 Managing Member, LLC (8311).

2.  GRA granted various extensions of the document production deadline to counsel for the Debtors, who turned over some documents but eventually advised GRA that a different attorney, Gary Goldstein, represented the Pilgrim Entities in the bankruptcy litigation. As detailed below, GRA reached out to Mr. Goldstein with the document requests, but Mr. Goldstein stated that he did not represent the Pilgrim Entities in these Chapter 11 Cases.

3.  It is still unclear to GRA exactly who represents the Pilgrim Entities with regard to these Chapter 11 Cases. However, GRA has recently become aware of counsel who appeared on behalf of the Pilgrim Entities in a non-bankruptcy case in the Northern District of Illinois. GRA will attempt to communicate the document requests to that counsel. In the interim, GRA seeks an order compelling document production that can be enforced against the Pilgrim Entities because the documents requested are essential to GRA for evaluating certain issues related to the *Debtors' Amended Joint Plan of Reorganization* [ECF No. 290].

## JURISDICTION AND VENUE

4.  The United States Bankruptcy Court for the Southern District of Florida (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). GRA confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that that Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are section 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2004 and 9016, and Federal Rule of Civil Procedure 45.

**BACKGROUND**

6. On March 13, 2025, GRA filed notices of rule 2004 examinations of the Pilgrim Entities and related subpoenas [ECF Nos. 284–286] (the "Subpoenas") seeking production of certain documents by March 25, 2025. On March 27, 2025, the Subpoenas were personally served on the registered agent for each of the Pilgrim Entities. *See* **Exhibit B**.

7. On March 24, 2025, GRA extended the document production deadline for Pilgrim Coulter LLC and Pilgrim Windtree LLC (the "Non-Warwick Entities") to April 7, 2025. On March 25, 2025, GRA extended the document production deadline for Pilgrim Warwick LLC to April 4, 2025. Both extensions were given via email correspondence with Eyal Berger, counsel to the Debtors.

8. On April 4, 2025, Mr. Berger requested a further extension of the document production deadlines to an unspecified date via email. GRA responded to say that documents were needed from Pilgrim Warwick LLC but that GRA would consider extending the deadline for the Non-Warwick Entities.

9. On April 21, 2025, GRA extended the document production deadline for six open document requests to May 1, 2025 via email to Mr. Berger, who copied Gary Goldstein of Gary Goldstein, P.A. on the correspondence. Mr. Berger stated that Mr. Goldstein represented the Pilgrim Entities.

10. On May 6, 2025, GRA, through counsel, sent an email to Mr. Goldstein detailing the remaining outstanding document requests. Mr. Goldstein stated the following in response:

> Go for it. This matter is involved in pending litigation in Delaware.
> To my knowledge your client has no claim against a chapter 11 debtor.
> The bankruptcy court has no jurisdiction over any Pilgrim entity.
> As comity debtors chapter 11 counsel provided documents and accounting to your firm.
> That as I suspected would be a waste of legal time.
> I have nothing more to say on this. I have not been retained by the Pilgrim entities in this matter.

**Exhibit C**.

11. As of May 19, 2025, the extended date for compliance with the Subpoenas has passed, and GRA has still not received the following documents from any of the Pilgrim Entities:

  a) Federal and state income tax returns for tax years 2019-present, including any amendments or extensions, filed by or on behalf of [the Pilgrim Entities] and/or the Property (as defined in the Subpoenas), including any K1's for the associated tax years issued to the members of [the Pilgrim Entities]

  b) All year-end financial statements for fiscal years 2022-2024 of [the Pilgrim Entities] and/or the Property (as defined in the Subpoenas)

  c) Any and all letters of intent, purchase contracts, term sheets or other documents or information pertaining to the potential sale of [the Pilgrim Entities] and/or the Property (as defined in the Subpoenas), whether such offers were informal or formal or reduced to writing or not, within the prior 3 years

## ARGUMENT

12. Under Rule 2004, "[t]he attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 . . . ." Fed. R. Bankr. P. 2004(c). Bankruptcy Rule 9016, in turn, makes Rule 45 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings. *See* Fed. R. Bankr. P. 9016; *see also Simon v. FIA Card Servs., N.A.,* 732 F.3d 259, 279 (3d Cir. 2013) ("[A] a party that serves a subpoena for a Rule 2004 examination and document production may compel performance under Bankruptcy Rule 9016 and Civil Rule 45."). Rule 45 requires that any objection to a subpoena "be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B).

