UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>Ivankovich Family LLC,<br>A&O Family LLC (Florida),<br>A & O Family LLC (Illinois),<br>Atlas P2 Managing Member, LLC<br><br>    Debtors. | Chapter 11 Case<br><br>Jointly Administered<br><br>Case Nos. 24-15755-LMI<br>     24-15762-LMI<br>     24-15767-LMI<br>     24-15770-LMI |

**JEANETTE IVANKOVICH'S AND SCHILLER DUCANTO'S OPPOSITION
TO JOINT MOTION FOR RETURN OF FUNDS [ECF 305]
AND MOTION TO COMPEL**

  Creditors, Jeanette Ivankovich ("Jeanette"), and Schiller DuCanto & Fleck, LLP ("Schiller") ("Creditors"), by and through undersigned counsel, file this Opposition to Joint Motion for Return of Funds to Drs. Anthony and Olga Ivankovich ("Steven's Parents") (ECF 305) (the "Motion"), and further move to compel the Debtors and Steven's Parents to produce relevant documents and to appear for a deposition concerning these matters.

**PRELIMINARY STATEMENT**

  1. This bankruptcy case largely arises from the efforts of Steven Ivankovich to avoid responsibility and payment of his substantial debts and obligations, including basic family support obligations to Steven's estranged wife, Jeanette, and his children, as well as the payment of obligations to other creditors. Steven is the manager of three of the four debtors, and the record has already established that Steven is the primary decision-maker controlling virtually all decisions relating to the transfer and use of alleged debtor funds and assets, including primary use of assets titled in the name of the debtors or other affiliates, for his own personal use and benefit.

1

2. For example, on May 23, 2024, the Illinois Divorce Court entered a preliminary injunction order ("Preliminary Injunction") against Steven Ivankovich finding, among other things, that Steven's companies, including A&O Family, are his alter ego and that Jeanette has a clear protectable right in any assets of the Debtors that constitute marital property.

3. On May 14, 2025, in a separate proceeding in federal court, the Hon. Sidney I. Schenkier (Ret.), acting as Special Master, made similar findings about Steven exercising "complete dominion over the disposition of the funds from the sale of the Florida property, and put much of that money to his personal use..." and that "...the evidence presented at the hearing before the Special Master shows that those funds are Steven's assets, which but for the citation he would have controlled and put to personal use." *See* Report and Recommendation, dated 5.14.25 (attached as Exhibit 1), pp. 12, 21.[1]

4. The Motion seeks the transfer of $522,697.97 in funds currently held in an account in the name of one of the Debtors, A&O Family LLC ("A&O FL") and A&O Family LLC ("Debtors"), claiming the funds belong to Steven's parents.

5. But, given the serious questions regarding the ownership and control of assets held in the name of the Debtors, and the lack of detailed information explaining the circumstances of the deposit of these funds, the Motion should be denied at this time. The Court should further enter an order compelling the Debtors and Steven's parents to produce relevant documents, and to sit for depositions, concerning the relevant facts relating to the Motion.

## OBJECTION

### I. The Motion Should Be Denied; There Are Substantial Factual Questions Regarding the Deposits

---

[1] *Shu Shai Holdings Ltd., et. al. v. Steven Ivankovich*, Case No. 20-cv-04985 (N.D. Illinois May 14, 2025) (Doc. 379) (referencing escrow funds held by Walker & Dunlop in connection with funds relating to the sale of 2 Florida properties, including the deposit of net proceeds of more than $35MM into a Chase Account ending in 1602 in the name of Alliance HTFL, and Steven's dissipation/transfer of virtually all of those assets; *see e.g.* pp. 6-11).

6.     The funds relate to a series of deposits made into an account in the name of A&O FL, over the course of nearly a year.  The deposits are not for small amounts, and are comprised mainly of two substantial deposits, first, in the amount of $222,000.00 on October 18, 2024, and then in the amount of $150,988.83 on February 25, 2025.  Most of the other deposits are in excess of $11,000. *See* ECF 305 at 2.

7.     As noted above, it is Steven that primarily controls and manages all of the Debtors' assets.  But, the Motion does not disclose critical information, raising serious questions about the providence of the funds, including:

   a. who is monitoring and managing the account and the relevant deposits,

   b. how the deposits occurred without being noticed by Steven, CohnReznick, Mandell Hahm, Olga Ivankovich, Nancy Webber, if these were truly not funds belonging to the debtors;

   c. who identified the supposed error and when;

   d. what documents show the timing and authority for instructions regarding auto-deposit of the funds; and

   e. who is the unnamed financial advisor that is alleged to have confirmed the funds are the separate property of Steven's Parents (as alleged in the Motion, at par. 8), and what was the analysis and basis for that conclusion.

8.     In response, as part of a meet and confer, the debtors' counsel has not provided any declarations or documents addressing these issues. In particular, after suggesting the possibility of declarations to address some of the Creditors' questions, the Debtors have failed to provide any declarations from Nancy Webber, Olga Ivankovich, RBC, CohnReznik, or Steven, attesting to the

factual background and confirmation, under oath, that it was not Steven that had any involvement in these funds, the source or use of the funds, and the transfer arrangements.

9. In support of the Motion, A&O FL provided certain of its K-1s, but has failed and refused to provide missing K-1s for 2009 through 2016, and for 2021 to date. K-1s appear to be missing for .25 of equity interests for 2008, for .5 of equity interests for 2017-2020, and for .25 of equity interests for 2021. *See* Doc. 310. A&O FL's Operating Agreement shows Steven with an interest of at least .125% in A&O FL, as of 2008. *See* Doc 305-1 at 40. But, there are no K-1s for Steven or any of the other equity interests. All of the relevant K-1s were requested as far back as January 2025, as part of formal requests to the Debtors (both in the main case and the adversary), and as part of a recent subpoena document request to Steven.

