UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

| | |
|---|---|
| In re:<br><br>Ivankovich Family LLC,<br>A&O Family LLC (Florida),<br>A & O Family LLC (Illinois),<br>Atlas P2 Managing Member, LLC<br><br>                  Debtors. | Chapter 11 Case<br><br>Jointly Administered<br><br>Case Nos. 24-15755-LMI<br>           24-15762-LMI<br>           24-15767-LMI<br>           24-15770-LMI |

**JEANETTE IVANKOVICH AND SCHILLER DUCANTO & FLECK, LLP'S
SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
<u>OPPOSITION TO DEBTORS' MOTION [ECF 351]</u>**

Creditors Jeanette Ivankovich ("Jeanette") and Schiller DuCanto & Fleck, LLP ("Schiller") (collectively, "Creditors"), by and through their undersigned counsel, file this *Supplemental Memorandum of Law* in support of their previously filed *Opposition* [ECF 378] to the *Debtors' Motion to Authorize the Sale/Liquidation of the Celadon Accounts, Authorizing Payment of Secured Margin Loans Authorizing Payment of U.S. Trustee Fees and Administrative Expenses from Proceeds, and Related Relief* [ECF 351], and state as follows:

<u>**INTRODUCTION**</u>

Creditors respectfully provide this Court with supplemental authority supporting their previously filed Opposition [ECF 378] which argued, among other things, that this Court should deny the Debtors' Motion [ECF 351] to authorize the sale and/or liquidation of the Celadon Accounts based on principles of comity and deference to the preliminary rulings made by the Circuit Court of Cook County, Illinois County Department, Domestic Relations Division ("Illinois Divorce Court") in *In re: Marriage of Jeanette Ivankovich (Petitioner) and Steven Ivankovich (Respondent)*, Case Number 2021-D-9220 ("Illinois Divorce Proceeding").

## ARGUMENT

**A. The Celadon Account Belonging to P2 Portfolio Managing Member LLC Is Not Estate Property**

First, the Debtors claim that the "Celadon Accounts and underlying securities, which are all titled in the name of the Debtors, are therefore bankruptcy assets . . . ." Mot. at ¶ 36. In support, the Debtors also represent that as of June 10, 2025, four entities including Debtor Ivankovich Family LLC, Debtor A&O FL, Debtor A&O IL, and *non-Debtor* P2 Portfolio Managing Member LLC ("P2 Portfolio") – a subsidiary of Debtor Atlas P2 Managing Member, LLC ("Atlas P2") – hold accounts with Celadon Financial Group.  Mot at p. 3, para. 1. The law is clear: the assets of P2 Portfolio, namely its Celadon Account ending in 1443, are not property of the Debtors' bankruptcy estates because a bankruptcy estate does not extend to the assets of a debtor's subsidiary. *In re Fundamental Long Term Care, Inc.*, 81 F.4th 1264, 1284 (11th Cir. 2023), *cert. denied sub nom. Estate of Arlene Townsend v. Berman*, 144 S. Ct. 1098 (2024); *see Help at Home, Inc. v. Cam Enterprises, LLC*, No. 14-80255-CIV, 2015 WL 11255646, at *2 (S.D. Fla. Mar. 10, 2015) ("The bankruptcy estate does not extend to the assets, including causes of action, of a corporation in which the debtor has an interest, even if it is a 100% interest."). "The fact that a parent corporation has an ownership interest in a subsidiary . . . does not give the parent any direct interest in the assets of the subsidiary." *See Kreisler v. Goldberg*, 478 F.3d 209, 213–14 (4th Cir. 2007) ("Although Bask could have established an ownership interest in the property, it chose not to do so. Instead, it created an LLC for the purpose of holding title to the property. Having assumed whatever benefits flowed from that decision, it cannot now ignore the existence of the LLC in order to escape its disadvantages."); *In re Furlong*, 450 B.R. 263, 270 (D. Mass. 2011), *aff'd*, 660 F.3d 81 (1st Cir. 2011) ("[T]he automatic stay does not extend to the assets of a corporation in which the debtor has an interest, even if the interest is 100% of the corporate stock.") (internal

2

citation omitted).

