**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                          Case No.: 24-15755-LMI
                                                Chapter 11
IVANKOVICH FAMILY LLC                           (Jointly Administered)
A&O FAMILY LLC                                          24-15762-LMI
A & O FAMILY LLC                                        24-15767-LMI
ATLAS P2 MANAGING MEMBER, LLC                           24-15770-LMI


        Debtors.
_____/

**MOTION TO APPROVE COMPROMISE OF CONTROVERSY**
**WITH TOWNSHIP ENTITIES**

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

 **Any interested party who fails to file and serve a written response to this motion within twenty-one (21) days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

 **If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Room 150, Miami, Florida 33128 and serve a copy on the movant's attorney, Eyal Berger, 201 East Las Olas Boulevard Suite 1800, Fort Lauderdale, FL 33301 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.**

 **If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

        Debtors Ivankovich Family LLC, A&O Family LLC, a limited liability company organized under the laws of Florida ("A&O Family (FL)"), A & O Family LLC, a limited liability company organized under the laws of Illinois ("A&O Family (IL)"), and Atlas P2 Managing Member, LLC ("Atlas P2") (collectively, "Debtors"), move the Court to approve the agreement incorporated in

82005906;1

the Stipulation of Judgment attached as **Exhibit 1** (the "Settlement Agreement") between Debtors and Township Capital, LLC, Township GP Fund II, and Township Orlando LLC (collectively "Township Entities") to settle all claims filed by the Township Entities against all Debtors. The Settlement Agreement resolves certain claims that the Township Entities asserted against the Debtors' estates, some of which were pending in California Litigation (hereinafter defined), by stipulation to allowance of a claim for the total sum of $11,363,554.80 (the "Judgment Amount") against each of the Debtors' estates, which may be fully satisfied by a timely payment of a discounted amount of $8,500,000. In support thereof, Debtors states as follows:

## I.    Facts Supporting Requested Relief

1.    The Township Entities filed suit against Debtor Atlas P2 and other nondebtor defendants in Superior Court of California for Los Angeles County ("California Court") on January 8, 2019 styled as case no. 19STCV00630 ("California Litigation").

2.    The original complaint in the California Litigation related to certain rights asserted by the Township Entities by virtue of a $4,000,000 investment in a portfolio of multifamily properties called the "P-2 Portfolio." The Township Entities claimed a right to a refund of their investment via a buyback obligation.

3.    The California Litigation was initially settled by a formal agreement memorializing that the Township Entities recognized that their investment had been converted to equity. Specifically, the parties executed a Binding Settlement Term Sheet acknowledging that Atlas Township Orlando LLC ("ATO") owned 20% of Atlas P2, and that Township GP Fund II and Township Orlando LLC each owned 40% of ATO.

4.    In the California Litigation, the Township Entities' Second Amended Complaint alleges 12 causes of action, including breach of contract, breach of guaranty and breach of fiduciary duty. Attached as **Exhibit 2** hereto is a true and correct copy of the operative complaint.

5.    The core of the Township Entities' operative complaint is that the Township Entities did not receive a distribution of proceeds upon the sale of the P-2 Portfolio by special purpose entities indirectly owned by Debtor Atlas P2, which sale resulted in net proceeds of $53,958,000. The total monetary damages requested by the Township Entities in the California Litigation was $8,434,000, plus additional amounts for attorneys' fees and costs, and interest, as well as punitive damages. *See id*.

6.    Debtors Ivankovich Family LLC, A&O Family FL, and A&O Family IL were not named as defendants in the California Litigation.

7.    Debtors filed for Chapter 11 bankruptcy on June 10, 2024, and remain as debtors-in-possession.

8.    On August 16, 2024, each of the Township Entities filed a proof of claim in each of the Debtors' individual bankruptcy cases in the amount of $40,000,000, totaling $120,000,000 in claims asserted against each Debtor, for claims aggregating $480 million across the jointly-administered estates.

9.    On October 17, 2024, the Debtors filed an objection to the Township Entities' claims. (ECF No. 134.)

10.    The Debtors and Township Entities resolved the claim objection by agreeing to the allowance of a single, disputed claim of the Township Entities in the amount of $40,000,000, and disallowance of claims against all of the other Debtor estates except Atlas P2, without prejudice to the Township Entities pursuing claims against these other Debtor entities if the Township

3

Entities obtained a judgment against Debtor Atlas P2 and asserted that the other Debtor entities were liable for any portion of the judgment. (ECF No. 197.)

