UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

IVANKOVICH FAMILY LLC
A&O FAMILY LLC,
A & O FAMILY LLC,
ATLAS P2 MANAGING MEMBER, LLC,[1]

Debtors.
_____/

Chapter 11

Case No. 24-15755-LMI
(Jointly Administered)
24-15762-LMI
24-15767-LMI
24-15770-LMI

### DEBTOR'S APPLICATION FOR APPROVAL OF EMPLOYMENT AND COMPENSATION OF INTERNATIONAL YACHT CORPORATION AS YACHT BROKER AND EXCLUSIVE RIGHT OF SALE LISTING AGREEMENT

Debtor A & O Family LLC, a Florida limited liability company, (the "Debtor"), pursuant to Local Rule 9013-1(C)(4), files this Application for approval of (i) employment and compensation of International Yacht Corporation ("IYC") as yacht broker and (ii) the exclusive right of sale Central Listing Agreement with IYC attached as Exhibit A hereto, and in support thereof states:

1.  This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §1408. The statutory predicates for the relief requested herein are 11 U.S.C. §327(a) and Fed. R. Bankr. P. 2014.

2.  On June 10, 2024 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The cases are jointly administered. The last four digits of each Debtor's EIN are as follows: Ivankovich Family, LLC (4590), A&O Family, LLC, a Florida limited liability company (6789), A&O Family, LLC, an Illinois limited liability company (6865), and Atlas P2 Managing Member, LLC (8311).

1

82073888;1

3. As of the date hereof, no trustee or examiner has been appointed.

4. The Debtor is operating its business and managing its affairs as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. The assets of this estate includes Yacht Daddy LLC, a Cayman Islands company, which owns M/Y Contessa, a 100' 2024 Sunseeker, Jamaican Official Number JMP24104, Hull ID XSK07833E324 (the "Vessel") located in Miami, FL.

6. The Debtor has determined that it is in the best interests of the estate to sell the Vessel and that it requires the assistance of a yacht broker to market and sell the Vessel.

7. The Debtor desires to employ International Yacht Corporation ("IYC" or "Listing Broker") located at 110 E. Broward Blvd., Suite 1650, Ft. Lauderdale, FL 33301, as its broker.

8. The services of the Listing Broker have been selected because they have considerable experience in marketing vessels of a type similar to the Vessel, and are familiar with the Vessel.

9. The firm is well qualified to represent the estate in the marketing and sale of the Vessel.

10. The professional services the Listing Broker is to render include marketing and selling the Vessel.

11. The Debtor's subsidiary, Yacht Daddy LLC, has entered into an agreement with the proposed Listing Broker (the "Listing Agreement"), contingent upon Court approval and has agreed to a proposed commission of 10% of the sale price of the Vessel. A copy of the Listing Agreement is attached hereto as **Exhibit A**.

12. The Listing Broker agrees to market the Vessel for sale as an arm's length transaction to an independent third party or parties.

13. In the event the Listing Broker procures a buyer, the Debtor will return to the Court and file a motion to approve the sale of the Vessel. It has been explained to Listing Broker that all contracts to the sell the Vessel must be approved by the Court.

14. To the Debtor's knowledge, the Listing Broker is disinterested within the meaning of 11 U.S.C. § 101(14), and represents no interest adverse to the estate as supported by the Affidavit annexed hereto as **Exhibit B**, and, except as otherwise disclosed therein, has no connection with the Debtor, creditors, or any other party in interest, the United States Trustee, or any person employed in the office of the United States Trustee.

15. The Debtor believes that retention of the Listing Broker is in the best interests of the estate, as the Listing Broker is familiar with the Vessel, and the terms upon which Listing Broker has agreed to handle the sale(s) of the Vessel are terms which are common throughout this district, *i.e.*, a ten percent (10%) commission. The Debtor believes that the Listing Broker has the requisite expertise and experience and would be the best prospective party for handling the listing and marketing of this Vessel.

16. The Debtor requests that the Court approve the Listing Agreement and the employment of IYC as the approved Listing Broker for the Debtor.

17. Further, the Debtor requests that this Court approve the compensation to the Listing Broker of up to ten percent (10%), as set forth herein and in the Listing Agreement.

