UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

| | |
|---|---|
| In re:<br><br>Ivankovich Family LLC,<br>A&O Family LLC (Florida),<br>A & O Family LLC (Illinois),<br>Atlas P2 Managing Member, LLC<br><br>    Debtors. | Chapter 11 Case<br><br>Jointly Administered<br><br>Case Nos. 24-15755-LMI<br>  24-15762-LMI<br>  24-15767-LMI<br>  24-15770-LMI |

**JEANETTE IVANKOVICH AND SCHILLER DUCANTO & FLECK LLP'S
RESPONSE IN OPPOSITION TO DEBTORS' MOTION FOR PROTECTIVE ORDER**

Jeanette Ivankovich and Schiller DuCanto & Fleck LLP (together, "Creditors"), by and through their undersigned counsel, file this Response in Opposition ("Opposition") to the *Debtors' Motion for Protective Order as to Creditors Ivankovich's and Schiller's Third Request for Production and Related Deposition Notices* ("Motion") [ECF 519], filed on August 12, 2025, by Debtors, Ivankovich Family LLC, A&O Family LLC (FL), A & O Family LLC (IL), and Atlas P2 Managing Member, LLC (together, "Debtors"). In support thereof, Creditors state as follows:

**INTRODUCTION**

The Debtors seek a sweeping protective order to block Creditors from obtaining necessary and relevant discovery that goes to the heart of whether the Debtors proposed their Amended Plan "in good faith and not by any means forbidden by law." See 11 U.S.C. § 1129(a)(3). This Court's subsequent *Preliminary Order on Debtors' Motion for Protective Order and Setting Hearing* ("Preliminary Order") [ECF 521], apart from reaffirming Creditors' standing, reinforced Creditors' pursuit of such discovery when it noted that "the issue of good faith" relates to the Amended Plan and "the Debtors' actions in connection with the chapter 11 case."

In light of this Court's ruling, Creditors targeted their discovery to exclude information

1

concerning non-debtor assets or the Debtors' process behind liquidating certain non-debtor assets to make plan payments (rather than others). Nonetheless, the Debtors continue to withhold other discovery concerning good faith or the lack thereof – tactics which further call into question whether the Amended Plan is the product of an arms-length transaction or an overt attempt to shield its insiders (including Steven Ivankovich and his parents) from liability through unlawful third-party releases. As discussed below, the Debtors simply fail to demonstrate "good cause" required for a protective order, and, accordingly, this Court should deny the Motion.

## LEGAL STANDARD

The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see In re 8699 Biscayne, LLC*, No. 08-22814-AJC, 2011 WL 1327867, at *2 (Bankr. S.D. Fla. Apr. 5, 2011) ("Rule 26(c) of the Federal Rules of Civil Procedure requires the party moving for a protective order to demonstrate 'good cause' for limiting the discovery sought."). "Although difficult to define in absolute terms, ['good cause'] generally signifies a sound basis or legitimate need to take judicial action." *In re Zarzur*, No. 1:23-MC-24326, 2025 WL 1282169, at *2 (S.D. Fla. May 2, 2025). A movant seeking a protective order "bears the burden of establishing that good cause exists," which "usually requires a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754, 766 (11th Cir. 2024). Therefore, "a court should balance the non-moving party's interest in obtaining discovery . . . against the moving party's proffer of harm that would result from the discovery." *Addison Constr. Corp. v. Nationwide Mut. Fire Ins. Co.*, No. 9:13-CV-80971, 2020 WL 2513102, at *2 (S.D. Fla. May 15, 2020).

