UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

|  | Chapter 11 Case |
|---|---|

IVANKOVICH FAMILY LLC
A&O FAMILY LLC (FL),                                          Case No. 24-15755-LMI
A&O FAMILY LLC (IL),                                          (Jointly Administered)
ATLAS P2 MANAGING MEMBER, LLC[1]                    24-15762-LMI
                                                                                        24-15767-LMI
                                                                                        24-15770-LMI

                Debtors.
_____/

## FIFTH PLAN SUPPLEMENT

Debtors Ivankovich Family LLC, A&O Family LLC, a limited liability company organized under the laws of Florida ("A&O FL"), A&O Family LLC, a limited liability company organized under the laws of Illinois ("A&O IL"), Atlas P2 Managing Member LLC ("Atlas P2") (collectively, the "Debtors") and Dr. Anthony Ivankovich, Dr. Olga Ivankovich, and Yacht Daddy LLC (collectively with Debtors, the "Plan Proponents") hereby file this Fifth Supplement to their *Amended Joint Plan of Reorganization* (ECF No. 290) (the "Plan"), with respect to P-5 GRA, LLC. Attached hereto as Exhibit A is the Stipulation and Settlement Regarding the Claim of P-5 GRA, LLC, which shall govern P-5 GRA, LLC's treatment under the Plan.

Dated: August 22, 2025

By: */s/ Eyal Berger*
Eyal Berger, Esq.
Florida Bar Number: 0011069
Amanda Klopp, Esq.
Florida Bar Number:
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel: 954-463-2700/Fax: 954-463-2224

---

[1] The cases are jointly administered. The last four digits of each Debtor's EIN are as follows: Ivankovich Family, LLC (4590), A&O Family, LLC, a Florida limited liability company (6789), A&O Family, LLC, an Illinois limited liability company (6865), and Atlas P2 Managing Member, LLC (8311).

Primary: eyal.berger@akerman.com
Primary: amanda.klopp@akerman.com
*Counsel for Debtors-in-Possession*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case below, and by U.S. Mail on the attached matrices.

By: */s Eyal Berger*
Eyal Berger, Esq.

## SERVICE LIST

**24-15755-LMI Notice will be electronically mailed to:**

Shira A Baratz on behalf of Defendant Steven Ivankovich
sbaratz@melandbudwick.com

Eyal Berger, Esq. on behalf of Debtor A & O Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor A&O Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor Altas P2 Managing Member LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Debtor Ivankovich Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party A&O Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party A&O Family LLC (Illinois)
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Interested Party Altas P2 Managing Member LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff A & O Family LLC (IL)
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff A&O Family LLC (FL)
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Atlas P2 Managing Member, LLC
eyal.berger@akerman.com,

82853761;3

jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Ivankovich
Family LLC
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Anthony
Ivankovich
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Eyal Berger, Esq. on behalf of Plaintiff Olga
Ivankovich
eyal.berger@akerman.com,
jeanette.martinezgoldberg@akerman.com

Steven J Brotman on behalf of Interested Party P-5
GRA LLC
steven.brotman@troutman.com,
Irene.rabba@troutman.com;AutoDocket@troutman.c
om;gary.marsh@troutman.com;pierce.rigney@troutm
an.com;Pierce.rigney@troutman.com;Gary.marsh@tr
outman.com;Matthew.brooks@troutman.com

Michael S Budwick, Esq on behalf of Defendant
Steven Ivankovich
mbudwick@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo
.com;mbudwick@ecf.courtdrive.com;ltannenbaum@
ecf.courtdrive.com;phornia@ecf.courtdrive.com

Michael S Budwick, Esq on behalf of Interested Party
Steven Ivankovich
mbudwick@melandbudwick.com,
ltannenbaum@melandbudwick.com;mrbnefs@yahoo
.com;mbudwick@ecf.courtdrive.com;ltannenbaum@
ecf.courtdrive.com;phornia@ecf.courtdrive.com

Michael G Busenkell on behalf of Interested Party P-
5 GRA LLC
mbusenkell@gsbblaw.com

Heidi A Feinman on behalf of U.S. Trustee Office of
the US Trustee
Heidi.A.Feinman@usdoj.gov

Alexa Garcia Chinchilla on behalf of Interested Party
Anthony Ivankovich
achinchilla@kttlaw.com

Alexa Garcia Chinchilla on behalf of Interested Party
Olga Ivankovich
achinchilla@kttlaw.com

Alexa Garcia Chinchilla on behalf of Plaintiff

Anthony Ivankovich
achinchilla@kttlaw.com

Alexa Garcia Chinchilla on behalf of Plaintiff Olga
Ivankovich
achinchilla@kttlaw.com

Dan L Gold on behalf of U.S. Trustee Office of the
US Trustee
Dan.L.Gold@usdoj.gov

Gary A Goldstein on behalf of Debtor A & O Family
LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor A&O Family
LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor Altas P2
Managing Member LLC
gagpa@aol.com, michael@rglawfirm.us

Gary A Goldstein on behalf of Debtor Ivankovich
Family LLC
gagpa@aol.com, michael@rglawfirm.us

Amanda Klopp on behalf of Debtor A & O Family
LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor A&O Family
LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor Altas P2
Managing Member LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Debtor Ivankovich
Family LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party A&O
Family LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Interested Party A&O
Family LLC (Illinios)
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

82853761;3

Amanda Klopp on behalf of Interested Party Altas P2 Managing Member LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff A & O Family LLC (IL)
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff A&O Family LLC (FL)
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff Atlas P2 Managing Member, LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Amanda Klopp on behalf of Plaintiff Ivankovich Family LLC
amanda.klopp@akerman.com,
jeanette.martinezgoldberg@akerman.com

Ari Newman, Esq. on behalf of Creditor Royal Bank of Canada
newmanar@gtlaw.com,
perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Ari Newman, Esq. on behalf of Interested Party RBC Capital Markets, LLC and Royal Bank of Canada
newmanar@gtlaw.com,
perezan@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Darrell Winston Payne on behalf of Creditor Schiller DuCanto & Fleck LLP
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

Darrell Winston Payne on behalf of Creditor Jeanette Ivankovich
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

Darrell Winston Payne on behalf of Defendant Schiller Ducanto & Fleck, LLP
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

