

**ORDERED in the Southern District of Florida on July 14, 2026.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
www.flsb.uscourts.gov

Chapter 11

In re:

Case No. 24-15755-LMI

IVANKOVICH FAMILY LLC

Reorganized Debtor.

_____/

### ORDER REGARDING JURISDICTION OVER THE TEMPORARY SUPPORT TRUSTS

THIS MATTER having come before the Court *sua sponte* and the Court having reviewed the

*Debtors' Amended Joint Plan of Reorganization* (Docket No. 290) (as supplemented, the "**Plan**"), the

*Third Supplement to Debtors' Amended Joint Plan of Reorganization* (Docket No. 553) (the "**Third**

**Plan Supplement**"), and the *Order Confirming Debtors' Amended Joint Plan of Reorganization*

(Docket No. 652) (the "**Confirmation Order**"); and having found that under the Third Plan

Supplement, on the Effective Date (as defined in the Confirmation Order), two separate Illinois

irrevocable support trusts were funded and established consisting of (1) the "Maintenance Support

Trust" (funded in the initial amount of $340,320.00 to fund 24 monthly distributions) and (2) the

"Child Support Trust" (funded in the initial amount of $316,392.00; of which $166,392.00 is to fund 24 monthly distributions of $6,933.00, and $150,000.00 earmarked for the children's tuition and mandatory fees, and uninsured healthcare expenses) (together, the "**Temporary Support Trusts**"); and that the Temporary Support Trusts are governed by, construed in accordance with, and subject to enforcement under the laws of the State of Illinois, including the Illinois Marriage and Dissolution of Marriage Act and the Illinois Trust Act; and that the Illinois Circuit Court of Cook County, Domestic Relations Division ("Illinois Divorce Court") is the appropriate forum for the interpretation and enforcement of the Temporary Support Trusts; it is hereby

**ORDERED THAT**:

1. This Court does not have exclusive jurisdiction over the Temporary Support Trusts and this Court does not retain jurisdiction over the enforcement of the Temporary Support Trusts created under Illinois Law.

2. The Illinois Divorce Court may proceed with respect to the enforcement of the Temporary Support Trusts. To the extent there is concurrent jurisdiction, this Court is leaving the issues of enforcement of the Temporary Support Trusts (including adjudication of any issues relating to replacement of the trustee) to the Illinois Divorce Court.

3. The Illinois Divorce Court is a court of competent jurisdiction with concurrent jurisdiction to interpret and enforce the Temporary Support Trusts, which are governed by and subject to enforcement under Illinois state law in the Illinois Divorce Court.

4. Notwithstanding the foregoing, in the event of any conflict between the Illinois Divorce Court's enforcement of the Temporary Support Trusts and the Plan, or the Confirmation Order, such matter shall be brought to this Court's attention and this Court shall retain exclusive jurisdiction to determine and resolve any such conflict.

5. Nothing in this Order shall be construed to expand, reduce, or otherwise modify the

rights, obligations, or duties of any party under the Plan, the Confirmation Order, or the Temporary Support Trusts.

6.	This Court retains exclusive jurisdiction over the Plan and the Confirmation Order, including, without limitation, jurisdiction to enforce and interpret the terms and conditions of the Plan and the Confirmation Order.

7.	This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

###

Submitted by:

Eyal Berger, Esq.
Florida Bar No. 0011069
eyal.berger@akerman.com
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL  33301
Tel:  954-463-2700 /Fax:  954-463-2224

Attorney Berger is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.