13. The Pilgrim Entities did not timely object or move to quash the Subpoenas. Despite GRA's efforts to seek compliance with the Subpoenas from Debtors' counsel and Mr. Goldstein, the Pilgrim Entities have still failed to fully comply with the Subpoenas. At this time, it is not clear to GRA who represents the Pilgrim Entities in connection with the Subpoenas, despite having

been directed to Mr. Goldstein by the Debtors' counsel, who insists that he "ha[s] not been retained by the Pilgrim entities in this matter." Without a reliable contact with whom to discuss compliance with the Subpoenas, and after numerous extensions of the deadline for compliance, GRA had no choice but to file this Motion and seek relief from the Court compelling the Pilgrim Entities' compliance

## CERTIFICATE OF CONFERRAL

14. As reflected above, GRA had communications with counsel for the Debtors and Mr. Goldstein with respect to the document production requests. Despite these communications and the personal service of the Subpoenas on the registered agents for each of the Pilgrim Entities, the Pilgrim Entities have failed to produce any documents in response to GRA's requests.

## CONCLUSION

WHEREFORE, for the reasons set forth above, GRA respectfully requests that the Court enter an order compelling the Pilgrim Entities to produce the documents requested in the Subpoenas, including the missing documentation described herein, by five (5) days after entry of an order approving the Motion.

Dated: May 22, 2025

**TROUTMAN PEPPER LOCKE LLP**
777 South Flagler Drive
Suite 215 East Tower
West Palm Beach, FL 33401
T: 561-833-7700
F: 561-655-8719

*/s/ Steven J. Brotman*
Steven H. Brotman
Florida Bar No.: 85750
E: steven.brotman@troutman.com

*Counsel to P-5 GRA, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 22, 2025, a true and correct copy of the foregoing document was served via ECF and/or U.S. first class mail to the parties listed below in the manner stated.

/s/ *Steven J. Brotman*
Steven H. Brotman
Florida Bar No.: 85750
E: steven.brotman@troutman.com

By Notice of Electronic Filing: To all parties registered with CM/ECF to receive electronic notice.

By U.S. Mail: To the parties listed below.

Pilgrim Coulter LLC
c/o VCorp Services, LLC
108 W. 13th St., Suite 100
Wilmington, DE 19801

Pilgrim Warwick LLC
c/o VCorp Services, LLC
108 W. 13th St., Suite 100
Wilmington, DE 19801

Pilgrim Windtree LLC
c/o VCorp Services, LLC
108 W. 13th St., Suite 100
Wilmington, DE 19801

Office of the US Trustee
Attn: Heidi A. Feinman
Attn: Dan L. Gold
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-15755-LMI |
| IVANKOVICH FAMILY LLC, | (Jointly Administered) |
| A&O FAMILY LLC (FL), | 24-15762- LMI |
| A & O FAMILY LLC (IL), | 24-15767- LMI |
| ATLAS P2 MANAGING MEMBER, LLC, | 24-*15770*- LMI |
| Debtors.² | |
| _____/ | |

### [PROPOSED] ORDER COMPELLING
### PRODUCTION OF DOCUMENTS FROM PILGRIM ENTITIES

Upon consideration of the *Motion to Compel Production of Documents from Pilgrim Entities* (the "Motion")³, filed by GRA, for entry of an order compelling the Pilgrim Entities to produce the documents requested no later than five (5) days after entry of an order approving the Motion pursuant to section 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2004 and 9016, and Federal Rule of Civil Procedure 45; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion on ____, 2025 (the "Hearing"); and upon the record of the Hearing and upon all of the proceedings had before the Court; and all

---

² The cases are jointly administered. The last four digits of each Debtor's EIN are as follows: Ivankovich Family LLC (4590), A&O Family LLC, a Florida limited liability company (6789), A&O Family LLC, an Illinois limited liability company (6865), and Atlas P2 Managing Member, LLC (8311).

³ Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor

THE COURT ORDERS THAT:

1. The Motion is granted.

2. Pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rules 2004 and 9016, and Federal Rule of Civil Procedure 45, the Pilgrim Entities are hereby ordered to produce the documents requested in the Subpoena, including the missing documentation detailed in the Motion, no later than five (5) days after entry of this Order.

3. GRA is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: May ____, 2025

                                          UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**Affidavit of Service**

Case 24-15755-LMI    Doc 365    Filed 05/22/25    Page 10 of 16

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re: IVANKOVICH FAMILY, LLC,
et al.

**Debtors**

CASE NO. : 24-15755-LMI
(JOINTLY ADMINISTERED)
24-15762-LMI
24-15767-LMI
24-15770-LMI

## PROOF OF SERVICE

I am not a party herein, am over 18 years of age and reside in the state of Delaware.

That on **3/27/2025** at **11:05 AM** at **1209 Orange St., Wilmington, DE 19801**

I served a(n) **Notice of Rule 2004 Examination, Subpoena for Rule 2004 Examination with Exhibit A**

on **Pilgrim Windtree LLC c/o VCorp Services, LLC, Registered Agent**

by delivering thereat a true copy of each to **Robin Hutt-Banks** personally, who stated that he/she is **authorized to accept service** thereof.

Description Of Person Served Based On Undersigned's Perception:
Gender: Female
Race: Black
Hair: Black
Age: 51 - 65 Yrs.
Height: 5' 4" - 5' 8"
Weight: 131-160 Lbs.
Other:

I declare under penalty of perjury that the forgoing is true and correct.

Date: 3/28/25

Kevin S. Dunn

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re: IVANKOVICH FAMILY, LLC,
et al.

CASE NO. : 24-15755-LMI
(JOINTLY ADMINISTERED)
24-15762-LMI
24-15767-LMI
24-15770-LMI

**Debtors**

## PROOF OF SERVICE

I am not a party herein, am over 18 years of age and reside in the state of Delaware,

That on **3/27/2025** at **11:05 AM** at **1209 Orange St., Wilmington, DE 19801**

I served a(n) **Notice of Rule 2004 Examination, Subpoena for Rule 2004 Examination with Exhibit A**

on **Pilgrim Warwick LLC c/o VCorp Services, LLC, Registered Agent**

by delivering thereat a true copy of each to **Robin Hutt-Banks** personally, who stated that he/she is **authorized to accept service** thereof.

Description Of Person Served Based On Undersigned's Perception:
Gender: Female
Race: Black
Hair: Black
Age: 51 - 65 Yrs.
Height: 5' 4" - 5' 8"
Weight: 131-160 Lbs.
Other:

I declare under penalty of perjury that the forgoing is true and correct.

Date: 3/28/25

Kevin S. Dunn

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re: IVANKOVICH FAMILY, LLC,
et al.

**Debtors**

CASE NO. : 24-15755-LMI
(JOINTLY ADMINISTERED)
24-15762-LMI
24-15767-LMI
24-15770-LMI

## PROOF OF SERVICE

I am not a party herein, am over 18 years of age and reside in the state of Delaware,

That on **03/27/2025** at **11:05 AM** at **1209 Orange St., Wilmington, DE 19801**

I served a(n) **Notice of Rule 2004 Examination, Subpoena for Rule 2004 Examination with Exhibit A**

on **Pilgrim Coulter LLC c/o VCorp Services, LLC, Registered Agent**

by delivering thereat a true copy of each to **Robin Hutt-Banks** personally, who stated that he/she is **authorized to accept service** thereof.

<u>Description Of Person Served Based On Undersigned's Perception:</u>
Gender: Female
Race: Black
Hair: Black
Age: 51 - 65 Yrs.
Height: 5' 4" - 5' 8"
Weight: 131-160 Lbs.
Other:

I declare under penalty of perjury that the forgoing is true and correct.