10. Additional unanswered questions including:

   a. What if any instructions were originally given in relation to these deposits?

   b. Why were the funds being deposited in debtor accounts?

   c. What obligations, if any, exist between the payees and the debtors (or any other entities connected to the payments) that explain the circumstances for the deposit of the funds?

   d. Have funds from the payees been provided to Steven or the benefit of Steven?

   e. What control, if any, does Steven have concerning these funds?

   f. Where are the missing K-1s?

   g. Why don't the K-1s reconcile with the deposits?

11. Further, the Debtors have already spent nearly $1MM in fees paid to CohnReznich for the explicit purpose of reviewing debtors' finances and records and assisting with the preparation of monthly operating reports filed in this proceeding. The Creditors anxiously await

the transparency that has been promised with regard to the forthcoming CohnReznick report about the sources and uses of the funds and assets held in the debtors' names, and disclosures about all the various interests and projects that the debtors assert control or an interest in, as well as disclosures about the use of debtors' assets by Steven. But, CohnReznick has not provided its report, as of this date.

12. At a minimum, these important issues raise serious questions about the factual basis for the Motion.

13. Further, the Motion makes no showing whatsoever of any protection for the Creditors or any of the creditors in connection with the transfer of these funds.

**Motion to Compel Discovery and Certificate of Good Faith Effort to Resolve**

Beginning on May 6, 2025, the Creditors made numerous efforts to obtain discovery and schedule the depositions of Steven's Parents. There were additional emails on May 12-14, 2025. There were extensive exchanges of emails on May 20, 2025, with both David Rosendorf and Eyal Berger, in an effort to resolve or narrow the dispute. To date, neither the Debtors nor Steven's Parents have agreed to sit for a deposition[2] on these issues or provided mutually convenient dates, nor provided the additional requested documents, nor provided declarations answering the questions surrounding the factual basis for the Motion.

For these reasons, the Creditors seek entry of an order compelling the Debtors (through their corporate representative), as well as the persons involved in the deposits, including Nancy Webber, Steven's Parents, Steven, CohnReznick, etc. to appear for deposition; and compelling the Debtors and Steven's Parents to produce all relevant and responsive documents.

---

[2] Counsel for Steven's Parents did cooperate by agreeing to accept service of process for Steven's Parents, while reserving all rights and objections, and later represented that a motion for protective order as to both depositions would be filed. Dr. Anthony apparently has health issues that may prevent him from testifying. But, no motion has been filed. The depositions were noticed, as a placeholder, for May 26, the latest date before the hearing on the Motion, but Steven's Parents have not agreed on any alternative dates.

5

## **CONCLUSION**

A&O FL and Steven's Parents cannot use the Motion to further dissipate remaining cash that may be used for reorganization of the Debtors, to pay the Creditors' claims, to pay for any marital interest that is ultimately determined by the Illinois Divorce Court. The Motion should be denied, or at least continued until after full and adequate discovery is provided. The motion to compel should also be granted.

**WHEREFORE**, Creditors Jeanette and Schiller respectfully request that this Court enter an order (i) denying Debtors and Steven's Parent's Motion; (ii) granting the motion to compel; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: May 22, 2025

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: /s/ *Patricia A. Redmond*
    PATRICIA A. REDMOND
    Florida Bar No. 303739
    predmond@stearnsweaver.com

*Counsel for Jeanette Ivankovich and
Schiller DuCanto & Fleck, LLP*

**CERTIFICATE OF SERVICE**

    I CERTIFY that I caused this document to be filed electronically on May 22, 2025, via the Court's CM/ECF website.  I further certify that the document is being furnished as it is entered on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF upon those counsel or parties who are authorized to receive NEF in this case as indicated on the attached Service List.

        By: /s/ *Patricia A. Redmond*
             PATRICIA A. REDMOND

**SERVICE LIST**
**United States Bankruptcy Court, Southern District of Florida**
**Case No. 24-15755-lMI**

The following parties are registered to receive NEF and will be served electronically through the Court's CM/ECF system:

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Michael S Budwick, Esq on behalf of Interested Party Steven Ivankovich
mbudwick@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Dan L Gold on behalf of U.S. Trustee Office of the US Trustee
Dan.L.Gold@usdoj.gov

Gary A Goldstein on behalf of Debtor A & O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
gagpa@aol.com, michael@rglawfirm.us

Amanda Klopp on behalf of Debtor A & O Family LLC
A&O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Ari Newman, Esq.
On behalf of Interested Party RBC Capital Markets, LLC and Royal Bank of Canada
newmanar@gtlaw.com, perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David L Rosendorf, Esq on behalf of Interested Party Anthony Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

Luis Salazar, Esq. on behalf of Interested Party Township Capital, LLC
Interested Party Township GP Fund II, LP
Interested Party Township Orlando, LLC
Luis@Salazar.Law,luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

Alexa Garcia Chinchilla on behalf of Interested Party Anthony Ivankovich and Interested Party Olga Ivankovich
achinchilla@kttlaw.com

Darrell Winston Payne on behalf of Creditor Schiller DuCanto & Fleck LLP
Creditor Jeanette Ivankovich
Defendant Schiller Ducanto & Fleck, LLP
Defendant Jeanette Ivankovich
dpayne@stearnsweaver.com, cveguilla@stearnsweaver.com