Here, the Celadon Account held by P2 Portfolio – a subsidiary of Debtor Atlas P2 – cannot be liquidated pursuant to the Debtors' Motion because is it simply property that falls outside of the Debtors' bankruptcy estates. *See In re Com. Mortg. & Fin. Co.*, 414 B.R. 389, 395 (Bankr. N.D. Ill. 2009) ("As a general rule, property of the estate includes the debtor's stock in a subsidiary, but not the assets of the subsidiary."). The Joint Debtors cannot, on the one hand, establish a separate entity to segregate assets from a parent and later disclaim corporate formalities in an effort expand the scope of the bankruptcy estate to create a stay violation.

### B. The Preliminary Injunction Does Not Violate the Automatic Stay

Further, the Debtors claim that the post-petition enforcement of the preliminary injunction violates the automatic stay because "[a]ny action to enforce a preliminary injunction against Debtors is subject to the stay" Mot. at ¶ 45. However, the Debtors fail to highlight the abundance of authority holding that automatic stays pursuant to Section 362 of the Bankruptcy Code do not generally reach property belonging to non-debtors. *In re Sunbeam Securities Litig.*, 261 B.R. 534, 536 (Bankr. S.D. Fla. 2001); *see In re Goldberg*, 221 B.R. 907 (Bankr. M.D. Fla. 1998) (holding that no provision of the Bankruptcy Code suggests the extension of the automatic stay to actions against non-debtors); *Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 4 (1st Cir. 1983) ("[T]he automatic stay provisions of 11 U.S.C. § 362(a) apply only to the bankrupt debtor . . . . We are persuaded . . . by a comparison of the stay provisions provided by Congress for a chapter 13 bankruptcy proceeding, which expressly include [an automatic stay against] co-defendant debtors, with those provided for in a chapter 11 bankruptcy proceeding, which make no mention of co-defendant debtors, that had Congress intended § 362 to apply to solvent co-defendants, it would have said so.").

3

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

As previously noted, the Illinois Divorce Court entered a Preliminary Injunction against Steven Ivankovich finding, among other things, that Steven's companies, including the Debtors, are his alter ego and that Jeanette has a clear protectable right in any assets of the Debtors that constitute marital property. To preserve the martial property pending final adjudication and equitable distribution, the Illinois Divorce Court froze some of the Debtors' investment accounts that were found to be marital property. Despite the Debtors' claim to the contrary, the Debtor's bankruptcy filing does not preclude the continued enforcement of the Preliminary Injunction over the Celadon Accounts. In fact, the United States Supreme Court in *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 158 (2021), determined that Section 362(a) of the Bankruptcy Code only "prohibits affirmative acts that would disturb the status quo of estate property," but acts to retain possession of purported estate property is not enough to violate a stay. The Debtor could choose to pursue an appeal in Illinois of the Illinois Divorce Court's well-supported findings of fact and conclusions of law, with proper authority, but the Debtors have made the strategic decision to not challenge that decision in the appropriate forum. Simply, the Debtors cannot allege a stay violation to "back door" appeal or undo the effects of the Preliminary Injunction.

    **C.    Under Principles of Comity, this Court Should Defer to the Rulings of the Illinois State Court Proceedings**

Under well-established law, courts routinely enforce "the judicial acts of courts in other states" and foreign jurisdictions properly exercising their jurisdiction" under the "comity doctrine." *See Carver v. Carver*, 954 F. 2d 1573, 1580 (11th Cir. 1992). Likewise, this Court has already recognized the importance of deference to the Illinois Divorce Court and the Illinois Divorce Proceedings in its recent *Order on Motion to Abstain from Adjudicating Counts II, IV, and VI of Plaintiffs' Adversary Complaint* ("Adversary Order"), entered on February 26, 2025, in the adversary proceeding initiated by the Debtors, Anthony Ivankovich, and

4

Olga Ivankovich (Anthony Ivankovich and Olga Ivankovich are collectively, "Doctors") against Creditors and Steven Ivankovich.