11.     The parties to the California Litigation began a jury trial on June 23, 2025, but after several arms' length negotiations between counsel for the Debtors and counsel for the Township Entities, the parties reached the Settlement Agreement.

12.     The significant provisions of the Settlement Agreement include the following:

a.     Agreed Judgment: The parties agree that the amount due and owing from Defendants, including Defendant Atlas P2, is $11,363,554.80 (the "Judgment Amount").

b.     Settlement Payment: In settlement of the Judgment Amount, the Plaintiff shall accept $8,500,000[1], payable as follows: $4,000,000 by August 30, 2025, and $4,000,000 payable on or before December 23, 2027 plus interest at 5% from June 23, 2025, in the amount of $500,000 (collectively, the "Settlement Amount").

c.     Allowed Claim: The Judgment Amount shall be deemed an allowed claim in the Debtors' estates, with each of the Debtors being jointly and severally liable for payment. The automatic stay and any injunction imposed under any plan of reorganization are lifted to permit the Township Entities to pursue the judgment against the Debtors in accordance with the stipulation.

13.     The foregoing terms are only a summary of the key terms of the Settlement Agreement.  The terms of the Settlement Agreement control and all interested parties are urged to review same.

14.     The Settlement Agreement was negotiated during the jury trial in the California Court without the ability for the Debtors' counsel to provide input as bankruptcy counsel on the final terms of the stipulated judgment and all parties agree that Bankruptcy Court approval is required as to relief related to each of the four Debtors.

---

[1] A scrivener's error references the amount as $8,600,000, but the explanation of the payment terms of the Settlement Amount, plus the calculation of 5% per annum interest (which is $200,000 per annum), resolves any ambiguity that the Settlement Amount is $8,500,000.

II.    **Legal Standard for Settlement**

15.    The Settlement Agreement was negotiated at arm's-length and approval is in accord with the strong public policy which favors pre-trial settlement in all types of litigation.  *In re Grau*, 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001).

16.    Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

17.    As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion."  *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985) (hereinafter, "*Teltronics*"); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), *cert. denied sub nom. Stein v. McGrath*, 306 U.S. 636 (1939)).

18.    The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *In re Arrow Air, Inc.*, 85 B.R. at 891 (quoting *Teltronics*, 762 F.2d at 189; *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983)).

19.    Under Eleventh Circuit precedent, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

      a.     the probability of success in the litigation;

      b.     the difficulties, if any, to be encountered in the matter of collection;

82005906;1

c.     the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

d.     the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.),* 898 F.2d 1544, 1549 (11th Cir. 1990) (citing sources omitted).

20.     In exercising its review under Bankruptcy Rule 9019, a bankruptcy court gives weight to a Trustee's sound business judgment.  *See, e.g., In re Southeast Banking Corp.*, 314 B.R. 250, 273 (Bankr. S.D. Fla. 2004) (noting a court gives "weight to the trustee's informed judgment" in considering a settlement under Bankruptcy Rule 9019); *Abeles v. Infotechnology, Inc. (In re Infotechnology, Inc.)*, 89 F.3d 825 (2d Cir. 1995) (noting that in determining whether to approve a debtor's motion to settle a controversy, a court does not substitute its judgment for that of the debtor in possession).

21.     In the instant case, the four *Justice Oaks* factors weigh heavily in favor of approval of the Agreement.

A.     *Probability of Success*

22.      Although the Defendants, including Atlas P2, raised procedural and factual defenses to the Township Entities' claims in the California Litigation, the California court had already rejected most of the procedural defenses thus creating the necessity to win on appeal for several of the strongest defenses raised, including lack of proper venue, limitations period defenses, and 5-year rule mandating dismissal.[2] Further, the Defendants' factual defenses did not contest that the Township Entities did not receive any proceeds from the sale of the P2 Properties,

---

[2] California requires cases to be tried in five years or be subject to mandatory dismissal.

or on account of their equity interest in Debtor Atlas P2. Although the Debtors are unaware of a legal basis for the award of punitive damages, even a small risk of jury or judicial error in awarding same presents uncertainty to the Debtors that this settlement fully resolves. Ultimately, the Judgment Amount recognizes the most likely negative litigation outcome, as it accounts for post-judgment interest and attorneys' fees, and the Settlement Amount represents a discount from such amount.