18. Upon entry of an order approving the sale of the Vessel, the Debtor requests authorization to disburse payment of Broker's commission, pursuant to the Listing Agreement, without the necessity of further notice or hearing.

19. A proposed Order granting the relief requested herein is attached as **Exhibit C**.

**WHEREFORE**, Debtor A&O Family, LLC requests that the Court: (i) grant this Application, (ii) approve the Listing Agreement attached hereto as **Exhibit A**, (iii) approve the employment of IYC as the listing broker for the Vessel upon the terms and conditions stated herein, (iv) approve the proposed compensation to the Listing Broker of up to 10%, as set forth in the Listing Agreement, and authorize the Debtor to disburse payment to the Listing Broker pursuant to the Listing Agreement, and (v) grant to Debtor such other and further relief as the Court deems appropriate.

Date: July 14, 2025                                             Respectfully submitted,

By: _Eyal Berger_____
Eyal Berger, Esq.
Florida Bar No.: 11069
eyal.berger@akerman.com
**AKERMAN LLP**
201 East Last Olas Boulevard, Suite 1800
Tel: 954-463-2700
Fax: 954-463-2224
- and –
Amanda Klopp, Esq.
Florida Bar No. 124156
Email: amanda.klopp@akerman.com
**AKERMAN LLP**
777 South Flagler Drive, Ste 1100
West Palm Beach, FL 33401
Tel: 561-653-5000 /Fax: 561-659-6316
*Counsel for the Debtor A & O Family LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of foregoing document was furnished via Notice of Electronic Filing or via U.S. Mail on July 14, 2025, to all persons listed on the attached service list, the U.S. Trustee, and all parties who have requested notice.

_Eyal Berger_____
Eyal Berger, Esq.

82073888;1

# SERVICE LIST

**24-15755-LMI Notice will be electronically mailed to:**

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor A&O Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor Altas P2 Managing Member LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor Ivankovich Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party A&O Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party A&O Family LLC (Illiniois)
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff A & O Family LLC (IL)
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff A&O Family LLC (FL)
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Atlas P2 Managing Member, LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Ivankovich Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Anthony Ivankovich
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Olga Ivankovich
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Steven J Brotman on behalf of Interested Party P-5 GRA LLC
steven.brotman@troutman.com,
Irene.rabba@troutman.com;AutoDocket@troutman.com;Pierce.rigney@troutman.com;Gary.marsh@troutman.com;Matthew.brooks@troutman.com

Michael S Budwick, Esq on behalf of Defendant Steven Ivankovich
mbudwick@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Michael S Budwick, Esq on behalf of Interested Party Steven Ivankovich
mbudwick@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

Michael G Busenkell on behalf of Interested Party P-5 GRA LLC
mbusenkell@gsbblaw.com, blehman@gsbblaw.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Alexa Garcia Chinchilla on behalf of Interested Party Anthony Ivankovich
achinchilla@kttlaw.com

Alexa Garcia Chinchilla on behalf of Interested Party Olga Ivankovich
achinchilla@kttlaw.com

82073888;1

Alexa Garcia Chinchilla on behalf of Plaintiff Anthony Ivankovich
achinchilla@kttlaw.com

Alexa Garcia Chinchilla on behalf of Plaintiff Olga Ivankovich
achinchilla@kttlaw.com

Dan L Gold on behalf of U.S. Trustee Office of the US Trustee
Dan.L.Gold@usdoj.gov

Gary A Goldstein on behalf of Debtor A & O Family LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor A&O Family LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor Altas P2 Managing Member LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor Ivankovich Family LLC
gagpa@aol.com, michael@rglawfirm.us

Amanda Klopp on behalf of Debtor A & O Family LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor A&O Family LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor Altas P2 Managing Member LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor Ivankovich Family LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party A&O Family LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party A&O Family LLC (Illiniois)
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party Altas P2 Managing Member LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff A & O Family LLC (IL)
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff A&O Family LLC (FL)
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff Atlas P2 Managing Member, LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff Ivankovich Family LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Ari Newman, Esq. on behalf of Interested Party RBC Capital Markets, LLC and Royal Bank of Canada
newmanar@gtlaw.com,
perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Darrell Winston Payne on behalf of Creditor Schiller DuCanto & Fleck LLP
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