**ARGUMENT**

The Debtors fail to demonstrate "good cause" to warrant a protective order to bar Creditors from seeking necessary and relevant discovery concerning the underlying lack of good faith of the Debtors' proposed Amended Plan. As noted in Creditors' Objection, this Court may consider all of the Debtors' pre- and post-petition conduct "relating to the development and proposal of the plan in evaluating good faith." *In re SM 104 Ltd.*, 160 B.R. 202, 244 (Bankr. S.D. Fla. 1993). There is no question that the Debtors' non-debtor funding – even when there's no showing that debtor assets are insufficient to pay creditors – goes to good faith where such funding is tied to releases and broad exculpations of insiders. *See In re Humble Place Joint Venture*, 936 F.2d 814, 818 (5th Cir. 1991) (affirming dismissal of Chapter 11 case because there was "no 'business' to reorganize nor unsecured creditors who need protection; enough cash was on hand at the date of bankruptcy to pay the non-insider unsecured creditors."). Likewise, courts will not hesitate to make findings of a lack of good faith when the bankruptcy was filed for purposes other than contemplated by the Bankruptcy Code. *In re LTL Mgmt., LLC*, 64 F.4th 84, 101 (3d Cir. 2023) (explaining that "good faith" requires evidence of financial distress, otherwise "there is no reason for Chapter 11 and no valid bankruptcy purpose").

Good faith (or lack thereof) is a relevant issue which Creditors may explore because it is conduct that also impacts whether confirmation is in the best interests of creditors. *In re Boca Vill. Ass'n, Inc.*, 422 B.R. 318 (Bankr. S.D. Fla. 2009) (granting motion of creditors of chapter 7 debtor-nonprofit condominium association to dismiss debtor's bankruptcy case for cause noting the "ultimate question is whether the petition was filed with the intent and desire to obtain the relief that is available under a particular chapter of the Bankruptcy Code, through the means that Congress has specified, or whether the debtor is pursuing some other goal").

3

Tellingly, the Debtors omit that "[r]elevance in the context of discovery" encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Monarch Air Group, LLC v. Journalism Dev. Network, Inc.*, No. 23-CV-61256, 2025 WL 445491, at *3 (S.D. Fla. Feb. 10, 2025 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978))). "And since the [Federal Rules of Civil Procedure] 'strongly favor full discovery whenever possible," Creditors are "generally entitled to 'any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence.'" *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021); *see also* Fed. R. Evid. 401 ("[E]vidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence[] and the fact is of consequence in determining the action").

More concerningly, instead of merely asserting objections based on the Debtors' flawed interpretation of the Court's preliminary order, the Debtors' counsel (and counsel for Steven's Parents) repeatedly asserted speaking objections and instructed witnesses to not answer questions, for reasons other than attorney client communications. The Debtors' witnesses, including Stuart Neiberg of Cohn Reznick, Nancy Webber, and Steven Ivankovich picked up on counsels' clues and declined to answer many questions about relevant topics.[1] This effectively stymies the Creditors from obtaining information that is reasonably calculated to lead to the discovery of admissible evidence, primarily relating to a lack of good faith, but also as to the qualifications and lack of independence of the re-organized debtor management, and (to the extent exit financing is required) a fulsome liquidation analysis.

Importantly, the Debtors have failed to demonstrate any "harm that will result without a

---

[1] Creditors have ordered expedited copies of the deposition transcripts and will provide for the Court's review as soon as possible, so the Court can evaluate the particular questions and the Debtors' counsels' instructions not to answer.

protective order." *Fargeon v. Am. Nat'l Prop. & Cas. Co.*, No. 08-60037-CIV, 2008 WL 11332027, at *4 (S.D. Fla. July 8, 2008). If counsel had not instructed the witnesses to not answer questions, the Court could be in the position of evaluating the witnesses' responses in light of the other evidence and legal arguments presented as part of confirmation. The depositions would likely have been concluded quicker, without counsel's extended soliloquies and speaking objections. The Debtors have identified no real harm. Rather, this Court's Preliminary Order reinforces Creditors' use of narrowly tailored discovery going to "good faith" (or lack thereof) in relation to the Amended Plan and the Debtors actions in connection with the Chapter 11 case, when it stated:

> Of course, the issue of good faith relates SOLELY to the plan and the Debtors' actions in connection with the chapter 11 case. Good faith does NOT include issues relating to the Debtors choosing to liquidate certain non-debtor assets to make plan payments rather than others. Those inquiries, as the Court previewed, have, AT BEST, relevancy as to feasibility but only insofar as a source of funding is tentative enough to create issues regarding the likelihood of being a successful source for the funding. But it is NOT relevant to good faith.