Darrell Winston Payne on behalf of Defendant Jeanette Ivankovich
dpayne@stearnsweaver.com,
cveguilla@stearnsweaver.com

Patricia A Redmond on behalf of Creditor Schiller DuCanto & Fleck LLP
predmond@stearnsweaver.com,
jmartinez@stearnsweaver;mfernandez@stearnsweaver.com

Patricia A Redmond on behalf of Creditor Jeanette Ivankovich
predmond@stearnsweaver.com,
jmartinez@stearnsweaver;mfernandez@stearnsweaver.com

Patricia A Redmond on behalf of Defendant Schiller Ducanto & Fleck, LLP
predmond@stearnsweaver.com,
jmartinez@stearnsweaver;mfernandez@stearnsweaver.com

Patricia A Redmond on behalf of Defendant Jeanette Ivankovich
predmond@stearnsweaver.com,
jmartinez@stearnsweaver;mfernandez@stearnsweaver.com

David L Rosendorf, Esq on behalf of Interested Party Anthony Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Interested Party Olga Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff A & O Family LLC (IL)
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff A&O Family LLC (FL)
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Atlas P2 Managing Member, LLC
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Ivankovich Family LLC
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Anthony Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

David L Rosendorf, Esq on behalf of Plaintiff Olga
Ivankovich
dlr@kttlaw.com, rcp@kttlaw.com;ycc@kttlaw.com

Luis Salazar, Esq. on behalf of Interested Party
Township Capital, LLC
lsalazar@coleschotz.com, luis-salazar-
4791@ecf.pacerpro.com;lsalazar@coleschotz.com;J
Ceide@coleschotz.com;LLorenzo@coleschotz.com;
Alee-
sin@coleschotz.com;DFernandez@coleschotz.com;E
Vazquez@coleschotz.com

Luis Salazar, Esq. on behalf of Interested Party
Township GP Fund II, LP
lsalazar@coleschotz.com, luis-salazar-
4791@ecf.pacerpro.com;lsalazar@coleschotz.com;J
Ceide@coleschotz.com;LLorenzo@coleschotz.com;
Alee-
sin@coleschotz.com;DFernandez@coleschotz.com;E
Vazquez@coleschotz.com

Luis Salazar, Esq. on behalf of Interested Party
Township Orlando, LLC
lsalazar@coleschotz.com, luis-salazar-
4791@ecf.pacerpro.com;lsalazar@coleschotz.com;J
Ceide@coleschotz.com;LLorenzo@coleschotz.com;
Alee-
sin@coleschotz.com;DFernandez@coleschotz.com;E
Vazquez@coleschotz.com

## **VIA U.S. MAIL**

ATTACHED CREDITOR MAILING
MATRICES

82853761;3

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-15755-LMI |
| IVANKOVICH FAMILY LLC, | (Jointly Administered) |
| A&O FAMILY LLC (FL), | 24-15762- LMI |
| A & O FAMILY LLC (IL), | 24-15767- LMI |
| ATLAS P2 MANAGING MEMBER, LLC, | 24-15770- LMI |
| | |
| Debtors.[1] | |

_____/

**STIPULATION AND SETTLEMENT REGARDING**
**THE CLAIM OF P-5 GRA, LLC**

This Stipulation and Settlement Regarding the Claim of P-5 GRA, LLC (the "Settlement Agreement") is made as of August 21, 2025, by and between Ivankovich Family LLC, a Delaware limited liability company; A&O Family LLC, a Florida limited liability company; A&O Family LLC, an Illinois limited liability company; and Atlas P2 Managing Member, LLC, a Delaware limited liability company, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and P-5 GRA, LLC, a Delaware limited liability company ("GRA", and together with the Debtors, the "Parties").

       *1.     Pilgrim 5 Portfolio Structure & Sale Transaction.*

**WHEREAS**, prior to the Petition Date, on or about May 2, 2017, GRA and Steven Ivankovich entered into that certain Limited Liability Company Agreement of Overlook Managing Member LLC (the "Overlook LLCA") with respect to that Delaware Limited Liability Company ("Overlook"). *See* GRA Claim (defined below), Exhibit A.

---

[1] The cases are jointly administered. The last four digits of each Debtor's EIN are as follows: Ivankovich Family LLC (4590), A&O Family LLC, a Florida limited liability company (6789), A&O Family LLC, an Illinois limited liability company (6865), and Atlas P2 Managing Member, LLC (8311).

**WHEREAS**, GRA is the minority member of Overlook (the "GRA Overlook Interest"). Overlook is the sole member of five (5) Delaware limited liability companies who, through various subsidiaries, owns three (3) multifamily apartment properties located in Texas, commonly referred to as Wind Tree, Coulter and Warwick (the "Pilgrim TX Properties"), managed by Alliance HTTX LLC[2], and formerly owned two (2) multifamily apartment properties located in Florida, commonly referred to as Pilgrim Caribbean Isle and Pilgrim Forest Park (the "Pilgrim FL Properties"), managed by Alliance HTFL LLC ("HTFL");

**WHEREAS**, the Debtors or their equity holders contend that the GRA Overlook Interest is subject to certain claims, offsets and defenses that would allegedly reduce the amounts due to GRA under the Overlook LLCA (the "GRA Overlook Interest Dispute"), which is disputed by GRA;

**WHEREAS**, the Parties and Overlook, including its affiliates and subsidiaries and their respective managers, members, and officers, agree that the GRA Overlook Interest Dispute and GRA Disputed Claim Reserve (defined below) constitute pending litigation with respect to a claim to real property involving the Pilgrim TX Properties;

**WHEREAS**, the Pilgrim FL Properties were sold on or about April 1, 2022, and, after satisfying outstanding loans and closing costs, generated approximately $35 million in proceeds (the "Sale Transaction"), which were held in a HTFL bank account;

**WHEREAS**, on November 21, 2023, GRA commenced a lawsuit in the Court of Chancery of the State of Delaware, C.A. No. 2023-1182-LWW, asserting three (3) causes of action against Steven Ivankovich (the "Delaware Action").[3] *See* GRA Claim at ¶ 25;

---

[2] The Pilgrim TX Properties are subject to an order issued by this Bankruptcy Court and serve as collateral for a $5,000,000 loan made by the Debtors. *See Order Authorizing Use of Cash Collateral* [Dkt. No. 177] at ¶ 3.