Date: 3/28/25

Kevin S. Dunn

## **EXHIBIT C**

**Email Correspondence**

| | |
|---|---|
| **From:** | Gary Goldstein |
| **Sent:** | Tuesday, May 6, 2025 3:20 PM |
| **To:** | Hautzinger Loumeau, Sarah L. |
| **Cc:** | Eyal Berger |
| **Subject:** | Re: Document Production - Ivankovich Family LLC |
| **Attachments:** | Ivankovich Family LLC AOS.pdf |

**CAUTION: The sender's email address is unknown (not previously received).**
DO NOT click links or open attachments unless you confirm that this sender is legitimate and the content is safe.

Go for it. This matter is involved in pending litigation in Delaware.
To my knowledge your client has no claim against a chapter 11 debtor.
The bankruptcy court has no jurisdiction over any Pilgrim entity.
As comity debtors chapter 11 counsel provided documents and accounting to your firm.
That as I suspected would be a waste of legal time.
I have nothing more to say on this. I have not been retained by the Pilgrim entities in this matter.

Gary Goldstein

> On May 6, 2025, at 2:22 PM, Hautzinger Loumeau, Sarah L. wrote:
>
> Gary,
>
> We understand from Eyal Berger, copied here, that you represent Pilgrim Coulter LLC, Pilgrim Warwick LLC, and Pilgrim Windtree LLC (the "Pilgrim Entities") in connection with *In re Ivankovich Family LLC* (case no. 24-15755).
>
> On March 13, 2025, our client, P-5 GRA, LLC, filed a Notice of Rule 2004 Examination and Subpoena for Rule 2004 Examination for each of the Pilgrim Entities (the "Subpoenas") with the Bankruptcy Court, which put all parties on notice of the Subpoenas. [Dkt. Nos. 284, 285, 286]. The Subpoenas required the Pilgrim Entities to respond to certain document requests no later than March 25, 2025. On March 27, 2025, the Subpoenas were personally served on the registered agent for each of the Pilgrim Entities (see pgs. 2-4 of attached Affidavit of Service).
>
> On March 24, 2025, we extended the document production deadline for Pilgrim Coulter LLC and Pilgrim Windtree LLC (the "Non-Warwick Entities") to April 7, 2025. On March 25, 2025, we extended the document production deadline for Pilgrim Warwick LLC to April 4, 2025. Both extensions were given via email correspondence with Eyal Berger.
>
> On April 4, 2025, Mr. Berger requested a further extension of the document production deadlines to an unspecified date via email correspondence. We responded to say that we needed the documents related to Pilgrim Warwick LLC but that we would speak to our client about extending the deadline for the Non-Warwick Entities.

On April 21, 2025, we extended the document production deadline for six open document requests to May 1, 2025 via email correspondence. Mr. Berger cc'd you on this correspondence.

The extended document production deadline has passed. We are still missing the following documents for each of the Pilgrim Entities:

1. Federal and state income tax returns for tax years 2019-present, including any amendments or extensions, filed by or on behalf of [the Pilgrim Entities] and/or the Property (as defined in the Subpoenas), including any K1's for the associated tax years issued to the members of [the Pilgrim Entities]
2. All year-end financial statements for fiscal years 2022-2024 of [the Pilgrim Entities] and/or the Property (as defined in the Subpoenas)
3. Any and all letters of intent, purchase contracts, term sheets or other documents or information pertaining to the potential sale of [the Pilgrim Entities] and/or the Property (as defined in the Subpoenas), whether such offers were informal or formal or reduced to writing or not, within the prior 3 years

**If we do not receive the remaining documents by 4 pm EST on Friday, May 9, we intend to seek appropriate court relief.**

Best,

**Sarah L. Hautzinger Loumeau**
**Associate**

**troutman pepper locke**
875 Third Avenue
New York, NY 10022
troutman.com

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit www.troutman.com. If services are provided by Troutman Pepper Locke UK LLP, please see our London office page (www.troutman.com/offices/london.html) for regulatory information.