Through the Adversary Order, this Court ultimately abstained from adjudicating Counts II and VI of the subject adversary complaint, *see* [ECF 53] in Adv. Case No. 24-1411-LMI ("Adversary Proceeding), which includes "an objection to the Disputed Interests brought by the Doctors against Jeanette" (Count II) and a claim "brought by the Doctors against Jeanette and Steven for declaratory relief as to ownership of the Debtors" (Count IV). Adversary Order at 6. In doing so, this Court analyzed various abstention factors under 28 U.S.C. §1334(c)(1) and placed great importance on "the interest of justice, *interest of comity with state courts, and respect for state law*." *Id.* at 7 (emphasis added). As to the second and third factors, this Court reaffirmed that "comity for the state court and the general principles that cases arising under state law should generally be tried in the state court weigh in favor of permissive abstention." *Id.* at 10 (citing *E.S. Bankest, LLC v. United Beverage Florida, LLC (In re United Container LLC)*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002)).

Deference for state court proceedings once again predominates the issues created by the Debtors' attempt to fully disregard the Preliminary Injunction entered by the Illinois Divorce Court because federal courts prefer not to "interfere with pending state proceedings in a way that offends principles of comity and federalism." *Tisdell v. Hogan*, No. 4:24-CV-1235-JAR, 2024 WL 4416828, at *3 (E.D. Mo. Oct. 4, 2024), aff'd, No. 24-3054, 2025 WL 339660 (8th Cir. Jan. 30, 2025) (analyzing comity under for a federal court case which "clearly relates to the division of marital assets in state court"). The importance of comity is further amplified when state court claims involve domestic relations. *See Goodman v. Goodman*, No. 21CV10902GHWRWL, 2022 WL 17826390, at *21 (S.D.N.Y. Dec. 21, 2022), report and recommendation adopted,

5

No. 1:21-CV-10902-GHW, 2023 WL 1967577 (S.D.N.Y. Feb. 12, 2023) ("Moreover, the six state law claims predominate over the sole remaining federal claim, and judicial efficiency and comity – particularly to the State Court's domain over marital and divorce matters – weigh in favor of declining supplemental jurisdiction over the state law claims."); *In re Allen*, 521 B.R. 613, 620 (Bankr. W.D. Mich. 2014) ("[A] federal court deciding whether to avoid transfers that a family court ordered in an earlier divorce action should, as a matter of comity, pause before undermining the decisions of its state court colleagues.").

Ultimately, under well-established principles of comity, this Court should defer to the protections imposed by the Illinois Divorce Court – which spent considerable time, heard argument, and contemplated extensive evidence concerning the Celadon Accounts – when it entered the Preliminary Injunction.

### D.  The Debtors Have Readily Available Cash to Pay United States Trustee Fees

Comity aside, the Debtors also claim that the proposed sale or liquidation of the Celadon Accounts is necessary to "fund the payment of certain administrative fees and expenses." Including the payment of U.S. Trustee fees owed by Debtor A&O Family LLC ("A&O Illinois"), in the amount of $17,284.36.[1] Whichever entity actually owes fees to the United States Trustee, at least one of the debtors has readily available cash in an account held with the Royal Bank of Canada ("RBC"), amounting to over $208,000, as of March 31, 2025, *see* [ECF 305-3] at 57, to fully pay the relatively small amounts required for U.S. Trustee fees.

Debtor A&O FL's recent amended schedule reveals collateral with a value of $13,673,276.29 in RBC account ending 9031, that could also be available to pay U.S. Trustee fees,

---

[1] In contrast, the Debtors' proposed Order (attached as Exhibit A to their Motion) states that A&O IL is "authorized to pay UST fees owed by *the Debtors* from the proceeds of the Celadon Accounts in the amount of $17,284.36." Mot. at p. 28. (emphasis added).

6

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

with equity of more than $7 million dollars even after considering the outstanding line of credit. *See* [ECF 314] at 3, filed on April 18, 2025. Another example of available assets that could be monetized to pay U.S. Trustee fees are the assets disclosed in the Debtors' Second Amended Disclosure Statement, dated March 20, 2025. [ECF 289]. For example, A&O FL has more than $25 million dollars in cash, bonds, certificates of deposits, and securities. [ECF 289] at 6. Separate and apart from the Celadon Accounts, there are millions of dollars of assets held in accounts at Busey, RBC, Wells Fargo and other investments. [ECF 289] at 10. There is no demonstration why these funds cannot be monetized or why any margin accounts have not or could not be wound down over a reasonable period of time to pay U.S. Trustee fees. Before interfering with the Preliminary Injunction affecting the Celadon Accounts, the Debtors should use these available resources and pause their attempt to "cash-out" funds from the RBC accounts to pay to the Doctors.