### B.  *Difficulties of Collection*

23.    The *Justice Oaks* factor concerning difficulty of collection is neutral, as the Debtors did not assert affirmative claims against Township Entities.

24.    Even if the Debtors were to pursue the Township Entities for claims against them, the collectability of the Township Entities is in doubt, as special purpose entities that have been subject to claims by their own investors for failing to return invested funds.

### C.  *Complexity, Expense, Inconvenience and Delay*

25.    The issues in the California Litigation spanned nearly a decade and involved six years of litigation, a prior settlement that devolved into yet more litigation, and involved a number of issues of corporate law.  The costs associated with defending the California Litigation, and any subsequent litigation against the Debtors other than Atlas P2, as well as associated appeals from such lawsuit, would be substantial and potentially delay confirmation. Accordingly, this factor supports approval of the Settlement.

### D.  *Paramount Interests of Creditors*

26.    The Settlement Agreement provides the Debtors' estates with an opportunity to efficiently settle the claims asserted by the largest creditor, bringing finality to a long-standing dispute for an amount that, while not insignificant, could be dwarfed by litigation expenses of

continued years of litigation and appeals. As such, the Settlement Agreement serves the paramount interest of creditors and this factor supports approval of the settlement.

**III.    Notice**

27.    The Debtors will serve this Motion on all appropriate parties and will file a separate certificate of service identifying the specific parties served with this Motion and the Notice of Hearing when issued.  The Debtors request that the Court make a determination that all necessary parties have received the requisite notice.

28.    Assuming that the Settlement Agreement is approved, the Debtors seek authority to: (a) take such actions; and (b) execute such documents, as they deem reasonable, necessary and/or desirable to effectuate the Settlement Agreement.

29.    Finally, assuming that the Settlement Agreement is approved, the Debtors request that this Court retain sole and exclusive personal and subject matter jurisdiction to: (a) interpret, implement and, to the extent not inconsistent with the Settlement Agreement,[3] enforce (i) the terms and conditions of the Settlement Agreement, the Motion and the Order approving, and (ii) all related matters; and (b) adjudicate any and all disputes of any type arising from or related to (i) the Settlement Agreement, this Motion and the Order approving, and (ii) all related matters.  For the avoidance of doubt, the court in the California Litigation retains jurisdiction over entry of any judgment. *See* Settlement Agreement, p. 4, lines 10-13.

**WHEREFORE**, the Debtors request the Court enter an Order: (i) after 21 days' notice to creditors, approving the Settlement Agreement, (ii) finding that the notice provided to interested

---

[3] The Settlement Agreement provides that the Court in the California Litigation retains jurisdiction to enter an agreed-upon judgment in the event of a default, *see* p. 3, lines 17-28, p. 4, lines 1-5, and that the Court in the California Litigation retains jurisdiction to enforce any provision of the Settlement Agreement and enter agreed judgment thereon. *See* p. 4, lines 6-13.

82005906;1

parties of the hearings for approval is sufficient under the circumstances, and (iii) for all other

relief that is just and proper. A draft of the proposed order is attached hereto as **Exhibit 3**.

Dated: June 26, 2025                    Respectfully submitted,

By: ___*/s/ Eyal Berger*_____
Eyal Berger, Esq.
Florida Bar No.: 011069
Email: eyal.berger@akerman.com
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301-2999
Tel: 954-463-2700
Fax: 954-463-2224
*Counsel for the Debtors*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 26, 2025, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document

is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF

to those parties registered to receive electronic notices of filing in this case, and will be served via

U.S. Mail on June 27, 2025 to the parties listed on the attached mailing matrices.