Darrell Winston Payne on behalf of Creditor Jeanette Ivankovich
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

Darrell Winston Payne on behalf of Defendant Schiller Ducanto & Fleck, LLP
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

Darrell Winston Payne on behalf of Defendant Jeanette Ivankovich
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

82073888;1

Patricia A Redmond on behalf of Creditor Schiller DuCanto & Fleck LLP
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;mfernandez@stearnsweaver.com

Patricia A Redmond on behalf of Creditor Jeanette Ivankovich
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;mfernandez@stearnsweaver.com

Patricia A Redmond on behalf of Defendant Schiller Ducanto & Fleck, LLP
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;mfernandez@stearnsweaver.com

Patricia A Redmond on behalf of Defendant Jeanette Ivankovich
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;mfernandez@stearnsweaver.com

David L Rosendorf, Esq on behalf of Interested Party Anthony Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff A & O Family LLC (IL)
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff A&O Family LLC (FL)
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Atlas P2 Managing Member, LLC
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Ivankovich Family LLC
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Anthony Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

Luis Salazar, Esq. on behalf of Interested Party Township Capital, LLC
lsalazar@coleschotz.com, luis-salazar-4791@ecf.pacerpro.com;lsalazar@coleschotz.com;JCeide@coleschotz.com;LLorenzo@coleschotz.com;Alee-sin@coleschotz.com;lee-sin@salazar.law

Luis Salazar, Esq. on behalf of Interested Party Township GP Fund II, LP
lsalazar@coleschotz.com, luis-salazar-4791@ecf.pacerpro.com;lsalazar@coleschotz.com;JCeide@coleschotz.com;LLorenzo@coleschotz.com;Alee-sin@coleschotz.com;lee-sin@salazar.law

Luis Salazar, Esq. on behalf of Interested Party Township Orlando, LLC
lsalazar@coleschotz.com, luis-salazar-4791@ecf.pacerpro.com;lsalazar@coleschotz.com;JCeide@coleschotz.com;LLorenzo@coleschotz.com;Alee-sin@coleschotz.com;lee-sin@salazar.law

**VIA U.S. MAIL**

Office of the U.S. Trustee
51 SW 1st Avenue, Suite 1204
Miami, FL 33130

# EXHIBIT A

82073888;1



# CENTRAL LISTING AGREEMENT

1. It is agreed that **IYC** (hereinafter referred to as Broker) is hereby granted an exclusive right to sell and therefore authorized to manage the sale of the <u>2024 100' Vintage Sunseeker</u> vessel named <u>**CONTESSA**</u> (**Flag:** \_\_\_\_) on a multiple listing basis. This yacht will be offered for sale at a gross asking price of and no other price **$14,900,000** shall be quoted without specific authorization from Owner. Broker agrees to submit any and all offers of any type to the Owner for consideration. The Owner agrees to sell the yacht to a customer of Broker, or to a customer of a sublisted broker who is ready, willing and able to purchase the vessel at this price, or at any other price and terms the Owner may accept.

2. The Owner agrees that Broker is providing a valuable service of a kind which is for the use and benefit of both the Owner and the vessel by distributing listing information to the brokerage industry, advertising the vessel for sale and exposing it to the buying public, and providing consultation with regard to the marketability of the vessel. Therefore, Broker is authorized to and shall distribute information describing the yacht to its clients and to other brokers it judges qualified to negotiate a sale. It will be the responsibility of the Owner to supply pictures and plans and all detailed information, and keep Broker informed about any changes in location, price or specification of the yacht. The Owner shall advise the Captain of the vessel that the Broker is the Central Agent and therefore the Captain and the Crew of the Vessel should give every assistance to the Broker to promote the sale of the vessel.

3. Upon the sale, donation, trade, charter or exchange of the vessel, or if it is otherwise transferred or conveyed during the term of this Agreement by the Owner, or anyone acting on behalf of the Owner, the Owner agrees to pay Broker a fee of ten percent (10%) of the gross sale price. Any sublisting broker involved in the sale shall receive his fee from Broker. The Owner shall not pay more than (10%) of the agreed sale price regardless of who sells the yacht. The sale, donation, trade or exchange of a majority of the stock, or equitable interest of a corporate or limited partnership holding title to vessel by Owner shall be construed as a sale for the purposes hereof.