[ECF 521 at p. 3].

This Court's mandate prompted Creditors to limit and tailor discovery to avoid non-debtor assets or the Debtors' process behind liquidating certain non-debtor assets to make plan payments (rather than others).[2] Creditors instead focused questions on: i) the nature and value of the Debtors' assets where such values were not disclosed as part of the Amended Plan or schedules; ii) the Debtors' intentions regarding various plan provisions, particularly those dealing with releases benefiting Steven Ivankovich (and his parents) and impermissible efforts to divest the Illinois Divorce Court from its proper role in deciding what constitutes marital assets; iii) the Debtors'

---

[2] Creditors engaged in numerous meet and confer efforts to reach agreement on narrowing discovery and the interpretation and application of the Court's Preliminary Order. But, the parties were unable to resolve the discovery dispute.

intentions in filing an adversary proceeding that originally sought to have this Court determine equity interests of Steven Ivankovich's parents, and establish support payments that are the province of the Illinois Divorce Court; iv) the Debtors' intentions regarding use of the funds in the Celadon accounts to help fund the Amended Plan, even though the funds are the subject of the Preliminary Injunction (in the Illinois Divorce Proceedings) that has not been overturned on appeal; and v) the Debtors' reasoning in failing to provide any valuation of potential avoidance actions (originally subject to liens in favor of Steven's Parents). Further, Creditors have agreed to modify and limit the topics in the corporate representative depositions, by not inquiring about non-debtor assets (instructing witnesses to not provide testimony about non-debtor assets), or liens on avoidance actions.

Despite the fact that Creditors' requested discovery is abundantly relevant (and narrowly tailored), Debtors continue to challenge the Debtors' requests that fall clearly in the bounds of the Preliminary Order.[3] Indeed, the Debtors' remaining argument that feasibility discovery has been completed and that no further discovery is allowed, also misses the point. A "bankruptcy court has an independent duty to ensure each element under § 1129(a) is met, even if nobody objects or creditors have voted to accept the plan." *In re Walden Palms Condo. Ass'n, Inc.*, 625 B.R. 543, 548–49 (Bankr. M.D. Fla. 2020); *see also In re Piper Aircraft Corp.*, 244 F.3d 1289, 1299 n. 4 (11th Cir. 2001) ("A court must independently satisfy itself that these criteria [in § 1129] are met. Thus, it must consider facts relating to these criteria even in the absence of an objection.").

---

[3] Debtors also made improper objections, and wrongly instructed Nancy Webber to not answer, when Creditors asked questions about the circumstances regarding Steven's Parents' joint motion for return of funds, which is scheduled for hearing on the same dates as confirmation. Ms. Webber was noticed for deposition in her individual capacity, and was presented as a corporate representative, but Debtors did not permit her to answer questions about information not provided in Ms. Webber's declaration, about who identified the funds that were supposedly deposited into A&O FL's account by mistake. As Chief Operating Officer, this evidence also is directly relevant to Ms. Webber's qualifications and expertise to serve as COO after reorganization.

Creditors' requested discovery will aid this Court's independent review of the Amended Plan and allow Creditors to adequately support their Objection to confirmation.

In all, Creditors' right and general "interest in obtaining discovery" outweighs the Debtor's lack of harm "that would result from the discovery." *Addison Constr. Corp.*, 2020 WL 2513102, at *2. In any event, the Debtors still have sufficient safeguards, through Court as gatekeeper when deciding whether any evidence is ultimately admissible. *See Sihler v. Glob. E-Trading, LLC*, No. 8:23-CV-1450-VMC-LSG, 2025 WL 1591630, at *2 (M.D. Fla. June 5, 2025) ("The district court has broad discretion to determine the admissibility of evidence[.]"); *Benavides v. Tesla, Inc.*, No. 21-CV-21940, 2025 WL 1795031, at *2 (S.D. Fla. June 30, 2025) ("A district court may exclude relevant evidence under Rule 403 if 'its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence.'").