[3] Overlook Managing Member LLC, Alliance HTFL GP, LLC, Pilgrim Caribbean Isle LLC, and Pilgrim Forest Park LLC were named nominal defendants in the complaint.

2

**WHEREAS**, Steven Ivankovich moved to dismiss the complaint on May 3, 2024, briefing on the motion to dismiss was completed on July 1, 2024, and the Delaware Court held argument on November 15, 2024.  *See* GRA Claim at ¶ 25.  On May 23, 2025, the Delaware Court issued the Opinion dismissing the claims with prejudice ("DE Opinion").  *See* GRA Claim, Exhibit G. On May 30, 2025, GRA filed a motion seeking reconsideration of the DE Opinion to amend the dismissal of its claims without prejudice, which remains pending a ruling.

**WHEREAS**, on June 10, 2024, each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Bankruptcy Court"), jointly administered under case no. 24-15755-LMI (the "Chapter 11 Cases");

**WHEREAS**, on August 15, 2024, GRA filed its initial proof of claim against Debtor A&O Family LLC (FL), case no. 24-15762-LMI. On December 30, 2024, GRA filed an amended proof of claim. *See* Claim 2-2. On May 26, 2025, GRA filed its third amended proof of claim in the amount of $4,153,764.00 [Claim 2-3] (as amended, the "GRA Claim");

**WHEREAS**, the Debtors filed their initial Chapter 11 Plan and Disclosure Statement on December 8, 2024.  On March 20, 2025, the Debtors filed the *Second Amended Joint Disclosure Statement of Debtors in Support of Debtors' Amended Joint Plan of Reorganization* [Dkt. No. 289] (the "Disclosure Statement") and the *Debtors' Amended Joint Plan of Reorganization* [Dkt. No. 290] (the "Plan");

**WHEREAS**, by agreement of the Parties, the deadline for GRA to object to Plan, or submit a ballot accepting or rejecting the Plan, was extended through and including August 25, 2025. GRA intends to object to the Plan on the basis that, among other things, it contemplates broad releases and does not provide for any agreed upon reserve mechanism for the timely adjudication and payment of Disputed Claims (as defined in the Plan); and

3

**WHEREAS**, the Parties desire to settle and compromise their respective disputes regarding the Sale Transaction and proceeds thereof, the Delaware Action, and the Plan, all as more fully provided below.

**NOW THEREFORE** in consideration of the foregoing recitals, which are incorporated into this Settlement Agreement, and the covenants and conditions contained herein, the Parties desire to settle their respective disputes regarding the Sale Transaction and proceeds thereof, the Delaware Action, and the Plan, all as more fully provided below.

A.  *Plan Supplement*

1.      On or before August 22, 2025, the Debtors shall file this Settlement Agreement as a Plan supplement (the "GRA Plan Supplement") and shall include mutually agreeable language in the order of the Bankruptcy Court confirming the Plan (the "Confirmation Order") incorporating and authorizing the Debtors and all other parties hereto to fully implement and effectuate the terms of the Settlement Agreement.

B.  *The Sale Transaction/Pilgrim FL Properties*

2.      In full and final settlement of the GRA Claim, the Debtors shall pay, or cause to be paid, to GRA $2,000,000 USD in immediately available funds (the "Settlement Payment") on or before sixty (60) days following entry of an order (the "Confirmation Order") of the Bankruptcy Court confirming the Plan ( "Settlement Payment Deadline").

3.      No later than five (5) business days following entry of the Confirmation Order, the Debtors shall deposit with Stuart Neiberg and Cohn Reznick, as the disbursement agent under the Plan (the "Disbursing Agent"), $2,000,000 USD in cash, to secure the Debtors' obligations for payment of the Settlement Payment on or before the Settlement Payment Deadline.  The Disbursing Agent shall maintain at least $2,000,000 USD in cash in a segregated account until the Settlement Payment has been received and confirmed by GRA.

4

4.      The Settlement Payment shall be treated by the Parties as a distribution to GRA under the Overlook LLCA and a credit against amounts GRA alleges it is owed  by Overlook, or its subsidiaries or affiliates or any of their owners, officers, directors, agents, professionals, or representatives  solely with respect to any aggregate distribution allegedly owed to GRA under the Overlook LLCA for both the Pilgrim FL Properties and the Sale Transaction and any future use of the Pilgrim TX Properties.  By way of example, if a court of competent jurisdiction ultimately adjudicates that GRA is owed distributions pursuant to the Overlook LLCA aggregating $5,000,000 related to the Pilgrim FL Properties, the Sale Transaction, and any future use of the Pilgrim TX Properties, the Settlement Payment shall reduce said obligation from $5,000,000 to $3,000,000 by applying the $2,000,000 Settlement Payment as a credit against the aggregate $5,000,000 owed.

### C.    *The Pilgrim TX Properties*

5.      The Plan shall provide for, and the Debtors shall establish, a segregated disputed claim reserve (the "GRA Disputed Claim Reserve") in the amount of $5,000,000 (the "GRA Reserve Amount"), to be held and maintained in escrow solely for the benefit of GRA, and which shall be funded pursuant to paragraph 8 below.  Stuart Neiberg and CohnReznick shall serve as the escrow agent (the "Escrow Agent") for the GRA Disputed Claim Reserve ("GRA Disputed Claim Reserve Escrow Agent").  The GRA Disputed Claim Reserve Escrow Agent shall hold the GRA Reserve Amount and all pledges, liens and collateral securing the obligations of the GRA Disputed Claim Reserve to GRA until the earlier to occur of: (i) joint written instructions issued from both Parties directing the disbursement of funds pursuant to the joint instructions or (ii) a court of competent jurisdiction fully adjudicates the GRA Overlook Interest Dispute and issues a final order addressing GRA's interest in and entitlement to the GRA Disputed Claim Reserve, in which case the GRA Disputed Claim Reserve Escrow Agent shall disburse funds or collateral

consistent with such court order.  Additionally, the Plan shall provide for the pledge of the Yacht Daddy, LLC interests as provided in paragraph 9 below.