## CONCLUSION

Jeanette Ivankovich and Schiller DuCanto & Fleck, LLP respectfully request that this Court enter an order (i) denying the *Debtors' Motion to Authorize the Sale/Liquidation of the Celadon Accounts, Authorizing Payment of Secured Margin Loans Authorizing Payment of U.S. Trustee Fees and Administrative Expenses from Proceeds, and Related Relief* [ECF 351]; and ii) granting such other and further relief as the Court deems just and proper.

7

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

**CERTIFICATE OF SERVICE**

I CERTIFY that I caused this document to be filed electronically on June 26, 2025, via the Court's CM/ECF website. I further certify that the document is being furnished as it is entered on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF upon those counsel or parties who are authorized to receive NEF in this case as indicated on the Service List below.

    STEARNS WEAVER MILLER WEISSLER
    ALHADEFF & SITTERSON, P.A.
    150 West Flagler Street, Suite 2200
    Miami, Florida 33130
    Telephone: (305) 789-3200

    By:  */s/ Patricia A. Redmond*
    PATRICIA A. REDMOND
    Florida Bar No. 303739
    predmond@stearnsweaver.com
    Secondary: jmartinez@stearnsweaver.com
    DARRELL PAYNE
    Florida Bar Number 773300
    dpayne@stearnsweaver.com
    Secondary: cveguilla@stearnsweaver.com

    *Counsel for Creditors Jeanette Ivankovich*
    *and Schiller, DuCanto & Fleck, LLP*

8

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

**SERVICE LIST**
**In re Ivankovich Family LLC (Jointly Administered)**
**United States Bankruptcy Court, Southern District of Florida**
**Case No. 24-15755-lMI**

Matthew R. Brooks, Esq.
Troutman Pepper Locke LLP
On behalf of P-5 GRA, LLC
matthew.brooks@troutman.com

Steve J. Brotman, Esq.
Troutman Pepper Locke LLP
On behalf of P-5 GRA, LLC
steven.brotman@lockelord.com

Gary W. Marsh
Trouthman Pepper Locke LLP
On behalf of P-5 GRA, LLC
gary.marsh@troutman.com

Michael Busenkell, Esq.
Bradley P. Lehman, Esq.
Gellert Seitz Busenkell & Brown, LLC
On behalf of P-5 GRA LLC
blehman@gsbblaw.com
mbusenkell@gsbblaw.com

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Michael S Budwick, Esq on behalf of Interested Party Steven Ivankovich
mbudwick@melandbudwick.com,   ltannenbaum@melandbudwick.com;   mrbnefs@yahoo.com;
mbudwick@ecf.courtdrive.com; ltannenbaum@ecf.courtdrive.com; phornia@ecf.courtdrive.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Dan L Gold on behalf of U.S. Trustee Office of the US Trustee
Dan.L.Gold@usdoj.gov

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

Gary A Goldstein on behalf of Debtor A & O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
gagpa@aol.com, michael@rglawfirm.us

Amanda Klopp on behalf of Debtor A & O Family LLC
A&O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Ari Newman, Esq.
On behalf of Interested Party RBC Capital Markets, LLC and Royal Bank of Canada
newmanar@gtlaw.com, perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David L Rosendorf, Esq
On behalf of Interested Party Anthony Ivankovich
On behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

Luis Salazar, Esq. on behalf of Interested Party Township Capital, LLC
Interested Party Township GP Fund II, LP
Interested Party Township Orlando, LLC
Luis@Salazar.Law,luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

Alexa Garcia Chinchilla on behalf of Interested Party Anthony Ivankovich and Interested Party Olga Ivankovich
achinchilla@kttlaw.com

Darrell Winston Payne on behalf of Creditor Schiller DuCanto & Fleck LLP
Creditor Jeanette Ivankovich
Defendant Schiller Ducanto & Fleck, LLP
Defendant Jeanette Ivankovich
dpayne@stearnsweaver.com, cveguilla@stearnsweaver.com

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200