By: ___/s/ Eyal Berger_____
Eyal Berger, Esq.

```
Label Matrix for local noticing        A&O Family LLC                           A&O Family LLC (Illiniois)
113C-1                                  791 Crandon Blvd Ph 6                   791 Crandon Blvd Ph 6
Case 24-15755-LMI                       Key Biscayne, FL 33149-2202             Key Biscayne, FL 33149-2202
Southern District of Florida
Miami
Thu Jun 26 16:39:23 EDT 2025

Altas P2 Managing Member LLC            Ivankovich Family LLC                   Schiller DuCanto & Fleck LLP
791 Crandon Blvd Ph 6                   791 Crandon Blvd Ph 6                   c/o Patricia A. Redmond, Esq.
Key Biscayne, FL 33149-2202            Key Biscayne, FL 33149-2202             Stearns Weaver Miller Weissler Alhadeff
                                                                                Stearns Weaver Miller Weissler Alhadeff
                                                                                Miami, FL 33130 United States

Township Capital, LLC                   Township GP Fund II, LP                 Township Orlando, LLC
c/o Salazar Law, LLP                    c/o Salazar Law, LLP                    c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200           2121 SW 3rd Avenue, Suite 200           2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458                    Miami, FL 33129-1458                    Miami, FL 33129-1458

Anthony & Olga Ivankovich               Anthony Ivankovich                      Celadon Financial Group, LLC
c/o David L. Rosendorf, Esq.            c/o David L. Rosendorf, Esq.            89 Headquarters Plaza North
Kozyak Tropin & Throckmorton, LLP       Kozyak Tropin & Throckmorton, LLP       PMB 1483
2525 Ponce de Leon Blvd.,9th Floor      2525 Ponce de Leon Blvd.,9th Floor      10 North Park Place
Miami, FL 33134-6039                    Miami, FL 33134-6039                    Morristown, NJ 07960-7120

Celedon Financial Group                 Chuchak & Tescon PC                     Chuhak & Tecson, P.C., Attn: Michael Debre
Paul Waldman, Esquire                   620 South Riverside Plaza, Suite 1700   120 S. Riverside Plaza, Suite 1700
10 North Park Place, Suite 420          Chicago, IL 60606                       Chicago, IL 60606-3911
Stirling, NJ 07980

Delaware Taxing Authority               Florida Department of Revenue           (p)ILLINOIS DEPARTMENT OF REVENUE
Division of Revenue                     Bankruptcy Unit                         BANKRUPTCY UNIT
820 N. French Street                    PO Box 6668                             PO BOX 19035
Wilmington, DE 19801-3530               Tallahassee, FL 32314-6668              SPRINGFIELD IL 62794-9035

Internal Revenue Service                Jeanette Ivankovich                     Jeanette lvankovich
Department of Treasury                  c/o Schiller DuCanto & Fleck LP         c/o Patricia A. Redmond, Esq.
P.O. Box 7346                           Tanya J Stanish, Esq.                   150 West Flagler St.
Philadelphia, PA 19101-7346             321 North Clark Street                  Suite 2200
                                        Chicago, IL 60654-4714                  Miami, FL 33130-1545

Michael D. Sirota, Esq.                 Office of the US Trustee                Olga Ivankovich
Court Plaza North                       51 S.W. 1st Ave.                        c/o David L. Rosendorf, Esq.
25 Main Street                          Suite 1204                             Kozyak Tropin & Throckmorton, LLP
Hackensack, NJ 07601-7083               Miami, FL 33130-1614                   2525 Ponce de Leon Blvd.,9th Floor
                                                                                Miami, FL 33134-6039

P-5 GRA LLC                             Pami Grand Too LLC                      Paul Waldman
Keith McKenna, Esquire                  c/o Douglas Johnson, Esquire            Celadon Financial Group
11 Broadway, Suite 615                  203 N La Salle Street, Suite 2100       89 Headquarters Plaza North PMB 1483
New York, NY 10004-1490                 Chicago, IL 60601-1226                  Morristown, NJ 07960-6834

Royal Bank of Canada                    Schiller DuCanto & Fleck LLP            Schiller DuCanto & Fleck LP
c/o RBC Capital Markets, LLC            c/o Patricia A. Redmond, Esq.           Attn: Tanya J Stanish Esq
Credit Operations                       150 West Flagler St.                    321 North Clark Street
250 Nicollet Mall, Suite 2000           Suite 2200                             Chicago, IL 60654-4714
Minneapolis, MN 55401-2802              Miami, FL 33130-1545
```