4. It is specifically understood and agreed that Broker does not assume and is not delegated care, custody and control of the yacht. It is further agreed that the procuring of such docking and/or mooring space for the Owner's vessel by Broker for the purpose of making the vessel available for inspection by potential purchasers is not to be deemed as an assumption of the custody or control of the said vessel by Broker. The possession, custody and control of said vessel shall at all times remain as the Owner designates for the safety, security and protection of the vessel at whatever location the vessel is moored or stored for the purposes of being available for inspection by potential purchasers and Broker shall not be deemed to be responsible for any damage or loss to the vessel. Permission is hereby given to Broker for its salesman and sublisted brokers to board and show the yacht, by appointment or as otherwise agreed. The Owner shall keep the yacht fully insured for inspection, sea trial and marine survey purposes.

5. This agreement shall remain in effect until the yacht is sold, unless cancelled by either party by giving the other party ninety (90) days prior written notice of cancellation. This agreement shall remain in effect for a minimum of 12 months, except, should Mark Elliott cease working for Broker for any reason whatsoever or dies, this Agreement shall terminate immediately without need for written notice from Owner. This Agreement will convert to an open non-exclusive listing.

6. Broker will make reduced advertising rates available to the owner for special advertising, if desired.

7. The Owner further agrees to pay the same fee of ten percent (10%), should he at any time within one (1) year after termination of this Agreement sell, trade, exchange, charter, or otherwise transfer or convey the yacht in any manner to any party to whom Broker or one of its sublisted brokers has submitted the yacht during the term of this Agreement

Docusign Envelope ID: 5BD2FF91-9150-404D-8998-1907572896A8



8. Broker shall endeavor and use its best efforts, according to the standard of the industry, to procure a purchaser for the vessel, and the Owner agrees to refer immediately to the Broker all inquiries or offers received from other brokers or parties interested in purchasing the vessel, during the term of this Agreement.  Accordingly, Broker will be entitled to the commission described herein if the vessel is sold solely by the Owner or by the other broker to purchaser referred by the Owner.

9. If any dispute arises between the Owner and Broker regarding this Agreement, such dispute will be submitted and settled in accordance with the rules of the American Arbitration Association in Fort Lauderdale, Broward County, Florida, and the decision of the arbitrator(s) shall be final and binding.

10. This Agreement is binding on Broker and the yacht's Owner, its heirs, executors, successors, administrators, and assigns.

OWNER INFORMATION:

NAME: Yacht Daddy LLC

ADDRESS: _____

TELEPHONES:  (Home) 786-473-0755

VESSEL LOCATION: _____

SPECIAL SHOWING INSTRUCTIONS: Call Mark Elliott to view vessel

HULL ID NUMBER OR DOCUMENT NUMBER: _____

**PLEASE ATTACH A COPY OF VESSEL'S DOCUMENT, TOGETHER WITH AND A COPY OF PAPERWORK FOR ANY TENDERS AND/OR TOYS THAT ARE INCLUDED IN THE SALE OF THIS VESSEL.**

| OWNER / Authorized Signer: | Authorized Signer: |
|---|---|
| . . . . . . . . . . . | _Mark Elliott_ |
| Print Name | IYC |
| _(signature)_ | |
| Signature | |
| . . . . . . . . . . . | . . . . . . . . . . . |
| Date | Date |

# EXHIBIT B

82073888;1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

IVANKOVICH FAMILY LLC
A&O FAMILY LLC,
A & O FAMILY LLC,
ATLAS P2 MANAGING MEMBER, LLC,[1]

Debtors.
_____/

Chapter 11

Case No. 24-15755-LMI
(Jointly Administered)
24-15762-LMI
24-15767-LMI
24-15770-LMI

## DECLARATION OF MARK ELLIOTT

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am a yacht broker duly licensed by the State of Florida.

2. I am a yacht broker with International Yacht Corporation ("IYC"), with offices located at 110 E. Broward Blvd. Suite 1650, Ft. Lauderdale, FL 33301 and am authorized to make this declaration on behalf of IYC in accordance with Bankruptcy Rule 2014.