## **CONCLUSION**

For the foregoing reasons, Jeanette Ivankovich and Schiller DuCanto & Fleck LLP respectfully request that the Court enter an Order: i) denying the Debtors' *Motion for Protective Order as to Creditors Ivankovich's and Schiller's Third Request for Production and Related Deposition Notices* [ECF No. 519]; ii) overruling the objections asserted at deposition and requiring the Debtors to produce the witnesses again to answer the relevant questions; iii) continuing the confirmation hearing to allow Creditors to complete this discovery; and iv) providing such other relief that the Court deems appropriate under the circumstances.

7

Dated: August 19, 2025

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: /s/ *Patricia A. Redmond*
    PATRICIA A. REDMOND
    Florida Bar No. 303739
    predmond@stearnsweaver.com

*Counsel for Jeanette Ivankovich and
Schiller DuCanto & Fleck LLP*

## CERTIFICATE OF SERVICE

I CERTIFY that I caused this document to be filed electronically on August 19, 2025, via the Court's CM/ECF website. I further certify that the document is being furnished as it is entered on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF upon those counsel or parties who are authorized to receive NEF in this case as indicated on the Service List below.

By: /s/ *Patricia A. Redmond*
    PATRICIA A. REDMOND

**SERVICE LIST**
**In re Ivankovich Family LLC (Jointly Administered)**
**United States Bankruptcy Court, Southern District of Florida**
**Case No. 24-15755-lMI**

Matthew R. Brooks, Esq.
Troutman Pepper Locke LLP
On behalf of P-5 GRA, LLC
matthew.brooks@troutman.com

Steve J. Brotman, Esq.
Troutman Pepper Locke LLP
On behalf of P-5 GRA, LLC
steven.brotman@lockelord.com

Gary W. Marsh
Trouthman Pepper Locke LLP
On behalf of P-5 GRA, LLC
gary.marsh@troutman.com

Michael Busenkell, Esq.
Bradley P. Lehman, Esq.
Gellert Seitz Busenkell & Brown, LLC
On behalf of P-5 GRA LLC
blehman@gsbblaw.com
mbusenkell@gsbblaw.com

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Michael S Budwick, Esq on behalf of Interested Party Steven Ivankovich
mbudwick@melandbudwick.com, ltannenbaum@melandbudwick.com; mrbnefs@yahoo.com; mbudwick@ecf.courtdrive.com; ltannenbaum@ecf.courtdrive.com; phornia@ecf.courtdrive.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Dan L Gold on behalf of U.S. Trustee Office of the US Trustee
Dan.L.Gold@usdoj.gov

Gary A Goldstein on behalf of Debtor A & O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
gagpa@aol.com, michael@rglawfirm.us

Amanda Klopp on behalf of Debtor A & O Family LLC
A&O Family LLC
Altas P2 Managing Member LLC
Ivankovich Family LLC
Interested Party A&O Family LLC
Interested Party A&O Family LLC (Illinois)
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com

Ari Newman, Esq.
On behalf of Interested Party RBC Capital Markets, LLC and Royal Bank of Canada
newmanar@gtlaw.com, perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David L Rosendorf, Esq
On behalf of Interested Party Anthony Ivankovich
On behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

Luis Salazar, Esq. on behalf of Interested Party Township Capital, LLC
Interested Party Township GP Fund II, LP
Interested Party Township Orlando, LLC
Luis@Salazar.Law,luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

Alexa Garcia Chinchilla on behalf of Interested Party Anthony Ivankovich and Interested Party Olga Ivankovich
achinchilla@kttlaw.com

Darrell Winston Payne on behalf of Creditor Schiller DuCanto & Fleck LLP
Creditor Jeanette Ivankovich
Defendant Schiller Ducanto & Fleck, LLP
Defendant Jeanette Ivankovich
dpayne@stearnsweaver.com, cveguilla@stearnsweaver.com