6.      The first date on which each of the following conditions is satisfied shall be the "Settlement Effective Date": (i) the Settlement Payment is received and confirmed by GRA in immediately available cash, (ii) the GRA Disputed Claim Reserve is fully funded pursuant to this Settlement Agreement, and (iii) all documents necessary or appropriate to fully effectuate the foregoing are fully executed by all required parties.

7.      The GRA Disputed Claim Reserve shall be held in escrow solely for the benefit of GRA and shall secure the obligations owing by the Debtors, their equity holders, and Overlook, including all affiliates and subsidiaries of the foregoing and each of their respective members, any of their owners, officers, directors, agents, professionals, or representatives  to GRA pursuant to this Settlement Agreement, the Plan, Confirmation Order, and Overlook LLCA (including any operating agreements or governing documents of Overlook's subsidiaries or affiliates).

8.      The GRA Reserve Amount shall be funded by (i) a first priority lien and ship mortgage on that certain 2023 Sunseeker Yacht flagged in Jamaica under the name "Contessa" and having official number JMP24104 (the "GRA Yacht Lien"), together with all engines, machinery, sails, masts, rigging, towers, boats, anchors, cables, chains, tackle, apparel, furniture, fittings, tools, pumps, radar, radios, electronic instruments and equipment, other equipment and supplies, fishing gear and equipment, and all other appurtenances, attachments and accessories, and all additions, improvements and replacements now or hereafter used in or on or belonging to the Yacht, whether or not removed from the Yacht, all of which shall be deemed to be included in the term "Yacht", all insurance claims and proceeds and return of unearned premiums, all monies and claims for monies which may be payable due to the actual, constructive, agreed, arranged or compromised total loss of the Yacht, or due to the requisition for title or use, seizure,

6

condemnation, confiscation, sequestration or compulsory acquisition or other interference with Yacht Daddy LLC's ownership or use of the Yacht by act of any country or of any governmental authority or otherwise, all freights, charter hire or other earnings, revenue or profits of the Yacht, all claims for damages or compensation with respect to the Yacht (the "Yacht"), and owned by Yacht Daddy LLC, and (ii) cash proceeds from the sale of the Yacht, which is currently being marketed by International Yacht Corporation.  Yacht Daddy LLC, its members, the Debtors, their equity holders, and any other applicable person or entity, shall: (i) fully cooperate with GRA and its agents and professionals in obtaining all documents necessary or appropriate to fully perfect the GRA Yacht Lien, (ii) expressly authorize GRA or its agents to affix a location tracking and monitoring device on the Yacht such that GRA or its agents will be able to at all times track the whereabouts of the Yacht, and such device shall remain affixed until the Parties resolve or adjudicate their disputes pursuant to section 12 herein and (iii) authorize and allow GRA and its members, agents, and representatives to periodically inspect the Yacht upon 48 hours' notice to the existing broker. To the extent GRA is unable to obtain all documents necessary or appropriate to fully perfect the GRA Yacht Lien prior to the Effective Date of the Plan, the Debtors shall provide GRA lien a replacement lien on cash or securities valued at no less than $5,000,000 until such time as the GRA Yacht Lien is fully perfected.  For the avoidance of doubt, the Debtors shall maintain cash or securities valued at no less than $5,000,000 under the sole possession and control of the Escrow Agent until the GRA Yacht Lien is fully perfected.

9.      A&O Family, LLC (FL), the sole member of Yacht Daddy, LLC, authorizes, consents, and pledges its equity and membership interest therein to GRA and shall execute in favor of GRA a pledge agreement that A&O Family, LLC (FL) shall consent to and execute.

10.      On or before December 23, 2027 (the "Pilgrim TX Capital Event Deadline"), Pilgrim Warwick Owner, LLC, Pilgrim Coulter Owner, LLC, Pilgrim Windtree Owner, LLC, the

7

Debtors, or Reorganized Debtors (or their equity holders), as the case might be, shall cause a capital event to occur with respect to at least one of the Pilgrim TX Properties such that GRA shall be entitled to assert a distribution pursuant to the Overlook LLCA and the applicable operating agreements of its subsidiaries and affiliates; provided, however, that unless and until the GRA Overlook Interest Dispute is fully resolved or adjudicated by a court of competent jurisdiction, the Parties agree that GRA shall only receive, on or before the Pilgrim TX Capital Event Deadline, a payment from A&O Florida, LLC  in the amount of $1,351,000 (the "Pilgrim TX Capital Event Partial Distribution"), and the GRA Disputed Claim Reserve shall serve as security and collateral for such Pilgrim TX Capital Event Partial Distribution and shall continue to serve as security for all remaining distributions allegedly owing GRA under the Overlook LLCA, and any applicable subsidiary or affiliate operating agreements and governing documents, until the GRA Overlook Interest Dispute is consensually resolved by the Parties or fully and finally adjudicated by a court of competent jurisdiction.

       11.    The Pilgrim TX Capital Event Partial Distribution shall be treated by the Parties as a distribution to GRA under the Overlook LLCA and a credit against amounts GRA alleges it is owed  by Overlook, or its subsidiaries or affiliates or any of their owners, officers, directors, agents, professionals, or representatives  solely with respect to any aggregate distribution allegedly owed to GRA under the Overlook LLCA.  By way of example, if a court of competent jurisdiction ultimately adjudicates that GRA is collectively owed distributions pursuant to the Overlook LLCA aggregating $5,000,000 related to the Pilgrim FL Properties, the Sale Transaction, and any future use of, or capital event with respect to, the Pilgrim TX Properties, the Pilgrim TX Capital Event Partial Distribution shall further reduce said obligation from $5,000,000 to $1,649,000 by applying the $2,000,000 Settlement Payment and the $1,351,000 Second Distribution as credits against the aggregate $5,000,000 owed.

12.     The GRA Disputed Claim Reserve Escrow Agent shall continue to hold the GRA Yacht Lien, or its cash proceeds of not less than the GRA Reserve Amount, until the GRA Overlook Interest Dispute is settled between the Parties and they issue mutual written instructions or a court of competent jurisdiction fully adjudicates the GRA Overlook Interest Dispute and issues an order thereon that is a final order which fully and finally resolves the GRA Overlook Interest Dispute, in which case the GRA Disputed Claim Reserve Escrow Agent shall disburse cash from the GRA Disputed Claim Reserve in an amount to satisfy payment to GRA of its remaining GRA Overlook Interest consistent with the Overlook LLCA and any operating agreements of its subsidiaries or affiliates.