Township Capital LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Capital, LLC
c/o Michael D. Sirota, Esq.
25 Main Street
Court Plaza North
Hackensack, NJ 07601-7015

Township GP Fund II LP
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township GP Fund II, LP
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township Orlando LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Orlando LLC
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Wedbush Securities, Inc.
c/o Clearing Services, Inc.
1000 Wilshire Blvd Ste 900
Los Angeles CA 90017-2466

Wedbush Securities, Inc.
c/o Clearing Services, Inc.
P.O. Box 30014
Los Angeles, CA 90030-0014

Amanda Klopp
Akerman LLP
777 South Flagler Dr Suite 1100
West Palm Beach, FL 33401-6172

Andrew Hahm
Mandell Hahm Advisory Group, Ltd.
1033 Skokie Blvd., Suite 330
Northbrook, IL 60062-4108

Bradley P. Lehman, Esq.
1201 N Orange St., Ste 300
Wilmington, DE 19801-1167

David M Bass
25 Main St
Hackensack, NJ 07601-7015

Eyal Berger Esq.
Akerman LLP
201 E Las Olas Blvd #1800
Ft Lauderdale, FL 33301-4442

Gary A Goldstein
111 S Calvert St 27 Flr
Baltimore, MD 21202-6146

Gary W. Marsh, Esq.
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street, N.E.
Suite 3000
Atlanta, GA 30308-2305

Jeanette Ivankovich
c/o Patricia A. Redmond
150 West Flagler Street, Suite 200
Stearns Weaver Miller Weissler Alhadeff
Miami, FL 33130-1557

Jeffery M. Heftman
Schoenberg Finkel Beederman Bell Glazer
300 S. Wacker Drive
Suite 1500
Chicago, IL 60606-6762

Matthew D Elster
Beermann LLP
161 North Clark Street Suite 3000
Chicago, IL 60601-3346

(c)MATTHEW R. BROOKS, ESQ.
TROUTMAN PEPPER LOCKE LLP
875 3RD AVE FL 15
NEW YORK NY  10022-7254

Michael D Sirota
25 Main St
Court Plaza North
Hackensack, NJ 07601-7015

Morgan Handwerker
Schiller DuCanto & Fleck, LLP
321 N. Clark St., Suite 1200
Chicago, IL 60654-4758

Steven Ivankovich
c/o Michael S. Budwick, P.A.
Meland Budwick, P.A.
200 South Biscayne Blvd., Ste 3200
Miami, FL 33131-5323

Stuart A Neiberg
2401 NW Boca Raton Blvd
Boca Raton, FL 33431-6632

Tanya J. Stanish
Schiller DuCanto & Fleck, LLP
321 N. Clark St., Suite 1200
Chicago, IL 60654-4758

Vonn R. Christenson
Christenson Law Firm LLP
472 W Putnam Ave
Porterville, CA 93257-3321

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Illinois Department of Revenue
Bankruptcy Unit
P.O. Box 19035
Springfield, IL 62794


Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).


Matthew R. Brooks, Esq.
TROUTMAN PEPPER LOCKE LLP
875 Third Avenue
New York, NY 10022


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)P-5 GRA LLC                        (u)RBC Capital Markets, LLC and Royal Bank of        (u)Yacht Daddy, LLC


(u)Miami                              (u)Jeffrey Hefman, Esquire                           (d)Anthony Ivankovich
                                      Schoenberg Finkel Law Firm                           c/o David L. Rosendorf, Esq.
                                      300 S Walker Dr, Suite 1500                          Kozyak Tropin & Throckmorton LLP
                                      IL 60860-6000                                        2525 Ponce de Leon Blvd.
                                                                                           9th Floor
                                                                                           Miami, FL 33134-6039


(d)Olga Ivankovich                    End of Label Matrix
c/o David L. Rosendorf, Esq.          Mailable recipients    54
Kozyak Tropin & Throckmorton LLP      Bypassed recipients     7
2525 Ponce de Leon Blvd.              Total                  61
9th Floor
Miami, FL 33134-6039

Label Matrix for local noticing
113C-1
Case 24-15762-LMI
Southern District of Florida
Miami
Thu Jun 26 16:40:04 EDT 2025