3. I have read the Debtor's Application for Approval of Employment and Compensation of Yacht Broker and Exclusive Right of Sale Listing Agreement, and based upon my knowledge and experience of the yacht market, I believe that the commission structure proposed to be paid does not exceed customary commissions in the applicable geographic area and is reasonable for the type of employment proposed, and further agree to be bound by the terms and the conditions represented therein.

4. I am experienced and qualified to represent the Debtor and Yacht Daddy, LLC in connection with the marketing and sale of motor yacht located in Miami, Florida identified as follows: a 100' 2024 Sunseeker, Jamaican Official Number JMP24104, Hull ID XSK07833E324, known as Contessa (the "Vessel").

5. Neither I, nor IYC, its officers or directors hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed. Both I and IYC, its officers

---

[1] The cases are jointly administered. The last four digits of each Debtor's EIN are as follows: Ivankovich Family, LLC (4590), A&O Family, LLC, a Florida limited liability company (6789), A&O Family, LLC, an Illinois limited liability company (6865), and Atlas P2 Managing Member, LLC (8311).

82216026;1

and directors are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by 11 U.S.C. § 327(a).

6. Neither I nor IYC, have any connection to the Debtors, Debtor's estates, their creditors, or any other party in interest or their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy Procedure.

7. That I further understand that the Court, in its discretion, may alter the terms, and conditions of employment and compensation as it deems appropriate.

8. I declare under penalty of perjury, that the foregoing is true and correct.

Executed on this __14__ day of July, 2025.

DocuSigned by:

*Mark Elliott*

7187B047DA8F492...

Mark Elliott, Broker
INTERNATIONAL YACHT CORPORATION

82216026;1

# EXHIBIT C

82073888;1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

IVANKOVICH FAMILY LLC
A&O FAMILY LLC,
A & O FAMILY LLC,
ATLAS P2 MANAGING MEMBER, LLC,[1]

Debtors.
_____/

Chapter 11

Case No. 24-15755-LMI
(Jointly Administered)
24-15762-LMI
24-15767-LMI
24-15770-LMI

**ORDER APPROVING DEBTOR'S APPLICATION FOR APPROVAL OF
EMPLOYMENT OF YACHT BROKER AND
EXCLUSIVE RIGHT OF SALE LISTING AGREEMENT**

**THIS CAUSE** came on before the Court without hearing upon the application of the

Debtor, A & O Family LLC, a Florida limited liability company, for authority to retain

---

[1] The cases are jointly administered. The last four digits of each Debtor's EIN are as follows: Ivankovich Family, LLC (4590), A&O Family, LLC, a Florida limited liability company (6789), A&O Family, LLC, an Illinois limited liability company (6865), and Atlas P2 Managing Member, LLC (8311).

82073888;1

International Yacht Corporation ("IYC") as yacht broker (the "Application") (ECF No. ___) and the affidavit of Mark Elliott annexed to the Application. Upon the representations that IYC (hereafter, the "Broker") holds no undisclosed interest adverse to the estate in the matters upon which they are engaged, that Broker is a disinterested person as required under 11 U.S.C. § 327, and has disclosed any connections with parties set forth in Fed. R. Bankr. P. 2014, and that their employment is necessary and would be in the best interest of the estate, it is

      **ORDERED** and **ADJUDGED** as follows:

1. The Application is **GRANTED**.

2. Debtor A & O Family, LLC, a Florida limited liability company, is authorized to retain IYC as the licensed yacht broker to assist in the marketing and sale of the Vessel.

3. The Central Listing Agreement attached to the Application as Exhibit "A" is hereby approved.

4. The proposed compensation to the Listing Broker of up to 10%, as set forth in the Listing Agreement, is approved.

5. The Debtor is authorized to pay compensation to the Listing Broker in accordance with the Listing Agreement without further Order of the Court.

# # #

Submitted by:

Eyal Berger, Esq.
**AKERMAN LLP**
201 East Las Olas Boulevard Suite 1800
Fort Lauderdale, Florida 33301-2999
Tel: 954-463-2700
eyal.berger@akerman.com

Attorney Berger is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.

82073888;1