13.     The Debtors, the Reorganized Debtors, their equity holders, and their respective members, officers, agents, and managers shall provide GRA with at least twenty-one (21) days' notice prior to any sale or refinance or other capital event with respect to the Pilgrim TX Properties. Notice to GRA shall be provided as follows: (i) Gary A. Romaniello, Overlook Asset Management, LLC, 200 Chambers Street, Unit 6D, New York, NY 10007, gary@overlookassetmgmt.com and (ii) Andy Perel, Troutman Pepper Locke LLP, 875 Third Ave, New York, New York 10022, Andrew.Perel@troutman.com. Such notice obligation shall be included in the Confirmation Order, and the Reorganized Debtors expressly authorize GRA and its agents and professionals  to take such actions as necessary or appropriate to file and record the Confirmation Order with the appropriate governmental authority and/or court official in Texas so as to ensure the Confirmation Order's effectiveness and validity in Texas and additionally authorize GRA and its agents and professionals to make any additional or further filings as it deems necessary or appropriate to fully effectuate the terms in this Settlement Agreement, including but not limiting to filing the Confirmation Order and this Settlement Agreement in the Texas real property records.

14.     The Debtors, Steven Ivankovich, Drs. Olga Ivankovich, Anthony Ivankovich, Overlook, and all of their affiliates and subsidiaries shall fully preserve any and all rights, claims and defenses pertaining to the GRA Overlook Interest Dispute, and GRA shall retain all rights, claims and defenses to contest and defend against the GRA Overlook Interest Dispute.

15.     GRA and all of its affiliates shall retain any and all rights, claims, and interests they have or might have solely as to the (i) <u>GRA Overlook Interest and the</u> Pilgrim TX Properties<u>, both subject to the alleged GRA Overlook Interest Dispute, and</u> (ii) GRA Disputed Claim Reserve against (i) Overlook and its subsidiaries and affiliates, including all members, managers and agents thereof, (ii) Pilgrim TX Properties, including proceeds and profits thereof, (iii) Steven Ivankovich, and (iv) the Debtors, Reorganized Debtors, and their equity holders, including without limitation Drs. Anthony and Olga Ivankovich, any members, affiliates, subsidiaries or successors or assigns of the foregoing, and the Plan supplement and Plan Confirmation Order shall provide that all such rights, claims and interests are expressly preserved.

16.     Promptly following the occurrence of the Settlement Effective Date, GRA shall withdraw the motion to reconsider dismissal of the  Delaware Action (as defined in the GRA Claim) and take such other and further actions necessary to dismiss the Delaware Action with prejudice.

17.     The Debtors shall file this Settlement Agreement as a supplement to the Plan and shall advocate for approval of the Settlement Agreement and Confirmation of the Plan. Notwithstanding any contrary provisions of the Plan or Confirmation Order, including any supplements, amendments, addendums or exhibits, or any other order or filing in these Chapter 11 Cases, the preservation of the Parties rights, claims, and interests as set forth herein shall not be impaired, discharged, released or diminished in any way whatsoever and shall be fully preserved as set forth herein.  For the avoidance of doubt, the Plan Injunction (as defined in the Plan) does

10

not enjoin the rights, claims, and interests held by P-5 GRA, LLC against any of the Released Parties or Exculpated Parties (each as defined in the Plan), including their successor or assigns. Additionally, for the avoidance of doubt, the release and exculpation provisions of the *Third Supplement to Debtors' Amended Joint Plan of Reorganization* [Dkt. No. 553] (as may be amended), shall not impair, release, discharge or diminish in any way whatsoever the rights, claims, and interests held by P-5 GRA, LLC under this Settlement Agreement, all of which shall be fully preserved as set forth herein.

18.    Each Party hereby represents and warrants that, subject to approval of the Bankruptcy Court: (a) such Party and the signatory hereto has the power and authority to execute, deliver and perform this Settlement Agreement; (b) such Party has taken all necessary actions to authorize the execution, delivery and performance of this Settlement Agreement; (c) this Settlement Agreement has been duly executed and delivered by such Party and constitutes the legal, valid, and binding obligations of such Party, enforceable against it in accordance with their respective terms; (d) such Party's execution, delivery, and performance of this Settlement Agreement does not and will not conflict with, or constitute a violation or breach of, or constitute a default under any obligation of such Party and will not violate any applicable law, or any order or decree of any court or government instrumentality applicable to such Party; and (e) such Party has entered into this Settlement Agreement in reliance on its own independent investigation and analysis of the facts underlying the subject matter of this Settlement Agreement, and no representations, warranties, or promises of any kind have been made directly or indirectly to induce it to execute this Settlement Agreement other than those that are expressly set forth in this Settlement Agreement. This Settlement Agreement is binding on the Parties and each of their respective successors and assigns.

82854944;1

19.     Each Party agrees that the Bankruptcy Court shall have exclusive jurisdiction over any disputes regarding the validity, interpretation, or performance of this Settlement Agreement as long as the Chapter 11 Cases are pending, and each of the Parties consents to personal jurisdiction and venue in the Bankruptcy Court in connection with any such disputes; provided, however, that if the Chapter 11 Cases are no longer pending, or if the Bankruptcy Court cannot or does not exercise jurisdiction, such jurisdiction and venue shall belong to the federal courts in the Southern District of Florida. Each Party further agrees that, with respect to disputes involving solely non-Debtors, the federal courts in the Southern District of Florida shall have exclusive jurisdiction over any disputes regarding the validity, interpretation, or performance of this settlement.

20.     Each Party acknowledges that it has read all of the terms of this Settlement Agreement. Each Party represents that it has had an opportunity to obtain advice of counsel in connection with this Settlement Agreement and all matters covered hereby, and that each Party has been fully advised by those attorneys with respect to its rights and obligations under this Settlement Agreement.

21.     Each Party agrees, without further consideration, to execute and deliver such other documents and to take such other action as may be necessary to consummate the purposes of this Settlement Agreement.