A&O Family LLC
791 Crandon Blvd Ph 6
Key Biscayne, FL 33149-2202

Township Capital, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township GP Fund II, LP
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township Orlando, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Anthony & Olga Ivankovich
c/o David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd.,9th Floor
Miami, FL 33134-6039

Celedon Financial Group
Paul Waldman, Esquire
10 North Park Place, Suite 420
Stirling, NJ 07980

Chuchak & Tescon PC
620 South Riverside Plaza, Suite 1700
Chicago, IL 60606

Chuhak & Tecson, P.C., Attn: Michael Debre
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606-3911

Florida Department of Revenue
Bankruptcy Unit
PO Box 6668
Tallahassee, FL 32314-6668

Internal Revenue Service
Department of Treasury
P.O. Box 7346
Philadelphia, PA 19101-7346

Jeanette Ivankovich
c/o Patricia Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Jeanette Ivankovich
c/o Schiller DuCanto & Fleck LP
Tanya J Stanish, Esq.
321 North Clark Street
Chicago, IL 60654-4714

Jeanette lvankovich
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Michael Busenkell
1201 N. Orange St.
Suite 300
Wilmington, DE 19801-1167

Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

P-5 GRA LLC
Keith McKenna, Esquire
11 Broadway, Suite 615
New York, NY 10004-1490

P-5 GRA, LLC
1201 N. Orange Street
Suite 300
Wilmington, DE 19801-1167

Pami Grand Too LLC
c/o Douglas Johnson, Esquire
203 N La Salle Street, Suite 2100
Chicago, IL 60601-1226

Royal Bank of Canada
c/o RBC Capital Markets, LLC
Credit Operations
250 Nicollet Mall Suite 2000
Minneapolis, MN 55401-2802

Schiller DuCanto & Fleck LLP
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Schiller DuCanto & Fleck LP
Attn: Tanya J Stanish Esq
321 North Clark Street
Chicago, IL 60654-4714

Township Capital LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Capital, LLC
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township GP Fund II LP
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township GP Fund II, LP
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township Orlando LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Orlando LLC
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Wedbush Securities, Inc.
c/o Clearing Services, Inc.
P.O. Box 30014
Los Angeles, CA 90030-0014

Amanda Klopp
Akerman LLP
777 South Flagler Dr Suite 1100
West Palm Beach, FL 33401-6172

Eyal Berger Esq.
Akerman LLP
201 E Las Olas Blvd #1800
Ft Lauderdale, FL 33301-4442

Gary A Goldstein
111 S Calvert St 27 Flr
Baltimore, MD 21202-6146

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

(u)Jeffrey Hefman, Esquire
Schoenberg Finkel Law Firm
300 S Walker Dr, Suite 1500
IL 60860-6000

(d)Royal Bank of Canada
c/o RBC Capital Markets, LLC
Credit Operations
250 Nicollet Mall, Suite 2000
Minneapolis, MN 55401-2802

End of Label Matrix
Mailable recipients    32
Bypassed recipients     3
Total                  35

Label Matrix for local noticing
113C-1
Case 24-15767-LMI
Southern District of Florida
Miami
Thu Jun 26 16:40:46 EDT 2025

A & O Family LLC
791 Crandon Blvd Ph 6
Key Biscayne, FL 33149-2202

Township Capital, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township GP Fund II, LP
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township Orlando, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Anthony & Olga Ivankovich
c/o David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd.,9th Floor
Miami, FL 33134-6039

Celedon Financial Group
Paul Waldman, Esquire
10 North Park Place, Suite 420
Stirling, NJ 07980

Chuchak & Tescon PC
620 South Riverside Plaza, Suite 1700
Chicago, IL 60606

Chuhak & Tecson, P.C., Attn: Michael Debre
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606-3911

(p)ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
PO BOX 19035
SPRINGFIELD IL 62794-9035

Internal Revenue Service
Department of Treasury
P.O. Box 7346
Philadelphia, PA 19101-7346

Jeanette Ivankovich
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Jeanette Ivankovich
c/o Schiller DuCanto & Fleck LP
Tanya J Stanish, Esq.
321 North Clark Street
Chicago, IL 60654-4714

Jeanette lvankovich
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

P-5 GRA LLC
Keith McKenna, Esquire
11 Broadway, Suite 615
New York, NY 10004-1490