22.     This Settlement Agreement is for settlement purposes only and shall not be construed or deemed an admission by any Party to this Settlement Agreement of wrongdoing, liability, fault, or the validity of any claims.

23.     The language used in this Settlement Agreement will be deemed to be the language chosen by the Parties to express their mutual intent, and no rule of strict construction will be applied against either Party. Nor will any rule of construction that favors a non-draftsman be

applied. A reference to any statute will be deemed also to refer to all rules and regulations promulgated under the statute, unless the context requires otherwise. Unless specifically otherwise provided or the context otherwise requires, the singular includes the plural and the plural the singular; the word "or" is deemed to include "and/or", the words "including", "includes" and "include" are deemed to be followed by the words "without limitation", and references to sections are to those of this Settlement Agreement.

24.    This Settlement Agreement may be executed: (i) through electronic "slashed" signature (*i.e.*, through /s/) or (ii) in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Settlement Agreement. Delivery of a signature page to this Settlement Agreement by facsimile or other electronic means shall be effective as delivery of the original signature page to this Settlement Agreement.

25.    This Settlement Agreement shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Settlement Agreement, no provision shall be construed and interpreted for or against any Party because such provision or any other provision of the Settlement Agreement as a whole is purportedly prepared or requested by such Party.

26.    The validity, interpretation, and performance of this Settlement Agreement shall be construed and interpreted according to the laws of the State of Florida, except to the extent that: (a) provisions of the Bankruptcy Code apply, in which event the Bankruptcy Code shall control; or (b) applicable federal law preempts state law.

27.    Each Party agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters addressed by this Settlement Agreement.

82854944;1

WHEREFORE, the Parties have caused this Settlement Agreement to be duly entered into as of the date first set forth above.

Dated: August 21, 2025

**AKERMAN LLP**

*/s/ Eyal Berger*
Eyal Berger, Esq.
Florida Bar No.: 011069
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
T: 954-463-2700
E: eyal.berger@akerman.com

*Counsel for the Debtors*

Dated: August 21, 2025

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Matthew R. Brooks*
Steven J. Brotman, Esq.
Florida Bar No.: 85750
777 South Flager Drive
Suite 215 East Tower
West Palm Beach, FL 33401
T: 561-833-7700
E: steven.brotman@troutman.com

-and-

Matthew R. Brooks (admitted *pro hac vice*)
875 Third Avenue
New York, NY 10022
T: 954-463-2700
E: matthew.brooks@troutman.com

*Counsel for P-5 GRA, LLC*

14

Label Matrix for local noticing
113C-1
Case 24-15755-LMI
Southern District of Florida
Miami
Thu Aug 21 12:29:30 EDT 2025

A&O Family LLC
791 Crandon Blvd Ph 6
Key Biscayne, FL 33149-2202

A&O Family LLC (Illinoios)
791 Crandon Blvd Ph 6
Key Biscayne, FL 33149-2202

Altas P2 Managing Member LLC
791 Crandon Blvd Ph 6
Key Biscayne, FL 33149-2202

Ivankovich Family LLC
791 Crandon Blvd Ph 6
Key Biscayne, FL 33149-2202

Royal Bank of Canada

Schiller DuCanto & Fleck LLP
c/o Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler Alhadeff
Stearns Weaver Miller Weissler Alhadeff
Miami, FL 33130 United States

Township Capital, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township GP Fund II, LP
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township Orlando, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Anthony & Olga Ivankovich
c/o David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd.,9th Floor
Miami, FL 33134-6039

Anthony Ivankovich
c/o David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd.,9th Floor
Miami, FL 33134-6039

Celadon Financial Group, LLC
89 Headquarters Plaza North
PMB 1483
10 North Park Place
Morristown, NJ 07960-7120

Celedon Financial Group
Paul Waldman, Esquire
10 North Park Place, Suite 420
Stirling, NJ 07980

Chuchak & Tescon PC
620 South Riverside Plaza, Suite 1700
Chicago, IL 60606

Chuhak & Tecson, P.C., Attn: Michael Debre
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606-3911

Delaware Taxing Authority
Division of Revenue
820 N. French Street
Wilmington, DE 19801-3530

Florida Department of Revenue
Bankruptcy Unit
PO Box 6668
Tallahassee, FL 32314-6668

(p)ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
PO BOX 19035
SPRINGFIELD IL 62794-9035

Internal Revenue Service
Department of Treasury
P.O. Box 7346
Philadelphia, PA 19101-7346

Jeanette Ivankovich
c/o Schiller DuCanto & Fleck LP
Tanya J Stanish, Esq.
321 North Clark Street
Chicago, IL 60654-4714

Jeanette lvankovich
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Olga Ivankovich
c/o David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd.,9th Floor
Miami, FL 33134-6039

P-5 GRA LLC
Keith McKenna, Esquire
11 Broadway, Suite 615
New York, NY 10004-1490

Pami Grand Too LLC
c/o Douglas Johnson, Esquire
203 N La Salle Street, Suite 2100
Chicago, IL 60601-1226

Paul Waldman
Celadon Financial Group
89 Headquarters Plaza North PMB 1483
Morristown, NJ 07960-6834

Royal Bank of Canada
c/o RBC Capital Markets, LLC
Credit Operations
250 Nicollet Mall, Suite 2000
Minneapolis, MN 55401-2802

Schiller DuCanto & Fleck LLP
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Schiller DuCanto & Fleck LP
Attn: Tanya J Stanish Esq
321 North Clark Street
Chicago, IL 60654-4714

Township Capital LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Capital, LLC
c/o Michael D. Sirota, Esq.
25 Main Street
Court Plaza North
Hackensack, NJ 07601-7015

Township GP Fund II LP
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township GP Fund II, LP
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township Orlando LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Orlando LLC
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Wedbush Securities, Inc.
c/o Clearing Services, Inc.
1000 Wilshire Blvd Ste 900
Los Angeles CA 90017-2466

Wedbush Securities, Inc.
c/o Clearing Services, Inc.
P.O. Box 30014
Los Angeles, CA 90030-0014

Amanda Klopp
Akerman LLP
777 South Flagler Dr Suite 1100
West Palm Beach, FL 33401-6172