Pami Grand Too LLC
c/o Douglas Johnson, Esquire
203 N La Salle Street, Suite 2100
Chicago, IL 60601-1226

Schiller DuCanto & Fleck LLP
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Schiller DuCanto & Fleck LP
Attn: Tanya J Stanish Esq
321 North Clark Street
Chicago, IL 60654-4714

Township Capital LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Capital, LLC
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township GP Fund II LP
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township GP Fund II, LP
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township Orlando LLC
Michael D. Sirota
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township Orlando LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Wedbush Securities, Inc.
c/o Clearing Services, Inc.
1000 Wilshire Blvd Ste 900
Los Angeles CA 90017-2466

Amanda Klopp
Akerman LLP
777 South Flagler Dr Suite 1100
West Palm Beach, FL 33401-6172

Eyal Berger Esq.
Akerman LLP
201 E Las Olas Blvd #1800
Ft Lauderdale, FL 33301-4442

Gary A Goldstein
111 S Calvert St 27 Flr
Baltimore, MD 21202-6146

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Illinois Department of Revenue
Bankruptcy Unit
P.O. Box 19035
Springfield, IL 62794




The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Miami                        (u)Jeffrey Hefman, Esquire        End of Label Matrix
                                Schoenberg Finkel Law Firm        Mailable recipients    29
                                300 S Walker Dr, Suite 1500       Bypassed recipients     2
                                IL 60860-6000                     Total                  31

Label Matrix for local noticing
113C-1
Case 24-15770-LMI
Southern District of Florida
Miami
Thu Jun 26 16:41:16 EDT 2025

Altas P2 Managing Member LLC
791 Crandon Blvd Ph 6
Key Biscayne, FL 33149-2202

Township Capital, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township GP Fund II, LP
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township Orlando, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Anthony & Olga Ivankovich
c/o David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd.,9th Floor
Miami, FL 33134-6039

Celedon Financial Group
Paul Waldman, Esquire
10 North Park Place, Suite 420
Stirling, NJ 07980

Christenson Law Firm LLP
472 W. Putnam Avenue
Porterville, CA 93257-3321

Chuchak & Tescon PC
620 South Riverside Plaza, Suite 1700
Chicago, IL 60606

Chuhak & Tecson, P.C., Attn: Michael Debre
120 S. Riverside Plaza, Suit 1700
Chicago, IL 60606-3911

Delaware Taxing Authority
Division of Revenue
820 N. French Street
Wilmington, DE 19801-3530

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
Department of Treasury
P.O. Box 7346
Philadelphia, PA 19101-7346

Jeanette Ivankovich
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Jeanette Ivankovich
c/o Schiller DuCanto & Fleck LP
Tanya J Stanish, Esq.
321 North Clark Street
Chicago, IL 60654-4714

Jeanette lvankovich
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

P-5 GRA LLC
Keith McKenna, Esquire
11 Broadway, Suite 615
New York, NY 10004-1490

Pami Grand Too LLC
c/o Douglas Johnson, Esquire
203 N La Salle Street, Suite 2100
Chicago, IL 60601-1226

Schiller DuCanto & Fleck LLP
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Schiller DuCanto & Fleck LP
Attn: Tanya J Stanish Esq
321 North Clark Street
Chicago, IL 60654-4714

Township Capital LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Capital, LLC
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township GP Fund II LP
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township GP Fund II, LP
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township Orlando LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Orlando LLC
c/o Michael D. Sirota
25 Main Street, Court Plaza North
Hackensack, NJ 07601

Amanda Klopp
Akerman LLP
777 South Flagler Dr Suite 1100
West Palm Beach, FL 33401-6172

Eyal Berger Esq.
Akerman LLP
201 E Las Olas Blvd #1800
Ft Lauderdale, FL 33301-4442

Gary A Goldstein
111 S Calvert St 27 Flr
Baltimore, MD 21202-6146

      The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
Department of Treasury
Kansas City, MO 64999

      The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

(u)Jeffrey Hefman, Esquire
Schoenberg Finkel Law Firm
300 S Walker Dr, Suite 1500
IL 60860-6000

End of Label Matrix
Mailable recipients   30
Bypassed recipients   2
Total   32