Andrew Hahm
Mandell Hahm Advisory Group, Ltd.
1033 Skokie Blvd., Suite 330
Northbrook, IL 60062-4108

Bradley P. Lehman, Esq.
1201 N Orange St., Ste 300
Wilmington, DE 19801-1167

David M Bass
25 Main St
Hackensack, NJ 07601-7015

Eyal Berger Esq.
Akerman LLP
201 E Las Olas Blvd #1800
Ft Lauderdale, FL 33301-4442

Gary A Goldstein
111 S Calvert St 27 Flr
Baltimore, MD 21202-6146

Gary W. Marsh, Esq.
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street, N.E.
Suite 3000
Atlanta, GA 30308-2305

Jeanette Ivankovich
c/o Patricia A. Redmond
150 West Flagler Street, Suite 200
Stearns Weaver Miller Weissler Alhadeff
Miami, FL 33130-1557

Jeffery M. Heftman
Schoenberg Finkel Beederman Bell Glazer
300 S. Wacker Drive
Suite 1500
Chicago, IL 60606-6762

Mark Elliott
110 E. Broward Blvd.
Suite 1650
Ft. Lauderdale, FL 33301-3514

Matthew D Elster
Beermann LLP
161 North Clark Street Suite 3000
Chicago, IL 60601-3346

(c)MATTHEW R. BROOKS, ESQ.
TROUTMAN PEPPER LOCKE LLP
875 3RD AVE FL 15
NEW YORK NY  10022-7254

Michael D Sirota
25 Main St
Court Plaza North
Hackensack, NJ 07601-7015

Morgan Handwerker
Schiller DuCanto & Fleck, LLP
321 N. Clark St., Suite 1200
Chicago, IL 60654-4758

Steven Ivankovich
c/o Michael S. Budwick, P.A.
Meland Budwick, P.A.
200 South Biscayne Blvd., Ste 3200
Miami, FL 33131-5323

Stuart A Neiberg
2401 NW Boca Raton Blvd
Boca Raton, FL 33431-6632

Tanya J. Stanish
Schiller DuCanto & Fleck, LLP
321 N. Clark St., Suite 1200
Chicago, IL 60654-4758

Vonn R. Christenson
Christenson Law Firm LLP
472 W Putnam Ave
Porterville, CA 93257-3321

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Illinois Department of Revenue
Bankruptcy Unit
P.O. Box 19035
Springfield, IL 62794

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Matthew R. Brooks, Esq.
TROUTMAN PEPPER LOCKE LLP
875 Third Avenue
New York, NY 10022

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)P-5 GRA LLC                        (u)RBC Capital Markets, LLC and Royal Bank of        (u)Yacht Daddy, LLC

(u)Miami                              (u)Jeffrey Hefman, Esquire                          (d)Anthony Ivankovich
                                      Schoenberg Finkel Law Firm                          c/o David L. Rosendorf, Esq.
                                      300 S Walker Dr, Suite 1500                         Kozyak Tropin & Throckmorton LLP
                                      IL 60860-6000                                       2525 Ponce de Leon Blvd.
                                                                                          9th Floor
                                                                                          Miami, FL 33134-6039

(d)Olga Ivankovich                    End of Label Matrix
c/o David L. Rosendorf, Esq.          Mailable recipients    56
Kozyak Tropin & Throckmorton LLP      Bypassed recipients     7
2525 Ponce de Leon Blvd.              Total                  63
9th Floor
Miami, FL 33134-6039

Label Matrix for local noticing
113C-1
Case 24-15762-LMI
Southern District of Florida
Miami
Thu Aug 21 12:30:10 EDT 2025

A&O Family LLC
791 Crandon Blvd Ph 6
Key Biscayne, FL 33149-2202

Township Capital, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township GP Fund II, LP
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township Orlando, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Anthony & Olga Ivankovich
c/o David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd.,9th Floor
Miami, FL 33134-6039

Celedon Financial Group
Paul Waldman, Esquire
10 North Park Place, Suite 420
Stirling, NJ 07980

Chuchak & Tescon PC
620 South Riverside Plaza, Suite 1700
Chicago, IL 60606

Chuhak & Tecson, P.C., Attn: Michael Debre
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606-3911

Florida Department of Revenue
Bankruptcy Unit
PO Box 6668
Tallahassee, FL 32314-6668

Internal Revenue Service
Department of Treasury
P.O. Box 7346
Philadelphia, PA 19101-7346

Jeanette Ivankovich
c/o Patricia Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Jeanette Ivankovich
c/o Schiller DuCanto & Fleck LP
Tanya J Stanish, Esq.
321 North Clark Street
Chicago, IL 60654-4714

Jeanette lvankovich
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Michael Busenkell
1201 N. Orange St.
Suite 300
Wilmington, DE 19801-1167

Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

P-5 GRA LLC
Keith McKenna, Esquire
11 Broadway, Suite 615
New York, NY 10004-1490

P-5 GRA, LLC
1201 N. Orange Street
Suite 300
Wilmington, DE 19801-1167

Pami Grand Too LLC
c/o Douglas Johnson, Esquire
203 N La Salle Street, Suite 2100
Chicago, IL 60601-1226

Royal Bank of Canada
c/o RBC Capital Markets, LLC
Credit Operations
250 Nicollet Mall Suite 2000
Minneapolis, MN 55401-2802

Schiller DuCanto & Fleck LLP
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Schiller DuCanto & Fleck LP
Attn: Tanya J Stanish Esq
321 North Clark Street
Chicago, IL 60654-4714

Township Capital LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Capital, LLC
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township GP Fund II LP
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township GP Fund II, LP
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township Orlando LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Orlando LLC
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Wedbush Securities, Inc.
c/o Clearing Services, Inc.
P.O. Box 30014
Los Angeles, CA 90030-0014

Amanda Klopp
Akerman LLP
777 South Flagler Dr Suite 1100
West Palm Beach, FL 33401-6172

Eyal Berger Esq.
Akerman LLP
201 E Las Olas Blvd #1800
Ft Lauderdale, FL 33301-4442

Gary A Goldstein
111 S Calvert St 27 Flr
Baltimore, MD 21202-6146

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

(u)Jeffrey Hefman, Esquire
Schoenberg Finkel Law Firm
300 S Walker Dr, Suite 1500
IL 60860-6000

(d)Royal Bank of Canada
c/o RBC Capital Markets, LLC
Credit Operations
250 Nicollet Mall, Suite 2000
Minneapolis, MN 55401-2802

End of Label Matrix
Mailable recipients    32
Bypassed recipients     3
Total                  35

Label Matrix for local noticing
113C-1
Case 24-15767-LMI
Southern District of Florida
Miami
Thu Aug 21 12:31:37 EDT 2025

A & O Family LLC
791 Crandon Blvd Ph 6
Key Biscayne, FL 33149-2202

Township Capital, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township GP Fund II, LP
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township Orlando, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Anthony & Olga Ivankovich
c/o David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd.,9th Floor
Miami, FL 33134-6039

Celedon Financial Group
Paul Waldman, Esquire
10 North Park Place, Suite 420
Stirling, NJ 07980

Chuchak & Tescon PC
620 South Riverside Plaza, Suite 1700
Chicago, IL 60606

Chuhak & Tecson, P.C., Attn: Michael Debre
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606-3911

(p)ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
PO BOX 19035
SPRINGFIELD IL 62794-9035

Internal Revenue Service
Department of Treasury
P.O. Box 7346
Philadelphia, PA 19101-7346

Jeanette Ivankovich
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Jeanette Ivankovich
c/o Schiller DuCanto & Fleck LP
Tanya J Stanish, Esq.
321 North Clark Street
Chicago, IL 60654-4714

Jeanette lvankovich
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

P-5 GRA LLC
Keith McKenna, Esquire
11 Broadway, Suite 615
New York, NY 10004-1490

Pami Grand Too LLC
c/o Douglas Johnson, Esquire
203 N La Salle Street, Suite 2100
Chicago, IL 60601-1226

Schiller DuCanto & Fleck LLP
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Schiller DuCanto & Fleck LP
Attn: Tanya J Stanish Esq
321 North Clark Street
Chicago, IL 60654-4714

Township Capital LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Capital, LLC
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township GP Fund II LP
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township GP Fund II, LP
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township Orlando LLC
Michael D. Sirota
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township Orlando LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Wedbush Securities, Inc.
c/o Clearing Services, Inc.
1000 Wilshire Blvd Ste 900
Los Angeles CA 90017-2466

Amanda Klopp
Akerman LLP
777 South Flagler Dr Suite 1100
West Palm Beach, FL 33401-6172

Eyal Berger Esq.
Akerman LLP
201 E Las Olas Blvd #1800
Ft Lauderdale, FL 33301-4442

Gary A Goldstein
111 S Calvert St 27 Flr
Baltimore, MD 21202-6146

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Illinois Department of Revenue
Bankruptcy Unit
P.O. Box 19035
Springfield, IL 62794

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| (u)Miami | (u)Jeffrey Hefman, Esquire | End of Label Matrix | |
| | Schoenberg Finkel Law Firm | Mailable recipients | 29 |
| | 300 S Walker Dr, Suite 1500 | Bypassed recipients | 2 |
| | IL 60860-6000 | Total | 31 |

Label Matrix for local noticing
113C-1
Case 24-15770-LMI
Southern District of Florida
Miami
Thu Aug 21 12:32:25 EDT 2025

Altas P2 Managing Member LLC
791 Crandon Blvd Ph 6
Key Biscayne, FL 33149-2202

Township Capital, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township GP Fund II, LP
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Township Orlando, LLC
c/o Salazar Law, LLP
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129-1458

Anthony & Olga Ivankovich
c/o David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd.,9th Floor
Miami, FL 33134-6039

Celedon Financial Group
Paul Waldman, Esquire
10 North Park Place, Suite 420
Stirling, NJ 07980

Christenson Law Firm LLP
472 W. Putnam Avenue
Porterville, CA 93257-3321

Chuchak & Tescon PC
620 South Riverside Plaza, Suite 1700
Chicago, IL 60606

Chuhak & Tecson, P.C., Attn: Michael Debre
120 S. Riverside Plaza, Suit 1700
Chicago, IL 60606-3911

Delaware Taxing Authority
Division of Revenue
820 N. French Street
Wilmington, DE 19801-3530

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
Department of Treasury
P.O. Box 7346
Philadelphia, PA 19101-7346

Jeanette Ivankovich
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Jeanette Ivankovich
c/o Schiller DuCanto & Fleck LP
Tanya J Stanish, Esq.
321 North Clark Street
Chicago, IL 60654-4714

Jeanette lvankovich
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

P-5 GRA LLC
Keith McKenna, Esquire
11 Broadway, Suite 615
New York, NY 10004-1490

Pami Grand Too LLC
c/o Douglas Johnson, Esquire
203 N La Salle Street, Suite 2100
Chicago, IL 60601-1226

Schiller DuCanto & Fleck LLP
c/o Patricia A. Redmond, Esq.
150 West Flagler St.
Suite 2200
Miami, FL 33130-1545

Schiller DuCanto & Fleck LP
Attn: Tanya J Stanish Esq
321 North Clark Street
Chicago, IL 60654-4714

Township Capital LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Capital, LLC
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township GP Fund II LP
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township GP Fund II, LP
c/o Michael D. Sirota, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601-7083

Township Orlando LLC
c/o David Safvati, Esquire
Sklar Kirsh LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067-1631

Township Orlando LLC
c/o Michael D. Sirota
25 Main Street, Court Plaza North
Hackensack, NJ 07601

Amanda Klopp
Akerman LLP
777 South Flagler Dr Suite 1100
West Palm Beach, FL 33401-6172

Eyal Berger Esq.
Akerman LLP
201 E Las Olas Blvd #1800
Ft Lauderdale, FL 33301-4442

Gary A Goldstein
111 S Calvert St 27 Flr
Baltimore, MD 21202-6146

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
Department of Treasury
Kansas City, MO 64999

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami
                              (u)Jeffrey Hefman, Esquire          End of Label Matrix
                              Schoenberg Finkel Law Firm          Mailable recipients    30
                              300 S Walker Dr, Suite 1500         Bypassed recipients     2
                              IL 60860-6000                       Total                  32